*[Handwritten annotation by Judge Hellerstein:]* The parties neglected to identify the issue of smaller accounts. The parties shall negotiate a reasonable threshold for complaint and report to me by joint letter by noon, Aug. 4, 2008. A reasonable enlargement of the time for performance will be ordered, to the extent appropriate. 8-1-08 /s/ AKH

## COVINGTON & BURLING LLP

THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
TEL 212.841.1000
FAX 212.841.1010
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN FRANCISCO
WASHINGTON

MARK P. GIMBEL
TEL 212.841.1151
MGIMBEL@COV.COM

*[Stamp:]* RECEIVED JUL 31 2008 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

*[USDC SDNY stamp: DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 8/1/08]*

July 31, 2008

**BY FACSIMILE**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *Rux v. ABN-AMRO, et al.*, No. 08 Civ. 6588 (S.D.N.Y.)

Dear Judge Hellerstein:

We represent Respondent Deutsche Bank A.G. ("Deutsche Bank"). I write on behalf of all Respondents to seek clarification of the Court's July 29, 2008 Order Regulating Proceedings (the "July 29 Order"), which directs Respondents to "transfer control of all contested funds" to the Court's registry by Tuesday, August 5 and then to serve notice on potential third party claimants to such funds. Because the deadline for the transfer of funds is imminent and there is an urgent need for clarification of the order, we are delivering this letter by facsimile in accordance with Rule I(B) of the Court's Individual Practices.

During the hearing held on May 28, 2008, the Court expressed its support for a "sequential procedure" that would focus turnover efforts in the first phase of this proceeding on a smaller group of more substantial accounts that raise fewer problems in terms of identifying and serving notice on third party claimants. May 28 Hearing Tr. at 18. The Court's June 26, 2008 order (the "Disclosure Order") laid out such a sequential procedure, limiting discovery in the first phase of the proceeding to deposit accounts whose value equaled or surpassed $50,000. In

COVINGTON & BURLING LLP

Hon. Alvin K. Hellerstein
July 31, 2008
Page 2

light of the Disclosure Order and the Court's comments at the hearing, Respondents assume that the Court's July 29 Order was intended to apply to the same deposit accounts worth $50,000 or more that have been the focus of the proceeding thus far. Respondents have taken steps to ensure that all such accounts are transferred to the Court's registry by August 5 in accordance with the order.

To avoid any confusion, however, we request that the Court confirm Respondents' understanding that the order was not intended to apply more broadly to the hundreds of other accounts identified in the turnover petition. If we have misunderstood the order, and Your Honor intended it to apply to all accounts at issue without regard to their value, we respectfully request that the Court convene a telephone conference to permit Respondents to raise their concerns regarding the scope of the order with the Court. The Petition seeks the turnover of nearly 500 accounts, many of which have negligible value. One hundred thirty of the accounts, for example, have values of less than $1,000, in many cases substantially less. The costs of identifying, notifying, and adjudicating the rights of all of the hundreds — if not thousands — of potential claimants to these accounts would be very substantial, as would the logistical difficulties of identifying and serving notice on all such claimants within 10 days as directed in the order. We also note that a broad reading of "contested funds" would require Respondents to pay into Court funds substantially in excess of Petitioners' judgment. For these reasons, both Petitioners and Respondents have from the outset of this proceeding agreed that it is reasonable to focus in the first instance on accounts exceeding a specified monetary threshold.

COVINGTON & BURLING LLP

Hon. Alvin K. Hellerstein
July 31, 2008
Page 3

*See, e.g.,* Petitioners' Letter dated June 23, 2008 (attaching proposed order limiting discovery to accounts with a value of $50,000 or more).

Finally, we respectfully request that the Court schedule a telephone conference to provide guidance concerning the form and scope of notice to be provided to third parties. In this regard, we note that the Petition contains confidential account information of numerous third parties. Accordingly, Respondents would like the Court's guidance on how best to provide notice of the Petition consistent with confidentiality concerns.

We thank the Court for its attention to this matter.

Respectfully,

Mark P. Gimbel

cc: Michael Bauer, Esq.
    Christine Bost-Seaton, Esq.
    Danielle S. Friedberg, Esq.
    Lawrence Ginsburg, Esq.
    Barry Glickman, Esq.
    Andrew C. Hall, Esq.
    Nicole Hyland, Esq.
    Matthew Leto, Esq.
    Howard Levi, Esq.
    Edward H. Rosenthal, Esq.
    Sharon Schneier, Esq.
    Paul Stecker, Esq.
    Jerome Walker, Esq.