**ARSHACK, HAJEK & LEHRMAN, PLLC**
1790 BROADWAY,    7TH FLOOR
NEW YORK, NEW YORK 10019

TEL: 212-582-6500
FAX: 212-459-0568

July 3, 2008

(By Fax – 212-805-7942)
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: In Re Petition of National Security Archives, et al.
          Misc. # 11-188   (Civil # is 08 Civ. 6588)

Dear Judge Hellerstein:

    Following my first correspondence to you I received a phone call from Sheila, of your chambers, who asked me to address two questions. 1) What is the Government's position with regard to our request to submit materials ex-parte and under seal and; 2) Why does the Greenglass family want to maintain the seal on the otherwise secret grand jury transcripts.

In response to the first question, I spoke with AUSA Andrew McNeela and after discussing the matter, I agreed that since the Government already has access to the grand jury materials which the Greenglass family wishes to maintain as secret, there is no harm in disclosing to the Government the rationale for maintaining that position. That being the case, the Greenglass family will agree that whatever materials are submitted to the court will also be submitted to the Government, but not to the Movants. Under these circumstances, Mr. McNeela authorized me to inform the court that the Government has no objection and takes no position to the request of the Greenglass family to submit materials to the court under seal and ex-parte as to the Movants.

    As for the second question, the answer really would be contained in the materials which we wish to provide to the court under seal and ex-parte. I explained that conundrum to Sheila and she suggested that I simply expand, a bit, on what the issues are. I am happy to do that.

    The circumstances that resulted in David Greenglass testifying in the grand jury in 1950 were complex and emotionally wrought. Mr. Greenglass's decision to

testify and the results of his testimony had far reaching implications on the outcome of the Rosenberg trial, his own criminal culpability and the lives of the members of his family. As a result of those events and, in particular, the decision to testify in the grand jury and the particular testimony which was provided, Mr. Greenglass and his family were thrust into an unwanted spotlight which has dogged their lives ever since. The unequivocal and complete promise of secrecy, afforded both by statute and directly by the Government, which attended Mr. Greenglass's testimony before the grand jury has, to date, provided the protection that the guarantee of secrecy is designed to provide. Mr. Greenglass's testimony before the grand jury was premised on certain promises from the Government. Those promises were adhered to and both the Government and Mr. Greenglass, and his family, derived the benefit of that agreement. Violating that promise of secrecy while the interests of those who were to be protected by those promises are still extant is without precedent.

      The Greenglass family would look forward to providing more detailed explanations of the issues involved if those submissions can be provided under the conditions requested. If there is no point in the court making this accommodation because the July 22, 2008 hearing will make unnecessary such a submission, we will understand if we do not receive a response to this request before the July 22, 2008 hearing.

Respectfully Submitted,

Daniel N. Arshack