

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

August 22, 2008

BY FAX AND ECF

Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

       Re:   <u>Rux v. ABN-AMRO, et al.</u>, 08 Civ. 6588 (AKH)

Dear Judge Hellerstein:

      We write respectfully on behalf of the Office of Foreign Assets Control ("OFAC"), a component of the United States Department of the Treasury, to request limited modification of the Court's order dated July 29, 2008 (the "Order"), which the Court modified in other respects by an order dated August 5, 2008.[1] The Government shares the parties' desire to achieve the promptest possible resolution of the matter and payment to petitioners, and does not seek to disturb the procedures adopted by the Court. As explained below, however, the requirement that parties transfer funds to a Court account is contrary to the regulations implementing the economic sanctions against the Government of Sudan. Transfer of the funds also does not appear necessary to the resolution of the issue presented – *i.e.,* the attachability of funds under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, Title II, § 201 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 note – on the schedule and according to the procedures established by the Court. Accordingly, the Government respectfully requests that the Order be modified in a single respect: to eliminate the requirement that the Respondent banks transfer the contested funds to a Court account. If necessary to permit the parties to respond and the Court to consider the matter, we respectfully request that the fund transfer requirement be stayed pending the Court's resolution of this request.

---

      [1] The undersigned counsel, on behalf of OFAC, file this letter pursuant to 28 U.S.C. § 517, which provides that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

Hon. Alvin K. Hellerstein
August 22, 2008
Page 2

<u>Legal and Procedural Background, and Nature of OFAC's Interest</u> - As the Court is
aware, the United States has imposed economic sanctions against Sudan pursuant to the
International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701, *et seq.*[2]  The
President declared a national emergency with respect to Sudan in November 1997, finding that
the policies and actions of the Government of Sudan, including continued support for
international terrorism, ongoing efforts to destabilize neighboring governments, and the
prevalence of human rights violations, including slavery and the denial of religious freedom,
constituted an unusual and extraordinary threat to the national security and foreign policy of the
United States.  The Sudanese sanctions regulations (the "SSR") are published at 31 C.F.R. Part
538 and include a trade embargo and economic freeze on Government of Sudan assets.  In
relevant part, the SSR block all assets found within the United States or in the possession or
control of a U.S. person in which the Government of Sudan has an interest. *See* 31 C.F.R. §§
538.201 (prohibiting transactions in blocked property of Government of Sudan), 538.301
(defining "blocked property" as "any account or property" that is "held in the name of the
Government of Sudan or in which the Government of Sudan has an interest. . .").  The SSR
define "property" and "property interest" very broadly to include, *inter alia*, ". . . any other
property, real, personal, or mixed, tangible or intangible, or interest or interests therein, present,
future, or contingent." 31 C.F.R. § 538.310.  Blocked assets may not be transferred, paid,
exported, withdrawn, or otherwise dealt in without authorization from OFAC. *See* 31 C.F.R. §
538.201 (prohibiting "transfer" of blocked property of Government of Sudan).  OFAC is
responsible for administering the Sudanese sanctions, and other economic sanctions programs
promulgated pursuant to IEEPA.

    The plaintiffs in this case hold a judgment from the United States District Court for the
Eastern District of Virginia against the Government of Sudan, and seek to collect under TRIA
from assets blocked under the blocking regulations described above.  Plaintiffs initiated this
action against holders of blocked assets (the "Respondent banks"), asking this Court to direct the
Respondent banks to satisfy plaintiffs' judgment out of assets that the Respondent banks hold
and that are blocked under the SSR.

    TRIA permits execution and attachment in aid of execution against certain blocked assets
by certain plaintiffs.  Plaintiffs, victims or survivors of victims of the terrorist bombing of the
U.S.S. Cole, hold a judgment against a terrorist party for a terrorist act.  They therefore may be
eligible under TRIA to execute against and attach some of the blocked assets that are held by the

---

    [2]  IEEPA authorizes the President, in times of national emergency originating in whole or
substantial part outside the United States as declared by the President pursuant to 50 U.S.C.
§ 1701, to "investigate, . . . regulate, direct and compel, nullify, void, prevent or prohibit, any . . .
transfer, withdrawal . . . or dealing in, or exercising any right, power, or privilege with respect to,
or transactions involving, any property in which any foreign country or a national thereof has any
interest . . . ." 50 U.S.C. §1702.

Hon. Alvin K. Hellerstein
August 22, 2008
Page 3

Respondent banks. OFAC fully recognizes and welcomes the Court's authority to determine that certain assets are properly subject to enforcement under TRIA.[3]

However, OFAC believes that a significant portion of the blocked assets at issue here likely are not subject to execution or attachment by plaintiffs because they are not assets of the Government of Sudan. This results from the broad regulatory definition of property "interest" described above, which can render assets not owned by the Government of Sudan subject to blocking. For example, many of the blocked assets are frozen wire transfers in which a blocked Sudanese entity – perhaps a bank – played some role, but in which the blocked Sudanese entity may be neither the sender nor the recipient of the funds. While such wire transfers are appropriately blocked pursuant to the SSR, experience shows that these wire transfers may well prove to be owned by persons not blocked under the SSR – and therefore not attachable under TRIA by the plaintiffs, who hold a judgment against Sudan. That is, the Government of Sudan may have an interest sufficient to render the asset subject to blocking under the SSR, but insufficient to be eligible for attachment under TRIA by plaintiffs holding a judgment against Sudan.

OFAC's interest in this matter is limited to ensuring that the SSR are complied with, pending this Court's resolution of plaintiffs' entitlement to specified blocked funds pursuant to TRIA. If and when the Court determines that plaintiffs are eligible to recover under TRIA against specific assets, then those specific assets may be recovered by plaintiffs.

Until and unless the Court determines that plaintiffs are entitled to recover specific funds under TRIA, however, the SSR require that all blocked funds remain in their current location unless transfer of the funds is authorized by OFAC. *See* 31 C.F.R. § 538.503 ("Any payment of funds or transfer of credit in which the Government of Sudan has any interest, that comes within the possession or control of a U.S. financial institution, must be blocked in an account on the books of that financial institution"; authorizing only transfer to another blocked account within the same institution). Moreover, any attachment, judgment, decree, lien, execution, garnishment, or other judicial process with respect to funds blocked under the SSR is null and void unless licensed or otherwise authorized pursuant to the SSR. *See* 31 C.F.R. § 538.202(e). Accordingly, the current order to transfer all contested blocked funds into a Court account is contrary to the

---

[3] On April 14, 2008, OFAC produced to plaintiffs a list of blocked asset information in response to plaintiffs' third-party subpoena. This list was produced pursuant to a protective order that was entered by the district court in the Eastern District of Virginia. *See Olivia Rux, et al. v. Republic of Sudan*, Case No. 2:04cv428 (E.D.V.A.), Doc. 109. In its production to plaintiffs, OFAC noted that it had made no determination and offered no opinion regarding legal title to the listed assets or whether such assets may be attachable by plaintiffs. OFAC simply produced certain blocked asset information to plaintiffs as it was reported to OFAC by holders of blocked assets.

Hon. Alvin K. Hellerstein
August 22, 2008
Page 4

SSR.

This matter is important to OFAC to preserve the integrity of its blocking programs, which prohibit the transfer of blocked funds – even to a court account. It is also important as a precedential matter, because any case in which a court directs a transfer of blocked assets without authorization by OFAC could be invoked as a precedent by a variety of future claimants seeking judicial relief from the effect of blocking regulations. These restrictions under the SSR and other sanctions regulations are necessary to ensure the preservation of blocked assets, in order, *inter alia*, to provide the President with the greatest possible leverage in negotiating an end to the national emergency underlying the blocking program. *See Dames & Moore v. Regan*, 453 U.S. 654, 673 (1981) ("This Court has previously recognized that the congressional purpose in authorizing blocking orders is 'to put control of foreign assets in the hands of the President . . . .'") (quoting *Propper v. Clark*, 337 U.S. 472, 493 (1949)).

The only other case, of which the United States is aware, where a court has sought to transfer blocked contested funds into a court account is *Alejandre v. Republic of Cuba*, Case No. 96-10126 (S.D. Fla.), where a bank affirmatively requested such a transfer. There, however, the Eleventh Circuit granted a stay of the transfer pending appeal at the request of the United States, recognizing that any transfer would "undercut the Government's comprehensive regulatory scheme and would deprive (even if only temporarily) the Government of an important foreign policy tool." *Alejandre v. Cuba*, Case No. 00-12990-I (11th Cir., July 27, 2000 Order). The Eleventh Circuit's decision is attached to this letter. *See also Weininger v. Castro*, 462 F. Supp. 2d 457, 500 (S.D.N.Y. 2006) ("[O]nly if execution is authorized by TRIA, as determined by this Court, can the blocked deposits that are subject to turnover be paid . . . .").

Furthermore, the transfer of the contested blocked assets to the Court's account appears unnecessary to all parties' shared goal of identifying assets that are properly subject to attachment under TRIA in this case, and of achieving the release thereafter of those funds to plaintiffs. Pursuant to OFAC's regulations, the Respondent banks are required to maintain all blocked assets in blocked accounts, 31 C.F.R. §§ 538.201, 538.503, and there is no reason to believe they will not continue to do so. We emphasize that the Government recognizes and welcomes the Court's authority to determine which specific funds are eligible for TRIA attachment by plaintiffs here, and that the Government has no desire to disturb the procedures implemented by the Court to identify assets for release to plaintiffs.

Accordingly, we respectfully request that the order be modified by deleting the requirement that contested funds be transferred to the Court by August 25. We understand that most banks have not yet transferred funds pursuant to the Order, and we request prompt consideration of this application, or, at a minimum, a stay of the August 25 transfer deadline imposed by the Order pending further consideration of the transfer requirement. To the extent that any bank already has transferred funds pursuant to the Order, we request that we be informed

Hon. Alvin K. Hellerstein
August 22, 2008
Page 5

of the transferor, account name, and amounts and dates of transfer so that OFAC may license return of the funds appropriately to the bank or the banks from which they came.

    Thank you for your consideration of these matters.

                   Respectfully,

                   MICHAEL J. GARCIA
                   United States Attorney

By:           _____
                   JOHN D. CLOPPER
                   DAVID S. JONES
                   Assistant United States Attorneys
                   Tel.: (212) 637-2716 / 637-2739
                   Fax: (212) 637-2702

cc (by email): Counsel on attached service list

NIGHT BOX
FILED

JUL -3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

MARLENE ALEJANDRE, individually
and as personal representative
of the Estate of ARMANDO
ALEJANDRE, deceased,

           Plaintiff,

v.

THE REPUBLIC OF CUBA and
THE CUBAN AIR FORCE,

           Defendants,

v.

AT&T CORP., AT&T OF PUERTO RICO,
INC., GLOBAL ONE COMMUNICATIONS,
L.L.C., SPRINT CORP., WILTEL, INC.,
TELEFONICA LARGA DISTANCIA
DE PUERTO RICO, INC., MCI
INTERNATIONAL, INC., IDB WORLDCOM
SERVICES, INC., MCI WORLDCOM, INC.,
CITIGROUP, INC., and its subsidiaries,
and THE CHASE MANHATTAN CORP.,
and its subsidiaries,

           Garnishees,

...................................................................

UNITED STATES OF AMERICA,

           Intervenor.

Case No. 96-10126-Civ-King

**NOTICE OF ORDER OF UNITED
STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

MIRTA MENDEZ, as personal
representative of the Estate of
CARLOS ALBERTO COSTA, deceased,

           Plaintiff,

v.

THE REPUBLIC OF CUBA and
THE CUBAN AIR FORCE,

           Defendants,

v.

Case No. 96-10127-Civ-King

AT&T CORP., AT&T OF PUERTO RICO,
INC., GLOBAL ONE COMMUNICATIONS,
L.L.C., SPRINT CORP., WILTEL, INC.,
TELEFONICA LARGA DISTANCIA
DE PUERTO RICO, INC., MCI
INTERNATIONAL, INC., IDB WORLDCOM
SERVICES, INC., MCI WORLDCOM, INC.,
CITIGROUP, INC., and its subsidiaries,
and THE CHASE MANHATTAN CORP.,
and its subsidiaries,

    Garnishees,

...........................................................................

UNITED STATES OF AMERICA,

    Intervenor.

_____

MARIO T. DE LA PEÑA and MIRIAM       Case No. 96-10128-Civ-King
DE LA PEÑA, individually and as
personal representatives of the
Estate of MARIO M. DE LA PEÑA,
deceased,

    Plaintiff,

v.

THE REPUBLIC OF CUBA and
THE CUBAN AIR FORCE,

    Defendants,

v.

AT&T CORP., AT&T OF PUERTO RICO,
INC., GLOBAL ONE COMMUNICATIONS,
L.L.C., SPRINT CORP., WILTEL, INC.,
TELEFONICA LARGA DISTANCIA
DE PUERTO RICO, INC., MCI
INTERNATIONAL, INC., IDB WORLDCOM
SERVICES, INC., MCI WORLDCOM, INC.,
CITIGROUP, INC., and its subsidiaries,
and THE CHASE MANHATTAN CORP.,
and its subsidiaries,

    Garnishees,

...........................................................................

UNITED STATES OF AMERICA,

    Intervenor.

## NOTICE OF ORDER OF UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

The United States hereby notifies the Court that, on June 27, 2000, the United States Court of Appeals for the Eleventh Circuit granted the United States' Emergency Motion for Stays Pending Appeal, filed in that court on June 9, 2000, and stayed this Court's Orders of April 18, 2000 (DE #686),[1] and June 8, 2000 (DE #763) insofar as they affect "blocked" accounts held by Chase Manhattan Bank. A copy of the Eleventh Circuit's order is attached to this notice.

The parties previously agreed that the Eleventh Circuit's ruling on the United States' Emergency Motion should govern this Court's disposition of the United States' Emergency Motion for Stay Pending Appeal (DE #779), and Chase Manhattan's Second Emergency Motion to Pay Funds Into Court Registry (DE #784). See June 20, 2000, Order Granting Chase Manhattan's Second Emergency Motion to Pay Funds Into Court Registry and Temporarily Staying Order (DE #785). Accordingly, the United States respectfully requests that the Court stay execution of its final judgment entered June 2, 2000, entitled Order Affirming Magistrate Judge; Granting Plaintiffs' Motion for Summary Judgment and Entering Final Judgment for $6,813,479 Plus Accrued Interest (DE #752), pending the outcome of the appeal of that Order. The United States also requests that the Court stay enforcement of its Order dated June 20, 2000, entitled Order Granting Chase Manhattan's Second Emergency Motion to Pay Funds Into Court Registry and Temporarily Staying Order (DE #785), pending the outcome of the foregoing appeal. Plaintiffs' counsel and Chase's counsel have informed counsel for the United States that they have no objection to the Court entering such an order.

---

[1] Docket numbers are given for Case No. 96-10126.

Respectfully submitted,

DAVID J. ANDERSON
VINCENT M. GARVEY
CAROL FEDERIGHI
Attorneys, Department of Justice
Civil Division, Federal Programs Branch - Room 862
901 E Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-1903
Fax: (202) 616-8460

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2000, true and correct copies of the foregoing Notice of Order of United States Court of Appeals for the Eleventh Circuit were sent by first-class mail and by fax to each of the following:

Roberto Martinez
Colson, Hicks, et al.
200 S. Biscayne Blvd.
Suite 4700
Miami, FL 33131
Fax: (305) 374-4796

Francisco R. Angones
Angones, Hunter, et al.
66 West Flagler St.
Miami, FL 33130
Fax: (305) 371-3948

Victor Diaz
Podhurst, Orseck, Josefsberg, et al.
1201 City National Bank Bldg.
25 West Flagler St.
Miami, FL 33130
Fax: (305) 358-2382

Joel Perwin
Podhurst, Orseck, Josefsberg, et al.
1201 City National Bank Bldg.
25 West Flagler St.
Miami, FL 33130
Fax: (305) 358-2382

Ronald W. Kleinman
Greenberg Traurig
800 Connecticut Ave. NW, Suite 500
Washington, DC 20006
Fax: (202) 331-3101

Thomas Meeks
Walter Tache
Zuckerman Spaeder Taylor & Evans LLP
Miami Center, Suite 900
201 So. Biscayne Blvd.
Miami, FL 33131-4326
Fax: (305) 579-9749

Donald J. Hayden
Anthony J. O'Donnell, Jr.
Laura K. Wendell
Baker & McKenzie
1200 Brickell Ave., 19th fl.
Miami, FL 33131
Fax: (305) 789-8953

Michael Krinsky
Rabinowitz, Boudin, et al.
740 Broadway at Astor Place, 5th floor
New York, NY 10003
Fax: (212) 674-4614

David J. George
Proskauer Rose LLP
One Boca Place, Suite 340 West
2255 Glades Road
Boca Raton, FL 33431-7360
Fax: (561) 241-7145

Dennis M. Campbell
Thomas Muraro Razook & Hart, P.A.
One Southeast Third Avenue
17th floor
Miami, FL 33131
Fax: (305) 374-1005

Maria D. Pizarro Figueroa
Apartado 70325
San Juan, P.R. 009036-8325
Fax: (787) 749-5880

Laura Besnivick
Hogan & Hartson LLP
One Biscayne Tower, Suite 1500
2 South Biscayne Blvd.
Miami, FL 33131
Fax: (305) 372-8921

William N. Withrow, Jr.
Troutman, Sanders, LLP
5200 NationsBank Plaza
600 Peachtree St. N.E.
Atlanta, GA 30308-2216
Fax: (404) 962-6726

Terry Gross
Gross & Belsky, L.L.P.
1 Maritime Plaza #1040
San Francisco, CA 94111
Fax: (415) 544-0201

CAROL FEDERIGHI

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT



No. 00-12990-I

**MARLENE ALEJANDRE, individually and as personal representative of the Estate of Armando Alejandre, deceased,**
**MIRTA MENDEZ, as personal representative of the estate of Carlos Alberto Costa, deceased,**
**ET AL.,**

                                          **Plaintiffs–Counter-Defendants–Third-Party-Plaintiffs-Appellees,**

    versus

**AT&T CORPORATION,**

                                           **Garnishee-Third-Party Defendant ,**

**CHASE MANHATTAN,**

                                           **Garnishee-Counter-Claimant-Third Party Defendant-Appellee,**

**UNITED STATES OF AMERICA,**

                                           **Intervenor-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Florida**

---

**Before EDMONDSON, HULL and WILSON, Circuit Judges.**

## BY THE COURT:

The United States (the "Government") has filed an emergency motion to stay district court orders pending appeal. Plaintiffs have filed a motion to dismiss the appeal brought by the Government. The Government's emergency motion for stay pending appeal is GRANTED. Plaintiffs' motion to dismiss the appeal is CARRIED WITH THE CASE.

**2**

I.

Plaintiffs, in 1997, obtained a $187.6 million default judgment against the Cuban government. Alejandre v. Republic of Cuba, 996 F.Supp. 1239, 1253-54 (S.D. Fla. 1997). Since receiving that judgment, Plaintiffs have attempted to satisfy the judgment by seeking writs of execution against different Cuban assets located in the United States.[1] With Plaintiffs' efforts, the district court, on 18 April 2000, issued execution against two accounts – held by Chase Manhattan Bank ("Chase") – in which certain Cuban entities have an interest.[2] On 8

---

[1] Plaintiffs first attempted to satisfy the judgment by executing against funds belonging to Empresa de Telecomunicaciones de Cuba, S.A., a Cuban corporation. That attempt, however, proved unsuccessful. See Alejandre v. Telefonica Larga Distancia de Puerto Rico, Inc., 183 F.3d 1277 (11th Cir. 1999).

[2] The district court entered judgment and issued execution against Chase account no. G00876 (the "AT&T Long-Lines" account) in the amount of $29,726,800.00. The district court also entered judgment and issued execution against Chase account no. 395-507995 (the "Empresa de Telecomunicaciones" account) in the amount of $7,872,512.00.

3

June 2000, the district court directed Chase to pay monies from those accounts into the district court registry.

The Government opposed the issuance of execution against the accounts. Because the Chase accounts are "blocked" accounts under the Cuban Assets Control Regulations, the Government contended that no judicial process may issue against the accounts. Plaintiffs responded that, under 28 U.S.C. § 1610(f)(1), judicial process <u>can</u> issue against the accounts. The Government replied that, because the President – acting pursuant to the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. No. 105-277, § 117(d) – has waived 28 U.S.C. § 1610(f)(1), the accounts remain immune from judicial process. Plaintiffs then asserted that the presidential waiver was ineffectual under the law. The district court agreed with Plaintiffs. The Government's appeal centers around this issue: whether the presidential waiver of 28 U.S.C. § 1610(f)(1) was, in reality, ineffectual.

4

Because the district court ordered Chase to transfer the funds from the blocked accounts to the district court registry – and because such a transfer would deprive the Government of control over the funds – the Government has moved this Court for a stay of the district court's orders pending appeal.[3]

## II.

In considering a motion for a stay pending appeal, we examine four elements: (1) whether the movant is likely to prevail on the merits of his appeal; (2) whether, if we do not issue a stay, the movant will suffer irreparable harm; (3) whether, if we issue a stay, any other party will suffer substantial harm; and (4) whether a stay would serve the

---

[3] Plaintiffs, in response, have moved to dismiss the Government's appeal. Plaintiffs contend that, although the Government – at one time – was permitted to intervene in this case, the Government later withdrew. So, Plaintiffs say, the Government is no longer a party to this case. Plaintiffs argue that, as a non-party, the Government's notice of appeal was ineffectual. We decline, at this time, to decide Plaintiffs' motion to dismiss. Instead, the motion to dismiss will be carried with the case. The parties may address the Government's status in this case in the merits briefs.

public interest. See In re Grand Jury Proceedings, 975 F.2d 1488, 1492 (11th Cir. 1992). Although the first element is generally the most important, the movant need not always show that he probably will succeed on the merits of his appeal. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). Instead, where the "balance of the equities weighs heavily in favor of granting the stay," the movant need only show a "substantial case on the merits." Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981).

### III.

Here, the Government has presented a "substantial case on the merits." This Court has not decided whether the President may waive the provisions of 28 U.S.C. § 1610(f)(1) – permitting judicial process to issue against certain "blocked" accounts – under section 117 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999.

6

Nor has another federal circuit court addressed the issue. Although the district court in this case rejected the Government's waiver argument, that same argument has been accepted by another federal district court. See Flatow v. Islamic Republic of Iran, 76 F.Supp.2d 16, 26-27 (D.D.C. 1999). And, it is not obvious that the Flatow court's reasoning – and the Government's argument – is wrong. We think that the Government has presented a "substantial case on the merits."

IV.

The equities seem to weigh heavily in favor of a stay pending appeal. The Government carefully regulates the transfer of funds to and from "blocked" accounts. See, e.g., 31 C.F.R. § 515.203. And, the Government utilizes its control of "blocked" accounts to effectuate foreign policy: the "blocked" accounts are used as leverage by the Government in dealing with foreign governments having an interest in the accounts. An undue transfer

7

of funds from a "blocked" account — under the auspices of judicial process — would undercut the Government's comprehensive regulatory scheme and would deprive (even if only temporarily) the Government of an important foreign policy tool. See Pres. Determ. No. 99-1, 63 Fed Reg. 59201 (1998). An undue transfer also could make foreign governments lose confidence in the Government's ability to protect the assets of foreign governments that are located in the United States. Because federal courts must be especially hesitant to interfere with the Government's conduct of foreign affairs, we believe a stay pending appeal is appropriate.

In addition, we think that Plaintiffs would not be much injured by a stay. The Government has represented to this Court that, during the pendency of this appeal, the pertinent funds will neither be transferred nor otherwise disposed. In other words, if Plaintiffs prevail upon this appeal, the funds will be available to Plaintiffs. We see no good reason to disbelieve the Government's representations.

8

## V.

For these reasons, the district court's orders of 18 April 2000 and 8 June 2000 – insofar as they affect "blocked" accounts held by Chase – are STAYED pending this appeal. The Government's motion is GRANTED. And, Plaintiffs' motion to dismiss is CARRIED WITH THE CASE.

IT IS SO ORDERED.

9

## CERTIFICATE OF SERVICE

I, John D. Clopper, an Assistant United States Attorney for the Southern District of New York, hereby certify that on August 22, 2008, I caused a copy of the foregoing letter to The Honorable Alvin K. Hellerstein to be served upon the following by email:

Andrew C. Hall
Hall, Lamb, & Hall, P.A.
2665 South Bayshore Drive
Miami, FL 33131-9113
(305) 374-5030
Email: AndyHall@hlhlawfirm.com
*Attorney for Petitioner*

Edward Henry Rosenthal
Frankurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212) 980-0120
Email: erosenthal@fkks.com
*Attorney for Petitioner*

Nicole Isobel Hyland
Frankurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212) 826-5552
Email: nhyland@fkks.com
*Attorney for Petitioner*

Danielle Sandra Friedberg
Moses & Singer LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
(212) 554-7839
Email: dfriedberg@mosessinger.com
*Attorney for ABN-AMRO Bank, N.V.*

Barry Jay Glickman
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022
(212) 223-0400
Email: bglickman@zeklaw.com
*Attorney for American Express Bank, Ltd.*

Howard B. Levi
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
(212) 308-6100
Email: hlevi@llf-law.com
*Attorney for Bank of New York*
*Attorney for J.P. Morgan Chase Bank, N.A.*

Michael J. Bauer
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
(212) 308-6100
Email: mbauer@llf-law.com
*Attorney for Bank of New York*
*Attorney for J.P. Morgan Chase Bank, N.A.*

Jerome Walker
Troutman Sanders LLP (NYC)
405 Lexington Avenue
New York, NY 10174
(212) 704-6286
Email: Jerome.walker@troutmansanders.com
*Attorney for Bank of China*

Christina Bost-Seaton
Troutman Sanders LLP (NYC)
405 Lexington Avenue
New York, NY 10174
(212) 704-6440
Email: Christina.bost-seaton@troutmansanders.com
*Attorney for Bank of China*

Sharon L. Schneier
Davis Wright Tremaine LLP (NYC)
1633 Broadway
27th Floor
New York, NY 10019
(212) 489-8230
Email: sharonschneier@dwt.com
*Attorney for Citibank, N.A.*

Mark Putnam Gimbel
Covington & Burling LLP (NYC)
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
Email: mgimbel@cov.com
*Attorney for Deutsche Bank A.G.*

Paul Kenneth Stecker
Phillips Lytle LLP (Madison Ave.)
3400 HSBC Center
Buffalo, NY 14203
(716) 847-8400
Email: PStecker@phillipslytle.com
*Attorney for HSBC Bank USA, N.A.*

Shari Debra Leventhal
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045
(212) 720-6088
(212) 720-5018
Email: Shari.Leventhal@ny.frb.org
*Attorney for Federal Reserve Bank of New York*

John D. Clopper