# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS

17TH FLOOR

NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

*Time is enlarged to Sep. 2, 2008.*
*8-25-08*
*[signature]*

August 22, 2008

**VIA FEDERAL EXPRESS**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

    Re:    Rux v. ABN-AMRO Bank, Case No. 08 Civ. 6588 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

       We represent respondent JPMorgan Chase Bank, N.A. ("JPMCB") in the above-referenced special proceeding. We have just discovered that one of the accounts that has been treated by JPMCB as a blocked account pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538, is in fact at a branch of JPMCB located in London, England. We hereby request that JPMCB be given an additional week, until September 2, 2008, to determine whether the proceeds of this account are subject to this Court's ruling that funds in blocked accounts "equal to or exceeding $50,000 in value" must be "deposited into the Registry of the Court" by August 25, 2008.

       JPMCB intends to comply fully and in good faith with the provisions of this Court's order dated July 29, 2008, as modified on August 5, 2008 (the "Deposit Order"), that require the deposit of such funds into the Court's Registry. JPMCB is holding more than $8 million in three blocked deposit accounts and twenty-three blocked wire transfer accounts in New York City that exceed $50,000 in value, and the funds held in all of those accounts will be deposited into the Registry of the Court on Monday, August 25, 2008 (unless this Court grants the request of the Office of Financial Assets Control ("OFAC") of the United States Department of the Treasury to stay the deposit of such funds with the Court, as set forth in a letter from OFAC's counsel to Your Honor of today's date).

       My firm just learned yesterday, however, that a twenty-fourth blocked wire transfer account in the amount of approximately $109,000, which we disclosed to Petitioners on April 14, 2008 in supplemental responses to their discovery demands, is actually being held at a branch of JPMCB located in London, England. As a general rule, a writ of execution issued and served on a bank within the State of New York reaches only funds being held at bank branches

Hon. Alvin K. Hellerstein
August 22, 2008
Page 2

located within the New York State, and not funds at branches at other countries. See, e.g., Motorola Credit Corp. v. Uzan, 288 F. Supp.2d 588 (S.D.N.Y. 2003) (refusing to order the transfer into the Registry of this Court of funds held in foreign branches of JPMCB and other banks); Fidelity Partners, Inc. v. Phillippine Export Corp., 921 F. Supp. 1113, 1120-21 (S.D.N.Y. 1996) ("Fidelity may not obtain an order of . . . execution from a New York court [including a federal court sitting in New York State] against . . . [bank] accounts . . . maintained at [the bank's] Manila office"); Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610 (the statutory exemptions that permit the execution of a judgment against property of a foreign state, notwithstanding sovereign immunity, apply only to "property in the United States"). In light of these facts, we request a one-week extension, until September 2, 2008 (Monday, September 1 is Labor Day), of the deadline for JPMCB to deposit into Court the proceeds of this particular account, which is held at a London branch, in order that we may explore the situation more fully and make an application to the Court to exempt this account from the Deposit Order if that seems appropriate.

                                            Respectfully submitted,

                                            Howard B. Levi    (By JKN)

hbl/jkn
cc:     All counsel (by e-mail and mail)