UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| OLIVIA RUX, et al., | : | Case No. 08 Civ. 6588 (AKH) |
| Petitioners, | : | |
| -against- | : | |
| ABN AMRO BANK, N.V., et al., | : | **AFFIDAVIT** <br> **OF TRANSLATION** |
| Respondents. | : | |

------------------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Imene Reda, being duly sworn, deposes and says:

1. I, Imene Reda, have been working at TransPerfect for 07 months as a Production Coordinator, and I have coordinated and reviewed numerous Arabic translation projects in that time, including the translation of the accompanying document.

2. I hereby certify that to the best of my knowledge and belief, the accompanying document is a true and accurate translation from English into Arabic of the Notice of Lawsuit dated September 9, 2008, relating to the above-captioned lawsuit, and that the translation was prepared by a translator who was qualified to make such translations, as reflected in the attached copy of such person's resume on file with TransPerfect.

_____
Imene Reda

Sworn to before me this 4th
day of September, 2008

_____
Notary Public

Stephanie Dill
Notary Public, State of New York
No. 01DI6180934
Qualified in NEW YORK County
Commission Expires Jan 22, 2012



TRANSPERFECT

## LINGUIST PROFILE

| Linguist ID: | MONA0003 |
|---|---|
| **Language specializations:** | |
| *-Pairs* | *English into Arabic* |
| *-Field* | **Legal; International Relations** |
| **Native Language:** | **Arabic** |
| **Formal Education:** | *2004*<br>**Australian College of Journalism**, Artarmon, NSW<br>*Diploma, Editing and Proofreading*<br><br>*1994*<br>**Tokyo International University**, Saitama, Japan<br>*M.A., International Relations*<br><br>*1989*<br>**Cairo University**, Cairo, Egypt<br>*B.A., Mass Communication and Journalism* |
| **Work/Linguistic Experience:** | |
| *-Details and Description* | *1994-Present*<br>**VARIOUS CLIENTS**, Giza, Egypt<br>*Freelance Translator/Editor/Proofreader*<br>Translation, editing, and proofreading of numerous documents in the following fields:<br>• Law<br>• Contracts<br>• Politics<br>• Foreign Aid<br>• Economics<br>• Globalization<br>• International Relations<br>• Communication<br>• Sociology<br>• Health<br>• Broadcast Journalism<br><br>*1998 - 2003*<br>**FAMILY HEALTH INTERNATIONAL (FHI)**, Cairo, Egypt |

The information provided herein is intended for the sole purpose of providing relevant information as to the background of one specific linguist. The content of the linguist profile may result from direct or indirect engagements, may be current or historical, and the work described may or may not have been performed on behalf of TransPerfect Translations.

| | |
|---|---|
| | *Project Coordinator/Program Officer/ Translator*<ul><li>Prepared financial and narrative reports on the FHI/Cairo activities.</li><li>Translated, edited, and proofread newsletters, brochures, pamphlets and final reports on the program activities.</li><li>Coordinated external communications with USAID.</li></ul>*October 1995 – April 30, 1998*<br>**Environmental Quality International - (EQI)**, Cairo, Egypt<br>*Administrative Assistant/Assistant Conference Coordinator*<ul><li>Organized conferences for the Egyptian Environmental Affairs Agency (EEAA) nationwide awareness campaign.</li><li>Designed and translated media materials for brochures and television commercials</li></ul>*1990 – 1991*<br>**Japanese News Agency (JIJI Press)**, Cairo, Egypt<br>*In-house Translator*<br>Translations including but not limited to:<ul><li>Newspaper articles</li><li>Radio programs</li><li>Television news</li></ul>*1989 - 1990*<br>**Japanese Institute of Middle Eastern Economies (JIME)**, Cairo, Egypt<br>*Executive Secretary to Chief Representative*<ul><li>Served as Editor-in-Chief of the Institute's publication, JIME Review.</li><li>Translated and proofread numerous articles.</li></ul> |
| *-Partial Client List* | **Family Health International; Omni Services; UNIFEM; UNESCO; The Ford Foundation; Hilton Hotels; Barclays Bank; Xerox; Alcatel; Bechtel; FBIS; Akin, Gump, Strauss, Hauer & Feld; Baker & McKenzie; Cleary Gottlieb Steen & Hamilton; Commercial Law Development Program; DLA Piper US; Nolan Law Group; Sullivan & Cromwell; United Nations; United States Marine** |

The information provided herein is intended for the sole purpose of providing relevant information as to the background of one specific linguist. The content of the linguist profile may result from direct or indirect engagements, may be current or historical, and the work described may or may not have been performed on behalf of TransPerfect Translations.

**إلى:** هؤلاء الأفراد أو الهيئات الذين قد يدعون بوجود مصلحة في الأموال المجمدة نتيجة للأنظمة المؤثرة على جمهورية السودان

يتم إرسال هذا الإخطار القضائي لك لإبلاغك بوجود دعوى قضائية معلقة في محكمة الولايات المتحدة، المقاطعة الجنوبية من نيويورك والتي قد ينتج عنها حيازة ومصادرة أموال قد تكون لك مصلحة فيها لتطبيق الحكم الصادر ضد جمهورية السودان من أصول تلك الدولة أو وكالائها وأدواتها. وتتضمن هذه الأموال المبالغ المودعة في بنك .ABN-AMRO Bank N.V، بنك أمريكان إكسبرس المحدود، بنك أوف أمريكا .Bank of America N.A، بنك نيويورك Bank of New York Mellon، بنك الصين، سيتي بنك .CITIBANK N.A، دويتشه بنك .Deutsche Bank A.G، بنك .HSBC Bank USA N.A، و بنك .JPMORGAN CHASE N.A ("البنوك المدعى عليها") في حسابات مصرفية معينة تم تجميدها بما يتماشى والأحكام التي أصدرتها وزارة الخزينة في الولايات المتحدة. كما تتضمن المبالغ الناتجة عن تحويلات مصرفية معينة وتم تجميدها طبقاً لتلك الأحكام. تشير السجلات المصرفية إلى أنه قد يكون لديك مصلحة في الأموال الموجودة في واحد أو أكثر من تلك الحسابات المجمدة و/أو أنك ربما كنت طرفاً، سواء بصفتك بنك المنشأ، أو بنك وسيط، أو البنك المستفيد، أو كالمنشأ أو المستفيد من واحد أو أكثر من تلك التحويلات المصرفية المجمدة.

**لقد قامت محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك بأمر البنوك المدعى عليها بإيداع جميع الأموال التي كانت موضوعة في الحسابات المجمدة بإجمالي 50000 دولار أو أكثر، أو التي شكلت إجمالي التحويلات المصرفية المجمدة المتعلقة بـ 50000 دولار أو أكثر لدى المحكمة. كما يمكن أن تأمر المحكمة بتسليم تلك الأموال لتطبيق الحكم ما لم تتحرك أنت لتأكيد حقك في هذه الأموال بتقديم أدلة مناسبة تثبت بأن هذه الأموال ليست مملوكة للسودان، أو وكالاتها، أو أدواتها. وعليك أن تتحرك خلال ستين يوماً من تاريخ هذا الإخطار لحماية الحقوق، إن وجدت، التي قد تكون لديك فيما يتعلق بتلك الأموال.**

والحكم الذي يتم تطبيقه الآن ناجم عن دعوى قضائية ضد جمهورية السودان كما يتم شرحها أدناه. وفي الدعوى القضائية المرفوعة في محكمة المقاطعة بالولايات المتحدة، المقاطعة الشرقية من فيرجينيا ("محكمة فيرجينيا")، حصل الممثلون الشخصيون لأعضاء البحرية الأمريكية ("مقدم الدعوى") الذين قتلوا في تفجير السفينة الأمريكية U.S.S. Cole في ميناء عدن في اليمن في 12 أكتوبر 2000 على حكم بتعويضات مالية وتعويضات عن الأضرار من السودان على أساس مسؤولية السودان القانونية على الهجوم. وتصل قيمة هذا الحكم إلى 12.275.860.00$ دولار (شاملة الفائدة حتى 25 يوليو 2007).

ثم قام المحكوم لهم بعد ذلك برفع دعاوى قضائية في محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك في أبريل ويوليو من عام 2008 (المعروفة جماعة باسم "دعوى نيويورك القضائية") في محاولة لتحصيل الأموال لتنفيذ الحكم. وقد رُفعت دعوى نيويورك القضائية ضد مدعى عليهم، متضمنين البنوك المدعى عليها على أساس إدعاء مقدم الدعوى باحتفاظهم بأموال تمتلكها جمهورية السودان ووكالاتها،

2

وأدواتها، ويجب تسليمها لمقدم الدعوة لسداد المبلغ المستحق بناء على الحكم. ويصل المبلغ الذي يطالب به مقدم الدعوى، شاملاً الفائدة وتكاليف ومصروفات دعوى فيرجينيا القضائية إلى ما يزيد على 13 مليون دولار. وقد قامت البنوك المدعى عليها بتجميد تلك الحسابات لأنهم كانوا مطالبين بذلك بناء على الأمر التنفيذي الصادر عن رئيس الولايات المتحدة بتاريخ 5 نوفمبر 1997 وأحكام العقوبات السودانية التي أصدرتها وزارة الخزينة بالولايات المتحدة.

أمرت محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك، البنوك المدعى عليها بتحويل الأموال التي تحتفظ بها في حسابات الإيداع المجمدة وحسابات التحويلات المصرفية المجمدة بمبلغ إجمالي لا يقل عن 50000 دولار إلى سجل المحكمة في موعد أقصاه 25 أغسطس 2008 ليتم الاحتفاظ بها وتوزيعها على مقدم الدعوى بالحد المناسب.

**أصدرت محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك حكما بوجوب قيام أي شخص أو هيئة تدعي بامتلاكها أو بوجود مصلحة لها في أي من الأموال المودعة لدى المحكمة، بتقديم اعتراضات خطية خلال ستين يوماً من تاريخ هذا الإخطار. ويجب تقديم تلك الاعتراضات خطيا، ويجب أن يتم في تلك الاعتراضات تحديد الحسابات التي تدعي بوجود مصلحة لك فيها وأن تعرض الأسس الواقعية لدعواك، كما يجب أن تقوم أنت أو أحد المسؤولين في مؤسستك، أو محاميك بتوقيعها. ويجب عليك تقديم مثل تلك الاعتراضات إلى محاميّ مقدمي الدعوة ومحاميّ أي من البنوك المدعى عليها في العناوين المذكورة في الجدول في نهاية هذا الإخطار، وكذلك إلى محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك.**

3

وينصح بشدة بأن تستشير محامياً وأن تحصل على النصح القانوني بشأن الإجراء الذي يجب عليك اتخاذه. كما يمكنك أيضاً طلب الأذن من المحكمة بالتدخل في دعوى نيويورك القضائية وأن تصبح طرفاً في الدعوى القضائية لجميع الأغراض.

وبغض النظر عما تقرر القيام به، فمن المهم أن تتحرك بسرعة. فإذا لم تقم بتقديم اعتراضات خطية أو طلب للتدخل خلال ستين يوماً من تاريخ هذا الإخطار، فيمكن لمحكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك، تقرير تنازلك وفقدان حقك في تقديم مطالبة بتلك الأموال التي تم إيداعها في سجل المحكمة. وفي هذه الحالة، يمكن للمحكمة تسليم تلك الأموال إلى مقدم الدعوى لتنفيذ الحكم. كما يمكن لمحكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك أيضاً أن تصدر حكماً بتسريح وإخلاء مسؤولية بنوك نيويورك من أي التزام بالاحتفاظ بتلك الأموال في تلك الحسابات لك أو بدفع تلك الأموال لك. إذا أردت التأكيد على حقوقك في الأموال المودعة لدى المحكمة، إن وجدت، فيجب عليك تقديم اعتراضات خطية أو اتخاذ إجراء آخر مناسب خلال الموعد النهائي للستين يوماً.

إذا قمت بتقديم الاعتراضات في الوقت المناسب، فيمكن للمحكمة عقد جلسة تحكيم لتحديد ما إذا كان لديك مطالبة حقيقية. وستعقد الجلسة في غرفة المحكمة رقم 14د في مبنى محكمة دانييل باتريك موينيهان بالولايات

4

المتحدة، الواقع في 500 شارع بيرل، نيويورك، نيويورك، في تاريخ تالي لـ 5 نوفمبر 2008 لم يحدد بعد. إذا كنت قد قمت بالفعل بتقديم اعتراضات خطية أو بالتدخل في جلسات المحاكمة، فأنت مدعو لحضور جلسة الاستماع، بنفسك، أو من خلال محامي، وتقديم دليل مناسب على مطالباتك. ويجب عليك الظهور للمحافظة على أية مطالبة قد تكون لديك لأي من الأموال المودعة لدى المحكمة.

مرفق بهذا الإخطار نسخ من العريضة والوثائق ذات العلاقة المقدمة من مقدم الدعوة للبدء في قضية نيويورك وأحكام المحكمة الآمرة للبنوك المدعى عليها بتحويل الأموال إلى سجل المحكمة ووضع الإجراءات لتقديم الاعتراضات وتحديد حقوق الأشخاص ذوي المصلحة. ويتم إرسال هذه الوثائق إليك لأن سجلات واحد أو أكثر من البنوك المدعى عليها تشير إلى احتمال وجود مصلحة لك في الأموال المودعة لدى المحكمة. وتعرض الأدلة هـ-1 إلى هـ-8 المرفقة في الدعوى القضائية (بالإضافة إلى الدليل هـ الذي يعرّف الحسابات المجمدة في بنك أوف أمريكا .Bank of America N.A) جميع الحسابات المجمدة محل النزاع في قضية نيويورك. ولا تقدم هذه الوثائق لك بالكامل لأنها تقع تحت أمر احترازي، ولكن الوثائق المرفقة تتضمن وثائق أو معلومات تعرّف الحسابات المصرفية والتحويلات المصرفية التي قد يكون لك مصلحة فيها، للحد الذي تمكنت به البنوك المدعى عليها من تحديد تلك الحسابات والتحويلات.

كما يمكن أن تكون قد تلقيت أيضاً إخطاراً عن التماس الطرف الثالث والتماس الطرف الثالث مع هذا الإخطار بدعوى قضائية. يحدد إخطار الالتماس موعد ومكان جلسة الاستماع للمطالبات الواردة في التماس الطرف الثالث. ويجب عليك أيضاً أن تقدم رداً على الالتماس وأية شهادات خطية بقسم داعمة للأطراف المحددة في إخطار الالتماس.

5

قبل الموعد المحدد لجلسة الاستماع بيومين على الأقل، وذلك لحماية حقوقك، إن وجدت، فيما يتعلق بالمطالبات الواردة في التماس الطرف الثالث. الرجاء مراعاة أن التماس (التماسات) الطرف الثالث التي تلقيتها قد لا يغطي جميع الأموال التي قد يكون لك مطالبة فيها. ولحماية حقوقك، في جميع تلك الأموال إن وجدت، يجب عليك أيضاً تقديم اعتراضات كما هو موضح في هذا الإخطار أو التدخل في دعوى نيويورك القضائية.

قامت محكمة المقاطعة بالولايات المتحدة، المقاطعة الجنوبية من نيويورك بالمصادقة على هذا الإخطار، كما قامت المحكمة بتوجيه البنوك المدعى عليها لإرساله إليك مع الوثائق المرفقة.

تاريخ:   نيويورك، نيويورك
9 سبتمبر 2008

6

TO: THOSE PERSONS OR ENTITIES WHICH MAY CLAIM AN INTEREST IN FUNDS BLOCKED BY REGULATIONS AFFECTING THE REPUBLIC OF SUDAN.

  THIS NOTICE OF LAWSUIT IS BEING SENT TO YOU TO ADVISE YOU OF A LAWSUIT PENDING IN THE UNITED STATES COURT FOR THE SOUTHERN DISTRICT OF NEW YORK THAT MAY RESULT IN THE SEIZURE AND FORFEITURE OF FUNDS IN WHICH YOU MAY HAVE AN INTEREST TO SATISFY A JUDGMENT AGAINST THE REPUBLIC OF SUDAN FROM ASSETS OF THAT NATION OR ITS AGENCIES AND INSTRUMENTALITIES.  THESE FUNDS INCLUDE THE BALANCES BEING HELD BY ABN-AMRO BANK N.V., AMERICAN EXPRESS BANK LTD., BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON, BANK OF CHINA, CITIBANK, N.A., DEUTSCHE BANK A.G., HSBC BANK USA, N.A. AND JPMORGAN CHASE BANK, N.A. (THE "RESPONDENT BANKS") IN CERTAIN ACCOUNTS THAT WERE BLOCKED PURSUANT TO REGULATIONS ISSUED BY THE TREASURY DEPARTMENT OF THE UNITED STATES.  THEY ALSO INCLUDE THE PROCEEDS OF CERTAIN WIRE TRANSFERS THAT WERE ROUTED THROUGH BANKS IN THE UNITED STATES AND BLOCKED PURSUANT TO THOSE REGULATIONS.  BANK RECORDS INDICATE THAT YOU MAY HAVE AN INTEREST IN THE FUNDS IN ONE OR MORE SUCH BLOCKED ACCOUNTS AND/OR THAT YOU MAY HAVE BEEN A PARTY, EITHER AS AN ORIGINATING BANK, INTERMEDIARY BANK OR BENEFICIARY'S BANK OR AS THE ORIGINATOR OR BENEFICIARY, TO ONE OR MORE OF THOSE BLOCKED WIRE TRANSFERS.

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ORDERED THE RESPONDENT BANKS TO DEPOSIT WITH THE COURT ALL FUNDS THAT WERE HELD IN BLOCKED ACCOUNTS WITH A BALANCE OF $50,000.00 OR MORE OR THAT CONSTITUTED THE PROCEEDS OF BLOCKED WIRE TRANSFERS INVOLVING $50,000.00 OR MORE. THE COURT MAY ORDER THAT THOSE FUNDS BE TURNED OVER TO SATISFY THE JUDGMENT UNLESS YOU ACT TO ASSERT YOUR CLAIMS TO THOSE FUNDS BY COMPETENT EVIDENCE THAT SUCH FUNDS ARE NOT PROPERTY OF SUDAN OR ITS AGENCIES OR INSTRUMENTALITIES. YOU MUST ACT WITHIN SIXTY DAYS AFTER THE DATE OF THIS NOTICE IN ORDER TO PROTECT THE RIGHTS, IF ANY, YOU MAY HAVE WITH RESPECT TO SUCH FUNDS.

The judgment being enforced arises out of a claim against the Republic of Sudan as described below.  In that lawsuit brought in the United States District Court for the Eastern District of Virginia (the "Virginia Court"), the personal representative of seventeen United States Navy personnel (the "Petitioner") killed in the attack on the U.S.S. Cole in the Port of Aden, Yemen, on October 12, 2000, recovered money and an award of damages and a judgment from Sudan on the ground that Sudan was legally responsible for the attack.  This judgment is in the sum of $12,275,860.00 (inclusive of interest through July 25, 2007).

The judgment holder then brought lawsuits in the United States District Court for the Southern District of New York in April and July 2008 (collectively, the "New York Lawsuit") in an effort to collect funds to satisfy the judgment.  The New York Lawsuit was brought against ten respondents, including the Respondent Banks, and is based on Petitioner's claims that these banks are holding funds belonging to the Republic of Sudan and its agencies and

instrumentalities and should be turned over to Petitioner to pay the amount due under the judgment. The amount sought by Petitioner, including interest and costs and expenses of the Virginia Lawsuit, is in excess of $13 million. The accounts in question have been blocked by the Respondent Banks because they were required to do so pursuant to an Executive Order of the President of the United States dated November 5, 1997 and the Sudanese Sanctions Regulations issued by the United States Department of the Treasury.

The United States District Court for the Southern District of New York ordered the Respondent Banks to transfer into the Registry of the Court by August 25, 2008, the funds held by them in blocked deposit accounts and blocked wire transfer accounts having a balance of at least $50,000.00, to be held and distributed to the Petitioner to the extent appropriate.

**THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ORDERED THAT ANY PERSON OR ENTITY CLAIMING TO BE THE OWNER OF OR TO HAVE AN INTEREST OF ANY OF THE FUNDS DEPOSITED WITH THE COURT MUST SUBMIT WRITTEN OBJECTIONS WITHIN SIXTY DAYS OF THE DATE OF THIS NOTICE. SUCH OBJECTIONS MUST BE IN WRITING, THEY MUST SPECIFY THE ACCOUNTS THAT YOU CLAIM TO HAVE AN INTEREST IN AND SET FORTH THE FACTUAL BASIS FOR YOUR CLAIM, AND THEY MUST BE SIGNED BY YOU, AN OFFICER OF YOUR ORGANIZATION OR YOUR ATTORNEY. YOU MUST SUBMIT SUCH OBJECTIONS TO THE ATTORNEYS FOR THE PETITIONER AND THE ATTORNEYS FOR ANY OF THE RESPONDENT BANKS AT THEIR ADDRESSES AS SET FORTH ON THE SCHEDULE AT THE END OF THIS NOTICE, AND TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. IT IS**

STRONGLY RECOMMENDED THAT YOU CONSULT WITH AN ATTORNEY AND OBTAIN LEGAL ADVICE AS TO WHAT ACTION YOU SHOULD TAKE. YOU SHOULD ALSO CONSIDER ASKING THE COURT FOR PERMISSION TO INTERVENE IN THE NEW YORK LAWSUIT AND BECOME A PARTY TO THE LAWSUIT FOR ALL PURPOSES.

WHATEVER YOU DECIDE TO DO, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU DO NOT SUBMIT WRITTEN OBJECTIONS OR MAKE A MOTION TO INTERVENE WITHIN SIXTY DAYS OF THE DATE OF THIS NOTICE, THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY DETERMINE THAT YOU HAVE DEFAULTED AND LOST YOUR RIGHT TO ASSERT A CLAIM TO THE FUNDS THAT HAVE BEEN PAID INTO THE REGISTRY OF THE COURT. IN THAT EVENT THE COURT COULD TURN OVER SUCH FUNDS TO THE PETITIONER TO SATISFY THE JUDGMENT. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY ALSO ENTER AN ORDER RELEASING AND DISCHARGING THE NEW YORK BANKS FROM ANY OBLIGATIONS TO HOLD THE FUNDS IN THOSE ACCOUNTS FOR YOU OR TO PAY THOSE FUNDS TO YOU. IF YOU WANT TO ASSERT YOUR RIGHTS, IF ANY, IN THE FUNDS BEING HELD BY THE COURT, YOU SHOULD SUBMIT WRITTEN OBJECTIONS OR TAKE OTHER APPROPRIATE ACTION WITHIN THE SIXTY DAY DEADLINE.

IF YOU FILE TIMELY OBJECTIONS, THE COURT MAY HOLD A HEARING TO DETERMINE WHETHER YOU HAVE A VALID CLAIM. THE HEARING WILL BE HELD IN COURTROOM 14D OF THE DANIEL PATRICK MOYNIHAN UNITED

STATES COURTHOUSE AT 500 PEARL STREET, NEW YORK, NEW YORK, ON A DATE AFTER NOVEMBER 5, 2008 THAT HAS NOT YET BEEN FIXED.  IF YOU HAVE FILED WRITTEN OBJECTIONS OR INTERVENED IN THE PROCEEDINGS, YOU ARE INVITED TO ATTEND THE HEARING, IN PERSON OR THROUGH AN ATTORNEY, AND PRESENT COMPETENT EVIDENCE FOR YOUR CLAIMS.  YOU MUST APPEAR IN ORDER TO PRESERVE ANY CLAIM YOU MAY HAVE TO THE FUNDS BEING HELD BY THE COURT.

Enclosed with this Notice of Suit are copies of the Petition and related documents filed by the Petitioner in order to commence the New York Lawsuit and the orders of the Court directing the Respondent Banks to transfer funds to the Court Registry and establishing procedures for submitting objections and determining the rights of interested persons.  These documents are being sent to you because the records of one or more of the Respondent Banks indicate that you may have an interest in the funds being held by the Court. Exhibits E-1 through E-8 to the Petition (as well as an additional Exhibit E identifying blocked accounts held by Bank of America, N.A.) list all of the blocked accounts that are in dispute in the New York Lawsuit.  These documents are not being furnished to you in full because they are subject to a protective order, but the enclosed documents include documents or information identifying the bank accounts and wire transfers in which you may have an interest, to the extent that Respondent Banks have been able to identify such accounts and transfers.

You may also have received a Notice of Third-Party Petition and Third-Party Petition with this Notice of Lawsuit.  The Notice of Petition specifies the time and place of the hearing on the claims for relief set forth in the Third-Party Petition.  You must also serve an answer to the petition and any supporting affidavits on the parties specified in the Notice of Petition at least

two days before the date set for the hearing in order to protect your rights, if any, with respect to the claims asserted in the Third-Party Petition. Please note, however, that the Third-Party Petition(s) that you received may not cover all of the funds to which you may have a claim. To protect your rights, if any, in all such funds you must also file objections as explained in this notice or intervene in the New York Lawsuit.

This notice has been approved by the United States Court for the Southern District of New York, and the Court has directed Respondent Banks to send it to you along with the enclosed documents.

Dated: New York, New York
      September 9, 2008.