Howard B. Levi, Esq.
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  11036
Tel. No. (212) 308-6100

Attorneys for Third-Party Petitioner
The Bank of New York Mellon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| OLIVIA RUX, et al., | : | Case No. 08 Civ. 6588 (AKH) |
| Petitioners, | : | |
| -against- | : | |
| ABN AMRO BANK, N.V., AMERICAN EXPRESS BANK LTD., BANK OF AMERICA, N.A., BANK OF NEW YORK, BANK OF CHINA, CITIBANK, N.A., DEUTSCHE BANK A.G., DEUTSCHE BANK TRUST COMPANY AMERICAS, HSBC BANK USA, N.A. and JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Respondents. | | |

----------------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| Third-Party Petitioner, | : | |
| -against- | : | |
| THE REPUBLIC OF SUDAN, THE BANK OF KHARTOUM, EL NILEIN BANK, SUDAN AIRWAYS, SAUDI INVESTMENT BANK, BARCLAYS BANK, PLC, TURKIYE GUARANTI BANKASI AS, AIR ANATOLIA, CLIVEDEN PETROLEUM CO. LTD., EFG BANK (GIBRALTER) LTD., BNP PARIBAS, S.A., BNP PARIBAS (SUISSE) S.A., SUDANESE | : | **THIRD-PARTY PETITION** |

| | |
|---|---|
| PETROLEUM CORPORATION, BYBLOS BANK EUROPE S.A., KOREA EXCHANGE BANK, BANK OF SUDAN, AL SHAMAL ISLAMIC BANK and SUDANESE LIBYAN INVESTMENT AND DEVELOPMENT CO. LTD., | : : : : |
| Third-Party Respondents. | |

------------------------------------------------------------x

Respondent and third-party petitioner The Bank of New York Mellon, sued in this action as Bank of New York, by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its third-party petition, alleges as follows:

Nature of the Proceedings

1. Third-party petitioner has brought this third-party special proceeding in the nature of an interpleader action pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), section 134 of the New York Banking Law and CPLR § 1006 in order to seek a determination from the Court as to the rights of all claimants and other interested parties in (i) funds held by third-party petitioner in certain demand deposit bank accounts having a value equal to or in excess of $50,000 that have been blocked pursuant to sanctions imposed by the Department of the Treasury of the United States of America with respect to the Republic of Sudan and (ii) the proceeds of certain wire transfers that have been interrupted and not completed by reason of such sanctions and the proceeds of which were then placed by third-party petitioner in blocked accounts established for that purpose that have a value equal to or in excess of $50,000.

The Parties

2. Respondent and third-party petitioner The Bank of New York Mellon ("BNY") is a bank chartered and operating under the laws of the State of New York with its principal place of business in the State of New York.

3. Third-party respondent the Republic of Sudan ("Sudan") is a foreign state.

4. Upon information and belief, third-party respondent the Bank of Khartoum ("BOK") is a bank organized and existing under the laws of Sudan with its principal place of business in Sudan.

5. Upon information and belief, third-party respondent El Nilein Bank ("ENB") is a bank organized and existing under the laws of Sudan with its principal place of business in Sudan.

6. Until recently, BNY was holding funds in deposit accounts (the "Blocked Deposit Accounts") bearing the name of BOK or ENB, or in which one or them may have or claim an interest, each of which accounts had a value equal to or in excess of $50,000, that had been blocked by BNY pursuant to regulations known as the "Sudanese Sanctions Regulations," 31 C.F.R. §§ 538.101 et seq., issued in or about November 1997 by the Office of Foreign Assets Control ("OFAC") of the Department of the Treasury of the United States of America.

7. Upon information and belief, third-party respondents BOK, ENB, Sudan Airways, Saudi Investment Bank, Barclays Bank, PLC, Turkiye Guaranti Bankasi AS, Air Anatolia, Cliveden Petroleum Co. Ltd., EFG Bank (Gibralter) Ltd. (formerly known as Banco Atlantico (Gibralter) Ltd.), BNP Paribas S.A., BNP Paribas (Suisse)

S.A. (successor in interest to United European Bank), Sudanese Petroleum Corporation, Byblos Bank Europe S.A., Korea Exchange Bank, Bank of Sudan, Al Shamal Islamic Bank and Sudanese Libyan Investment and Development Co. Ltd. are corporations or legal entities organized and existing under the laws of various states and nations other than the State of New York, having their principal places of business outside the State of New York, that were the originators, originators' banks, intermediary banks, beneficiaries' banks or beneficiaries of or with respect to one or more wire transfers that were routed through BNY but were not completed by it, by reason of the Sudanese Sanctions Regulations, and the proceeds of which were placed by BNY in blocked accounts established by BNY for that purpose (the blocked accounts referred to in this paragraph that had a value of $50,000 or more as of August 25, 2008, and that were deposited with the Court on or about that date, will be referred to hereinafter as the "Blocked Wire Accounts").

<u>Jurisdiction and Venue</u>

8.    This Court has subject matter jurisdiction over this special proceeding pursuant to 28 U.S.C § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA").  This Court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1330, because it is an action against a foreign state as defined in FSIA § 1603(a); pursuant to 28 U.S.C. § 1332, because it is between citizens of different states, in which a foreign state and citizens or subjects of a foreign state are additional parties, and the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs; and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to an action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue of this special proceeding is properly set in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Petitioners' special proceeding seeks to enforce a judgment that has been filed in this judicial district and the property that is the subject of that proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that Petitioners are seeking to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

## Factual Background

10. Petitioners in the first of the above-captioned actions (the "Petitioners") are the plaintiffs in an action entitled <u>Olivia Rux, et al. v. Republic of Sudan</u>, Civil Action No. 2:04cv428 (the "Underlying Action"), which was brought in the United States District Court for the Eastern District of Virginia (the "Virginia Court") in or about 2004. Upon information and belief, the Virginia Court entered a default judgment on or about July 25, 2007, which was subsequently amended, in favor of the Petitioners in the Underlying Action in the amount of $7,956,344, plus interest at 8% from October 12, 2000 to the date of entry of the judgment (as amended, the "Judgment").

11. Upon information and belief, the Judgment was registered with this Court on or about November 20, 2007, and Petitioners' counsel issued a writ of execution that was subsequently served on BNY.

12. Upon information and belief, the amount due to Petitioners on the Judgment at this time, inclusive of interest and costs, may be in excess of $13 million, and additional interest is accruing daily.

13. On or about April 21, 2008, Petitioners commenced this special proceeding against BNY and seven other banks with offices in New York City (the "Respondents"). Petitioners' petition (the "Petition") seeks the entry of an order directing Respondents to turn over to Petitioners the funds held by Respondents in various bank accounts identified in exhibits E-1 through E-8 to the Petition, to the extent necessary to satisfy the Judgment. Copies of the Petition in this action and the accompanying order to show cause, declaration of Nicole I. Hyland and exhibits (other than exhibits E-1 through E-8, which are subject to a protective order that limits the disclosure of their contents) are being served on all third-party respondents with this third-party petition and the accompanying notice of petition. Documents reflecting the Blocked Deposit Accounts and the Blocked Wire Transfer Accounts which each third-party respondent may, according to BNY's records, have an interest in or a claim against, are also being served upon the third-party respondents herewith.

14. By order dated July 29, 2008, as modified on August 5, the Court ordered BNY and the other Respondents to deposit with the Registry of the Court by August 25, 2008, all of the funds being held by them in Blocked Deposit Accounts and Blocked Wire Accounts located in the United States with a value equal to or exceeding $50,000. BNY has complied with this order.

15. In Petitioners' reply memorandum dated May 23, 2008 in support of the Petition, Petitioners contend that all of the Blocked Deposit Accounts and the

Blocked Wire Accounts have been blocked pursuant to the Sudanese Sanctions Regulations because they contain funds that belong either to Sudan itself or entities determined by OFAC and by Executive Order 13067, promulgated by President Clinton in November 1997, to be agencies or instrumentalities of Sudan.  Petitioners assert that for this reason they are entitled to have execution against all such funds, pursuant to TRIA § 201, and that the Court should order Respondents, including BNY, to turn over all such funds to Petitioners to the extent necessary to satisfy the Judgment.

        16.    Upon information and belief, to the extent that the account holders of the Blocked Deposit Accounts are not agencies or instrumentalities of Sudan, such account parties may have claims to the funds in those accounts.

        17.    While the Blocked Wire Accounts may bear titles referring to Sudanese banks and businesses, this does not mean that the funds in those accounts belong to one of these entities or to Sudan.  The account names are assigned to the accounts by employees of BNY solely for the sake of administrative convenience, and are not necessarily dispositive or probative with respect to the ownership of the funds in the accounts.

        18.    Upon information and belief, to the extent that the originators or the beneficiaries of the wire transfers that were halted by BNY, and the proceeds of which were placed in Blocked Wire Accounts, or the originators' banks, beneficiaries' banks or intermediary banks for such wire transfers, are not agencies or instrumentalities of Sudan, one or more such persons may have claims to the funds in those accounts.

Claim for Relief

19. Repeats and realleges each and every allegation set forth in paragraphs 1 through 18 of this third-party petition to the same extent as if those allegations were set forth in full in this paragraph.

20. By reason of the matters set forth above, Petitioners are claiming that they are entitled to the turnover of the funds formerly held by BNY in Blocked Deposit Accounts and Blocked Wire Accounts to the extent necessary to satisfy the Judgment. Inasmuch as those accounts bear the names of persons and entities other than the Petitioners, this claim gives rise to a dispute as to the rights in such funds and constitutes a claim against those blocked funds.

21. The third-party respondents may also have claims to some or all of the funds held or formerly held by BNY in Blocked Deposit Accounts or Blocked Wire Accounts, on the ground that such third-party respondents deposited those funds into those Blocked Deposit Accounts or were the originators or beneficiaries of or acted as the originator's bank, the beneficiary's bank or an intermediary bank with respect to halted wire transfers the proceeds of which were placed in the Blocked Wire Accounts. These circumstances also give rise to disputes as to the rights in such funds and to claims against those blocked funds.

22. BNY thus runs the risk of being exposed to inconsistent or multiple claims to the funds held or formerly held by it in Blocked Deposit Accounts or Blocked Wire Accounts.

23. By reason of the foregoing, BNY is entitled to interplead all other parties who may have claims to the funds formerly held by BNY in Blocked Deposit

Accounts and Blocked Wire Accounts that have been deposited by BNY with the Court and to obtain a determination by the Court, pursuant to CPLR § 5239, Banking Law § 134, Rule 22 of the FRCP and CPLR § 1006, of the rights of all interested parties with respect thereto.

WHEREFORE respondent and third-party petitioner The Bank of New York Mellon respectfully requests the entry of a judgment

(1)    determining its rights and the rights of the third party respondents and other interested parties in the funds that have been deposited by BNY with the Court;

(2)    determining whether any of the third-party respondents is an agency or instrumentality of the Republic of Sudan;

(3)    determining with respect to each of the Blocked Deposit Accounts and Blocked Wire Accounts the proceeds of which have been deposited by BNY with the Court whether the Petitioners have met their burden of proof with respect to the other requirements and conditions set forth in section 201 of TRIA for execution against such accounts;

(4)    determining whether the service made by BNY of this third-party petition, the Petition and accompanying papers, and the pleadings and submissions responsive to the Petitioners' Petition and order to show cause upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(5)    determining whether this Court has subject matter jurisdiction and in personam or in rem jurisdiction over the third-party respondents sufficient to determine their rights in funds that have been deposited by BNY with the Court;

   (6) determining whether BNY is a proper garnishee and has properly been subjected to execution of the Judgment with respect to the funds that have been deposited by BNY with the Court;

   (7) determining which of the Blocked Deposit Accounts and Blocked Wire Accounts at issue in this proceeding are subject to execution to satisfy the Judgment, the amount of funds from each of those accounts that should be turned over to the Petitioners and which of the Petitioners are entitled to receive those funds;

   (8) determining which portion of the funds on deposit with the Court should be returned to BNY and specifying the Blocked Deposit Accounts and Blocked Wire Accounts into which those funds should be placed and the amount to be placed in each such account;

   (9) to the extent that funds deposited by BNY with the Court are turned over to any one or more of the Petitioners, discharging BNY from any and all liability to all of the other third-party respondents and any other persons who may have claims to such funds;

   (10) awarding to BNY its costs and expenses in this proceeding, including reasonable attorneys' fees; and

    (11) Awarding to BNY such other and further relief as may be just and proper.

Dated: New York, New York
    September 16, 2008

               LEVI LUBARSKY & FEIGENBAUM LLP

               By: _____
                 Howard B. Levi, Esq.
               1185 Avenue of the Americas, 17th Floor
               New York, NY 10036
               Tel. No. (212) 308-6100

               Attorneys for Third-Party Petitioner
               The Bank of New York Mellon