Howard B. Levi, Esq.
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  11036
Tel. No. (212) 308-6100

Attorneys for Third-Party Petitioner
JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

OLIVIA RUX, et al.,                              :          Case No. 08 Civ. 6588 (AKH)

                         Petitioners,            :

            -against-                            :

ABN AMRO BANK, N.V., AMERICAN                    :
EXPRESS BANK LTD., BANK OF
AMERICA, N.A., BANK OF NEW YORK,                 :
BANK OF CHINA, CITIBANK, N.A.,
DEUTSCHE BANK A.G., DEUTSCHE                      :
BANK TRUST COMPANY AMERICAS,
HSBC BANK USA, N.A. and JPMORGAN                 :
CHASE BANK, N.A.

                                                 :

                         Respondents.
------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,                       :

                         Third-Party Petitioner, :

            -against-                            :          **NOTICE OF**

THE REPUBLIC OF SUDAN, THE BANK                  :          **THIRD-PARTY PETITION**
OF KHARTOUM, EL NILEIN BANK,
SUDATEL GROUP FOR                                :
TELECOMMUNICATIONS, AT&T INC.,
NATIONAL COMMERCIAL BANK, THE                    :
MINISTRY OF FINANCE OF SUDAN, THE
BANK OF SUDAN, AL RAJHI BANKING                  :
AND INVESTMENT CORP., SHANDONG
BOSHAN PUMPS I AND E CO. LTD.,                   :

HUAXIA BANK, HOUSING BANK FOR          :
TRADE AND FINANCE, THE ARAB
INVESTMENT BANK, ANIMAL                :
RESOURCES BANK, BARWIL AGENCIES
AS, BANK OF AMERICA, N.A., BAASHER     :
SHIPPING AND TRADING, NATIONAL
BANK OF ABU DHABI, BNP PARIBAS S.A.,   :
BNP PARIBAS (SUISSE) S.A.,
KREDITANSTALT FUR WIEDERAUFBAU         :
(KfW), FORTIS BANK (NEDERLAND) B.V.,
AIRCRAFT FINANCING AND TRADING         :
B.V., NATIXIS, AT&T COMMUNICATIONS,
ARAB BANKING CORPORATION,              :
BEMO EUROPE BANQUE PRIVEE,
AMERICAN EXPRESS BANK LTD., UBAF       :
HONG KONG LIMITED, HSBC BANK
USA, N.A., HONG KONG AND SHANGHAI      :
BANKING CORPORATION LIMITED,
BATELCO, NATIONAL BANK OF              :
BAHRAIN, BANK OF TOKYO-
MITSUBISHI UJF LTD., ABU DHABI         :
COMMERCIAL BANK, BANQUE SAUDI
FRANSI, DEUTSCHE BANK TRUST            :
 COMPANY AMERICAS, RIYAD BANK,
AL-TYIB MAHMOOD CO. & SONS, PORT       :
SUDAN COTTON COMPANY, SUMITOMO
CORPORATION, MIZUHO CORPORATE          :
BANK, CREDIT LYONNAIS, SYNGENTA
AGRO AG, SHINHAN BANK, SOCIÉTÉ         :
GENERALE, CARGILL PLC, CARGILL
GLOBAL FUNDING PLC, THE SUDAN          :
COTTON COMPANY LTD., DUBAI
ISLAMIC BANK, ABU DHABI ISLAMIC        :
BANK, NORDEA BANK FINLAND PLC,
BRITISH ARAB COMMERCIAL BANK,          :
EL-SHEIKH SUMIMAN ABDELAZIZ
ELRAJI, HUSSAIN G. THANON,             :
MOHAMMED NAELM ABDEL RAHMAN,
M. EDMON MAARI, AHMED MOHD             :
DAHABA AL GHAMDI and JOHN DOES
1-8,                                   :

                Third-Party Respondents.    :
-------------------------------------------------------------x

2

PLEASE TAKE NOTICE that upon the accompanying third-party petition of third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB"), an application will be made by JPMCB to the United States District Court for the Southern District of New York (the "Court"), in Courtroom 14D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, at 9:30 A.M. on November 28, 2008, or as soon thereafter as the parties may be heard, for the entry of a judgment granting to JPMCB the relief requested in its third-party petition, and for such other relief to JPMCB as may be just and proper.

PLEASE TAKE FURTHER NOTICE that the Court may hold a hearing at the time and place specified in the previous paragraph, or at a later time to be set by the Court, with respect to the matters set forth in the third-party petition.

PLEASE TAKE FURTHER NOTICE that pursuant to section 403(b) of the New York Civil Practice Law and Rules (the "CPLR"), you must serve an answer to the accompanying third-party petition and supporting affidavits, if any, upon the undersigned attorneys, at their address listed below, on or before November 21, 2008 (seven days before the hearing date of November 28, 2008), in order to preserve your rights with respect to the matters set forth in the third-party petition.

This special proceeding is brought to obtain relief pursuant to CPLR §§ 5239 and 1006, New York Banking Law § 134 and Rule 22 of the Federal Rules of Civil Procedure.

Dated: New York, New York
      September 16, 2008

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
      Howard B. Levi, Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
Telephone Number 1-212-308-6100

Attorneys for Third-Party Petitioner
JPMorgan Chase Bank, N.A.

TO: [See attached service list]

4

<u>SERVICE LIST</u>

THE REPUBLIC OF THE SUDAN
Hon. Deng Alor
Minister of Foreign Affairs
Ministry of Foreign Affairs
Khartoum, Sudan

BANK OF KHARTOUM
Cross-over of Al Qasr Street with
Al Gomhoria Street
Khartoum, Sudan

EL NILEIN BANK
South of United Nations Square
Khartoum, Sudan

SUDATEL GROUP FOR TELECOMMUNICATIONS
Sudatel Tower
Khartoum, Sudan

AT&T INC.
Room VO
One AT&T Way
Bedminster, NJ  07921

NATIONAL COMMERCIAL BANK
PO Box 3555
King Abdul Aziz Street
Jeddah 21481
Saudi Arabia

THE MINISTRY OF FINANCE OF SUDAN
Hon. Luwal Ashweil Deng, Minister of Finance
Khartoum, Sudan

BANK OF SUDAN
Gamhoria Street - Almogran
PO Box 313
Khartoum, Sudan

ALRAJHI BANKING &
INVESTMENT CORP.
PO Box 28
11411 Riyadh
Saudi Arabia

SHANDONG BOSHAN PUMPS
I & E CO. LTD
27 Liuhang Road
Boshan, Zibo
Shandong,China 255200

HUAXIA BANK
Hua Xia Bank Plaza, No.22
Jianguomennei Street
Dongcheng District
Beijing 100005
China

HOUSING BANK FOR
TRADE AND FINANCE
Amman / Abdali–Parliament Street
P.O.Box 7693
Jordan 11118

THE ARAB INVESTMENT BANK
PO Box 5559, TAIC Bldg.
Al-Seef District 428
Manama, Bahrain

THE ARAB INVESTMENT BANK
Commercial Buildings Co.
Massaref Street
Beirut Central District
1107-2230 Beirut, Lebanon

THE ARAB INVESTMENT BANK
PO Box 826
Cairo Sky Building
8 Abd El-Khalek Tharwat St.
Cairo, Egypt

ANIMAL RESOURCES BANK
PO Box 1499
Alamarat St.
Khartoum,Sudan

BARWIL AGENCIES AS
Al Mak Nimir Street
Block 3/4, Square 6H
P.O.Box 11753
Khartoum, Sudan

BANK OF AMERICA N.A.
9 West 57th Street
New York, New York 10019

BAASHER SHIPPING
AND TRADING
Baasher Building
Military Parade, PO Box 45
Port of Sudan
Sudan

NATIONAL BANK OF
ABU DHABI
PO Box 4
One NBAD Tower Building
Sheikh Khalifa Street
Abu Dhabi

BNP PARIBAS S.A.
787 Seventh Avenue
Floor 11
New York, NY 10019

BNP PARIBAS (SUISSE) SA
Place de Hollande 2
CH-1211 Geneva 11
Switzerland

KREDITANSTALT FUR WIEDERAUFBAU          :
(KfW)
Bockenheimer Landstrasse 104
60325 Frankfurt am Main
Germany

FORTIS BANK (NEDERLAND) B.V.
Prins Bernhardplein 200
Amsterdam 1097 JB
Netherlands

AIRCRAFT FINANCING
AND TRADING B.V.
Atlas Office Center, Australia Building
Hoogoorddreef 7
1101 BA  Amsterdam Zuidoost
Netherlands

NATEXIS BANQUE BFCE
45 rue Saint-Dominique
75007 Paris

AT&T COMMUNICATIONS

ARAB BANKING CORP.
ABC Tower, Diplomatic Area
PO Box 5698
Manama, Bahrain

BEMO EUROPE BANQUE PRIVEE
49 avenue d'Iéna
F-75116 Paris

AMERICAN EXPRESS BANK LTD
23rd Floor, 3 WFC
200 Vesey Street
New York, NY 10285-2200

UBAF HONG KONG LTD.
G.P.O. Box 9917
21st Floor
Silver Base Centre
200 Gloucester Road
Wanchai, Hong Kong

HSBC BANK USA, N.A.
1105 N. Market Street
Wilmington, Delaware 19801

MERITA BANK, PLC
8th Floor City Place House
London EC2V 5NB

BANKERS TRUST
130 Liberty St
New York, NY 10006

HONG KONG AND SHANGHAI
BANKING CORPORATION LIMITED
Robinson Road
PO Box 896
Singapore 901746

BATELCO
P.O. Box 14
Manama, Bahrain

SUDANTEL
P.O. Box 1115
Khartoum, Sudan

NATIONAL BANK OF BAHRAIN
P.O.Box 106
Manama, Bahrain

BANK OF TOKYO-MITSUBISHI UFJ LTD.
21-24 Nishiki 3-Chome
Naka-ku
Nagoya 460-8660
Aichi, Japan

ABU DHABI COMMERCIAL BANK
Abu Dhabi Commercial
Bank Building
PO Box 939
Al Salam Street
Abu Dhabi

ALBANK AL SAUD
AL FRANSI
King Abdulaziz St., Riyadh
PO Box 1290
Riyadh 11431

DEUTSCHE BANK AND
TRUST CO AMERICAS
Theodor-Heuss-Allee 70
60262 Frankfurt
Germany

BANKERS TRUST
453 7th Street
Des Moines, IA 50309

RIYAD BANK
PO Box 22622
King Abdulaziz Street
Riyadh 11416
Saudi Arabia

AL-TYIB MAHMOOD
CO. AND SONS

THE SUDAN COTTON COMPANY
PORT SUDAN COTTON CO.
PORT SUDAN COTTON & TRADE CO.
Al Gomhoria Street
Saint James Crossing
PO Box 590/261
Khartoum 1552
Sudan

SUMITOMO CORPORATION OSAKA
Sumitomo Building
Kansai Regional Business Unit
541-0041
4-5-33 Kitaham
Chuo-ku, Osaka City

MIZUHO CORPORATE BANK
Osaka Corporate Banking Division
2-1, Imabashi 4-chrome
Chuo-ku
Osaka 541-0042
Japan

CREDIT LYONNAIS
Credit Lyonnais Pk Airfinance
157 West 57th Street
New York, NY

CREDIT LYONNAIS
19 Blvd des Italiens
75002
Paris, France

SYNGENTA AGRO AG
PO Box 233
CH-8157 Dielsdorf ZH
Switzerland

SHINHAN BANK
3rd Floor
51/55 Gresham Street
London EC2V 7HB

United Kingdom

SOCIETE GENERALE
29 Boulevard Haussmann
75009 Paris, France

DUBAI  ISLAMIC BANK
PO Box 1080, Airport Road
Deira, Dubai City
Dubai
DUBAI ISLAMIC BANK
Dubai Islamic Bank PSJ
P.O.Box 1080
Dubai

ABU DHABI ISLAMIC BANK
P.O. Box: 313
Al Bateen, Near Central Bank
Abu Dhabi

NORDEA BANK FINLAND PLC
City Place House, 8th floor
55 Basinghall Street
London EC2V 5NB

BRITISH ARAB COMMERCIAL
BANK LTD.
8-10 Mansion House Place
London EC4N 8BJ

EL-SHEIKH SUMIMAN
ABDELAZIZ ELRAJHI

HUSSAIN G. THANON

MOHAMMED NAELM ABDEL RAHMAN

M. EDMON MAARI

AHMED MOHD DAHABA
AL GHAMDI

Howard B. Levi, Esq.
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  11036
Tel. No. (212) 308-6100

Attorneys for Third-Party Petitioner
JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| OLIVIA RUX, et al., | : | Case No. 08 Civ. 6588 (AKH) |
| Petitioners, | : | |
| -against- | : | |
| ABN AMRO BANK, N.V., AMERICAN EXPRESS BANK LTD., BANK OF AMERICA, N.A., BANK OF NEW YORK, BANK OF CHINA, CITIBANK, N.A., DEUTSCHE BANK A.G., DEUTSCHE BANK TRUST COMPANY AMERICAS, HSBC BANK USA, N.A. and JPMORGAN CHASE BANK, N.A. | : : : : | |
| Respondents. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | |
| Third-Party Petitioner, | : | |
| -against- | : | |
| THE REPUBLIC OF SUDAN, THE BANK OF KHARTOUM, EL NILEIN BANK, SUDATEL GROUP FOR TELECOMMUNICATIONS, AT&T INC., NATIONAL COMMERCIAL BANK, THE MINISTRY OF FINANCE OF SUDAN, THE BANK OF SUDAN, AL RAJHI BANKING AND INVESTMENT CORP., SHANDONG BOSHAN PUMPS I AND E CO. LTD., | : : : : : | **THIRD-PARTY PETITION** |

HUAXIA BANK, HOUSING BANK FOR           :
TRADE AND FINANCE, THE ARAB
INVESTMENT BANK, ANIMAL                 :
RESOURCES BANK, BARWIL AGENCIES
AS, BANK OF AMERICA, N.A., BAASHER      :
SHIPPING AND TRADING, NATIONAL
BANK OF ABU DHABI, BNP PARIBAS S.A.,    :
BNP PARIBAS (SUISSE) S.A.,
KREDITANSTALT FUR WIEDERAUFBAU          :
(KfW), FORTIS BANK (NEDERLAND) B.V.,
AIRCRAFT FINANCING AND TRADING          :
B.V., NATIXIS, AT&T COMMUNICATIONS,
ARAB BANKING CORPORATION,               :
BEMO EUROPE BANQUE PRIVEE,
AMERICAN EXPRESS BANK LTD., UBAF        :
HONG KONG LIMITED, HSBC BANK
USA, N.A., HONG KONG AND SHANGHAI       :
BANKING CORPORATION LIMITED,
BATELCO, NATIONAL BANK OF               :
BAHRAIN, BANK OF TOKYO-
MITSUBISHI UJF LTD., ABU DHABI          :
COMMERCIAL BANK, BANQUE SAUDI
FRANSI, DEUTSCHE BANK TRUST             :
 COMPANY AMERICAS, RIYAD BANK,
AL-TYIB MAHMOOD CO. & SONS, PORT        :
SUDAN COTTON COMPANY, SUMITOMO
CORPORATION, MIZUHO CORPORATE           :
BANK, CREDIT LYONNAIS, SYNGENTA
AGRO AG, SHINHAN BANK, SOCIÉTÉ          :
GENERALE, CARGILL PLC, CARGILL
GLOBAL FUNDING PLC, THE SUDAN           :
COTTON COMPANY LTD., DUBAI
ISLAMIC BANK, ABU DHABI ISLAMIC         :
BANK, NORDEA BANK FINLAND PLC,
BRITISH ARAB COMMERCIAL BANK,           :
EL-SHEIKH SUMIMAN ABDELAZIZ
ELRAJI, HUSSAIN G. THANON,              :
MOHAMMED NAELM ABDEL RAHMAN,
M. EDMON MAARI, AHMED MOHD              :
DAHABA AL GHAMDI and JOHN DOES
1-8,                                    :

    Third-Party Respondents.    :
-------------------------------------------------------------x


2

Respondent and third-party petitioner JPMorgan Chase Bank, N.A., by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its third-party petition, alleges as follows:

Nature of the Proceedings

1.    Third-party petitioner has brought this third-party special proceeding in the nature of an interpleader action pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), section 134 of the New York Banking Law and CPLR § 1006 in order to seek a determination from the Court as to the rights of all claimants and other interested parties in (i) funds held by third-party petitioner in certain demand deposit bank accounts having a value equal to or in excess of $50,000 that have been blocked pursuant to sanctions imposed by the Department of the Treasury of the United States of America with respect to the Republic of Sudan and (ii) the proceeds of certain wire transfers that have been interrupted and not completed by reason of such sanctions and the proceeds of which were then placed by third-party petitioner in blocked accounts established for that purpose that have a value equal to or in excess of $50,000.

The Parties

2.    Respondent and third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB") is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, which has offices and branches in the City, County and State of New York.

3

3.      Third-party respondent the Republic of Sudan ("Sudan") is a foreign state.

4.      Upon information and belief, third-party respondent the Bank of Khartoum ("BOK") is a bank organized and existing under the laws of Sudan with its principal place of business in Sudan.

5.      Upon information and belief, third-party respondent El Nilein Bank ("ENB") is a bank organized and existing under the laws of Sudan with its principal place of business in Sudan.

6.      Upon information and belief, third-party respondent Sudatel Group for Telecommunication Ltd., formerly known as Sudatel Telecommunications Company ("Sudatel"), is a corporation or legal entity organized and existing under the laws of Sudan with its principal place of business in Sudan.

7.      Upon information and belief, third-party respondent AT&T Inc. ("AT&T") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

8.      Until recently, JPMCB was holding funds in deposit accounts (the "Blocked Deposit Accounts") bearing the name of BOK, ENB, Sudatel and/or AT&T, or in which one or more of those entities may have or claim an interest, each of which accounts had a value equal to or in excess of $50,000, that had been blocked by JPMCB pursuant to regulations known as the "Sudanese Sanctions Regulations," 31 C.F.R. §§ 538.101 et seq., issued in or about November 1997 by the Office of Foreign Assets Control ("OFAC") of the Department of the Treasury of the United States of America.

4

9.    Upon information and belief, third-party respondents BOK, ENB, Sudatel, AT&T, National Commercial Bank, the Ministry of Finance of Sudan, the Bank of Sudan, Al Rajhi Banking and Investment Corp., Shandong Boshan Pumps I and E Co. Ltd., Huaxia Bank, Housing Bank for Trade and Finance, The Arab Investment Bank, Animal Resources Bank, Barwil Agencies AS, Bank of America, N.A., Baasher Shipping and Trading, National Bank of Abu Dhabi, BNP Paribas S.A. (successor in interest to Banque Nationale de Paris), BNP Paribas (Suisse) S.A. (successor in interest to United Overseas Bank and United European Bank), Kreditanstalt fur Wiederaufbau (KfW), Fortis Bank (Nederland) B.V., Aircraft Financing and Trading B.V., Natixis (successor in interest to Natexis Banque), AT&T Communications, Arab Banking Corporation, BEMO Europe Banque Privee (formerly Banque de l'Europe Meridionale), American Express Bank Ltd., UBAF Hong Kong Limited, HSBC Bank USA, N.A., Hong Kong and Shanghai Banking Corporation Limited, Batelco, National Bank of Bahrain, Bank of Tokyo-Mitsubishi UJF Ltd. (formerly The Tokai Bank Ltd.), Abu Dhabi Commercial Bank, Banque Saudi Fransi (formerly Al Bank Al Saudi Al Fransi), Deutsche Bank Trust Company Americas (formerly Bankers Trust Company), Riyad Bank, Al-Tyib Mahmood Co. & Sons, Port Sudan Cotton Company, Sumitomo Corporation, Mizuho Corporate Bank, Credit Lyonnais, Syngenta Agro AG, Shinhan Bank (formerly Chohung Bank), Société Generale, Cargill PLC, Cargill Global Funding PLC, The Sudan Cotton Company Ltd., Dubai Islamic Bank, Abu Dhabi Islamic Bank, Nordea Bank Finland PLC (formerly Merita Bank Plc) and British Arab Commercial Bank are corporations or legal entities organized and existing under the laws of various states and nations other than the State of Ohio, having their principal places of business outside the State of Ohio, that were the

originators, originators' banks, intermediary banks, beneficiaries' banks or beneficiaries of or with respect to one or more wire transfers that were routed through JPMCB but were not completed by it, by reason of the Sudanese Sanctions Regulations, and the proceeds of which were placed by JPMCB in blocked accounts established by JPMCB for that purpose.

        10.      Upon information and belief, third-party respondents El-Sheikh Sumiman Abdelaziz Elraji, Hussain G. Thanon, Mohammed Naelm Abdel Rahman, M. Edmon Maari and Ahmed Mohd Dahaba Al Ghamdi are individual citizens of various states and nations other than the State of Ohio who were the originators or beneficiaries of one or more wire transfers that were routed through JPMCB but were not completed by it, by reason of the Sudanese Sanctions Regulations, and the proceeds of which were placed by JPMCB in blocked accounts established by JPMCB for that purpose.

        11.      Third-party respondents John Doe 1 through 8 are persons, corporations or legal entities that were the originators or beneficiaries of one or more wire transfers that were routed through JPMCB but were not completed by it, by reason of the Sudanese Sanctions Regulations, and the proceeds of which were placed by JPMCB in blocked accounts established by JPMCB for that purpose. Upon information and belief, John Does 1 through 8 are citizens of states or nations other than the State of Ohio. JPMCB does not presently know the names or addresses of John Does 1 through 8, but it will seek leave of Court to substitute their correct names and serve them with process as and when it is able to ascertain their names and/or addresses (The blocked accounts referred to in paragraphs 9, 10 and 11 of this third-party petition that had a value

of $50,000 or more as of August 25, 2008, and that were deposited with the Court on or

about that date, will be referred to hereinafter as the "Blocked Wire Accounts").

<u>Jurisdiction and Venue</u>

12.     This Court has subject matter jurisdiction over this special

proceeding pursuant to 28 U.S.C § 1331, because it arises under the laws and treaties of

the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C.

§§ 1601 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No.

107-297, 116 Stat. 2322 (2002) ("TRIA").  This Court also has subject matter jurisdiction

over this proceeding pursuant to 28 U.S.C. § 1330, because it is an action against a

foreign state as defined in FSIA § 1603(a); pursuant to 28 U.S.C. § 1332, because it is

between citizens of different states, in which a foreign state and citizens or subjects of a

foreign state are additional parties, and the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs; and pursuant to 28 U.S.C. § 1367,

because the matters at issue in this proceeding are so related to an action within the

original jurisdiction of this Court that they form part of the same case or controversy.

13.     Venue of this special proceeding is properly set in this judicial

district pursuant to 28 U.S.C. § 1391(b) because the Petitioners' special proceeding seeks

to enforce a judgment that has been filed in this judicial district and the property that is

the subject of that proceeding is located in this district.  Venue is also proper in this

county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment

that Petitioners are seeking to enforce has been entered as a judgment with this Court, at a

courthouse within this county and judicial district.

### Factual Background

14.     Petitioners in the first of the above-captioned actions (the "Petitioners") are the plaintiffs in an action entitled Olivia Rux, et al. v. Republic of Sudan, Civil Action No. 2:04cv428 (the "Underlying Action"), which was brought in the United States District Court for the Eastern District of Virginia (the "Virginia Court") in or about 2004.  Upon information and belief, the Virginia Court entered a default judgment on or about July 25, 2007, which was subsequently amended, in favor of the Petitioners in the Underlying Action in the amount of $7,956,344, plus interest at 8% from October 12, 2000 to the date of entry of the judgment (as amended, the "Judgment").

15.     Upon information and belief, the Judgment was registered with this Court on or about November 20, 2007, and Petitioners' counsel issued a writ of execution that was subsequently served on JPMCB.

16.     Upon information and belief, the amount due to Petitioners on the Judgment at this time, inclusive of interest and costs, may be in excess of $13 million, and additional interest is accruing daily.

17.     On or about April 21, 2008, Petitioners commenced this special proceeding against JPMCB and seven other banks with offices in New York City (the "Respondents").  Petitioners' petition (the "Petition") seeks the entry of an order directing Respondents to turn over to Petitioners the funds held by Respondents in various bank accounts identified in exhibits E-1 through E-8 to the Petition, to the extent necessary to satisfy the Judgment.  Copies of the Petition in this action and the accompanying order to show cause, declaration of Nicole I. Hyland and exhibits (other

than exhibits E-1 through E-8, which are subject to a protective order that limits the disclosure of their contents) are being served on all third-party respondents with this third-party petition and the accompanying notice of petition.  Documents reflecting the Blocked Deposit Accounts and the Blocked Wire Transfer Accounts which each third-party respondent may, according to JPMCB's records, have an interest in or a claim against, are also being served upon the third-party respondents herewith.

18.     By order dated July 29, 2008, as modified on August 5, the Court ordered JPMCB and the other Respondents to deposit with the Registry of the Court by August 25, 2008, all of the funds being held by them in Blocked Deposit Accounts and Blocked Wire Accounts located in the United States with a value equal to or exceeding $50,000.  JPMCB has complied with this order.

19.     In Petitioners' reply memorandum dated May 23, 2008 in support of the Petition, Petitioners contend that all of the Blocked Deposit Accounts and the Blocked Wire Accounts have been blocked pursuant to the Sudanese Sanctions Regulations because they contain funds that belong either to Sudan itself or entities determined by OFAC and by Executive Order 13067, promulgated by President Clinton in November 1997, to be agencies or instrumentalities of Sudan.  Petitioners assert that for this reason they are entitled to have execution against all such funds, pursuant to TRIA § 201, and that the Court should order Respondents, including JPMCB, to turn over all such funds to Petitioners to the extent necessary to satisfy the Judgment.

20.     Upon information and belief, to the extent that the account holders of the Blocked Deposit Accounts are not agencies or instrumentalities of Sudan, such account parties may have claims to the funds in those accounts.

21.     While the Blocked Wire Accounts may bear titles referring to Sudanese banks and businesses, this does not mean that the funds in those accounts belong to one of these entities or to Sudan.  The account names are assigned to the accounts by employees of JPMCB solely for the sake of administrative convenience, and are not necessarily dispositive or probative with respect to the ownership of the funds in the accounts.

22.     Upon information and belief, to the extent that the originators or the beneficiaries of the wire transfers that were halted by JPMCB, and the proceeds of which were placed in Blocked Wire Accounts, or the originators' banks, beneficiaries' banks or intermediary banks for such wire transfers, are not agencies or instrumentalities of Sudan, one or more such persons may have claims to the funds in those accounts.

<u>Claim for Relief</u>

23.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 22 of this third-party petition to the same extent as if those allegations were set forth in full in this paragraph.

24.     By reason of the matters set forth above, Petitioners are claiming that they are entitled to the turnover of the funds formerly held by JPMCB in Blocked Deposit Accounts and Blocked Wire Accounts to the extent necessary to satisfy the Judgment.  Inasmuch as those accounts bear the names of persons and entities other than the Petitioners, this claim gives rise to a dispute as to the rights in such funds and constitutes a claim against those blocked funds.

25.     The third-party respondents may also have claims to some or all of the funds held or formerly held by JPMCB in Blocked Deposit Accounts or Blocked

Wire Accounts, on the ground that such third-party respondents deposited those funds into those Blocked Deposit Accounts or were the originators or beneficiaries of or acted as the originator's bank, the beneficiary's bank or an intermediary bank with respect to halted wire transfers the proceeds of which were placed in the Blocked Wire Accounts. These circumstances also give rise to disputes as to the rights in such funds and to claims against those blocked funds.

26.     JPMCB thus runs the risk of being exposed to inconsistent or multiple claims to the funds held or formerly held by it in Blocked Deposit Accounts or Blocked Wire Accounts.

27.     By reason of the foregoing, JPMCB is entitled to interplead all other parties who may have claims to the funds formerly held by JPMCB in Blocked Deposit Accounts and Blocked Wire Accounts that have been deposited by JPMCB with the Court and to obtain a determination by the Court, pursuant to CPLR § 5239, Banking Law § 134, Rule 22 of the FRCP and CPLR § 1006, of the rights of all interested parties with respect thereto.

WHEREFORE respondent and third-party petitioner JPMorgan Chase Bank, N.A. respectfully requests the entry of a judgment

(1)     determining its rights and the rights of the third party respondents and other interested parties in the funds that have been deposited by JPMCB with the Court;

(2)     determining whether any of the third-party respondents is an agency or instrumentality of the Republic of Sudan;

11

(3)     determining with respect to each of the Blocked Deposit Accounts and Blocked Wire Accounts the proceeds of which have been deposited by JPMCB with the Court whether the Petitioners have met their burden of proof with respect to the other requirements and conditions set forth in section 201 of TRIA for execution against such accounts;

(4)     determining whether the service made by JPMCB of this third-party petition, the Petition and accompanying papers, and the pleadings and submissions responsive to the Petitioners' Petition and order to show cause upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(5)     determining whether this Court has subject matter jurisdiction and in personam or in rem jurisdiction over the third-party respondents sufficient to determine their rights in funds that have been deposited by JPMCB with the Court;

(6)     determining whether JPMCB is a proper garnishee and has properly been subjected to execution of the Judgment with respect to the funds that have been deposited by JPMCB with the Court;

(7)     determining which of the Blocked Deposit Accounts and Blocked Wire Accounts at issue in this proceeding are subject to execution to satisfy the Judgment, the amount of funds from each of those accounts that should be turned over to the Petitioners and which of the Petitioners are entitled to receive those funds;

(8)     determining which portion of the funds on deposit with the Court should be returned to JPMCB and specifying the Blocked Deposit Accounts and Blocked

Wire Accounts into which those funds should be placed and the amount to be placed in each such account;

(9)     to the extent that funds deposited by JPMCB with the Court are turned over to any one or more of the Petitioners, discharging JPMCB from any and all liability to all of the other third-party respondents and any other persons who may have claims to such funds;

(10)     awarding to JPMCB its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(11)     Awarding to JPMCB such other and further relief as may be just and proper.

Dated:  New York, New York
        September 16, 2008

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
        Howard B. Levi, Esq.
    1185 Avenue of the Americas, 17th Floor
    New York, NY  10036
    Tel. No. (212) 308-6100

    Attorneys for Third-Party Petitioner
    JPMorgan Chase Bank. N.A.