UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
OLIVIA RUX, ET AL.,                                               :
                                                                  :
                                                                  :
                              Petitioners,                        :
                                                                  :
            - against -                                           :    Case No. 08 Civ. 6588 (AKH)
                                                                  :    ECF Case
ABN-AMRO BANK N.V., AMERICAN EXPRESS                              :
BANK LTD., BANK OF NEW YORK, BANK OF                              :
CHINA, CITIBANK N.A., DEUTSCHE BANK A.G.,                         :
DEUTSCHE BANK TRUST COMPANY                                       :
AMERICAS, HSBC BANK USA, N.A., and                                :
JPMORGAN CHASE BANK, N.A.,                                        :
                                                                  :
                              Respondents.                        :
                                                                  :
------------------------------------------------------------------x
                                                                  :
DEUTSCHE BANK, A.G. and DEUTSCHE BANK                             :
TRUST COMPANY AMERICAS                                            :
                                                                  :
                                                                  :
            Respondents and Third Party                           :
            Petitioners,                                          :
                                                                  :
            - against -                                           :
                                                                  :
TRANSNATIONAL BANK LTD.,                                          :
                                                                  :
            Third Party Respondent and                            :
            Adverse Claimant.                                     :
                                                                  :
------------------------------------------------------------------x

**ANSWER TO THE INTERPLEADER COMPLAINT AND**
**STATEMENT OF CLAIM TO THE FUNDS AND OBJECTION TO TURNOVER**

Third Party Respondent and Adverse Claimant Transnational Bank Limited ("Transnational Bank") responds to the Interpleader Complaint filed by Deutsche Bank, A.G. and Deutsche Bank Trust Company America's (collectively, "Deutsche Bank") as follows:

1

1. Admits the allegations in Paragraph 1.

2. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 2.

3. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 3.

4. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 4.

5. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 5.

6. Paragraphs 6 contains conclusions of law to which no response is required. To the extent a response is deemed required, Transnational Bank lacks knowledge and information as to the truth of the allegations.

7. Paragraphs 7 contains conclusions of law to which no response is required. To the extent a response is deemed required, Transnational Bank lacks knowledge and information as to the truth of the allegations.

8. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 8.

9. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 9.

10. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 10.

11. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 11.

12. Admits the allegation regarding Paragraph 12, section xx; however, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies those allegations.

13. Admits the allegations contained in Paragraph 13.

14. Admits the allegations of Paragraph 14 regarding the substance of petitioners claim; however, Transnational Bank denies the last sentence of Paragraph 14 as to the merits of any such claim.

15. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 15.

16. Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is deemed required, Transnational Bank lacks knowledge and information as to the truth of the allegations.

17. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 17.

18. Lacks knowledge and information as to the truth of the allegations contained in Paragraph 18.

19. Transnational Bank denies Deutsche Bank's prayer for relief and denies that Deutsche Bank is entitled to have or to recover any legal or equitable relief of any kind from Transnational Bank.

## **GENERAL DENIAL**

Subject to and without waiving any of its defenses, rights, or other objections, Transnational Bank denies all allegations contained in Deutsche Bank's complaint except as

expressly admitted herein. Transnational Bank reserves the right to amend, add, or delete defenses should further investigation and discovery reveal facts supportive of same.

## AFFIRMATIVE DEFENSES

Transnational Bank alleges the following defenses and affirmative defenses with respect to the Complaint in Interpleader, without assuming the burden of proof where the burden of proof rests on the Petitioners or Third Party Petitioners:

1. The Petition fails to state a cause of action upon which relief can be granted.

2. The Funds belonging to Transnational Bank that were blocked by Bankers Trust of New York (the "Funds") are not subject to attachment or execution because they are not the assets of the Government of Sudan, or of an agency or instrumentality of the Government of Sudan as required for attachment pursuant to the Terrorism Risk Insurance Act ("TRIA"). As the Office of Foreign Assets Control (OFAC) explained in a letter to this Court on August 22, 2008:

> OFAC believes that a significant portion of the blocked assets at issue here likely are not subject to execution or attachment by plaintiffs because they are not assets of Government of Sudan. This results from the broad regulatory definition of property "interest" described above, which can render assets not owned by the Government of Sudan subject to blocking. For example, many of the blocked assets are frozen wire transfers in which a blocked Sudanese entity - perhaps a bank - played some role, but in which the blocked Sudanese entity may be neither the sender nor the recipient of the funds. While such wire transfers are appropriately blocked pursuant to the SSR, experience shows that these wire transfers may well prove to be owned by persons not blocked under the SSR - and therefore not attachable under TRIA by the plaintiffs, who hold a judgment against Sudan. That is, the Government of Sudan may have an interest sufficient to render the asset subject to blocking under the SSR, but insufficient to be eligible for attachment under TRIA by plaintiffs holding a judgment against Sudan.

To the extent that the Funds are subject to blocking at all pursuant to the SSR, a point that Transnational Bank does not concede, OFAC's reasoning applies to the Funds.

3. The transfer of the contested blocked Funds into the registry of the Court violated the Sudanese Sanctions Regulations ("SSR"). The SSR requires that all blocked funds must remain in their current location, unless authorized by OFAC. 31 C.F.R. § 538.503. Moreover, any attachment, judgment, decree, lien, execution, garnishment, or other judicial process with respect to funds blocked under the SSR is null and void unless licensed or otherwise authorized pursuant to the SSR. 31 C.F.R. § 538.202(e). Not only did OFAC not authorize the transfer of such Funds into the registry of the Court, but it objected to such transfer. Accordingly, such transfer was improper and any potential attachment should be deemed null and void.

4. The Petitioners' claim to attach Transnational Bank's Funds pursuant to TRIA is not ripe for adjudication because Transnational Bank may appeal OFAC's denial of its request for a license releasing the Funds to Transnational Bank.

5. Petitioners violated Article 4-A of the New York Uniform Commercial Code ("N.Y. U.C.C.") when they served creditor process on Deutsche Bank, A.G. and Deutsche Bank Trust Company Americas, and are further prohibited by the N.Y. U.C.C. from compelling Deutsche Bank, A.G. and Deutsche Bank Trust Company Americas to pay the blocked Funds. N.Y. U.C.C. § 4-A-502(4).

6. The Court is restricted from acting with respect to the blocked Funds pursuant to N.Y. U.C.C. § 4-A-503.

**STATEMENT OF CLAIM TO THE FUNDS AND OBJECTION TO TURNOVER**

1. One of Transnational Bank's customers is Kenana Distributors Limited ("Kenana Distributors") a company located in Nairobi, Kenya that imports sugar primarily from Kenana Sugar Company Limited ("Kenana Sugar"), a sugar refinery located in Sudan. In prior

transactions, Kenana Distributors had requested that Transnational Bank remit funds to Kenana Sugar based in EURO and not dollar payments. For those transactions, Transnational Bank would issue instructions directly to Belgolaise Bank, Brussels to transfer Euros to Kenana Sugar's account at El Nilein Industrial Development Bank Group, Sudan ("El Nilein").

2. On or about September 24, 2001, Kenana Sugar shipped 60,000 bags of sugar to Kenana Distributors.

3. In early December 2001, after it had inspected the sugar, Kenana Distributors instructed Transnational Bank to remit payment for the sugar to the account of Kenana Sugar at El Nilein. These instructions, however, required the payment to be made in U.S. dollars in the amount of U.S. $1,083,250,00.

4. Since the bill was in dollar currency, Transnational Bank on December 7, 2001, requested another Kenyan bank, Middle East Bank, Nairobi ("Middle East") to effect the transfer in dollars on Transnational Bank's behalf (in turn, Transnational Bank settled with Middle East in Kenya shillings).

5. Instead of transferring the dollars directly to Kenana Sugar's account at El Nilein, as Transnational Bank had expected, Middle East effected the transfer through its correspondent bank in Brussels, Banque Belgolaise.

6. On or about December 11, 2001, Banque Belgolaise instructed Bankers Trust of New York ("Bankers Trust")[1] to transfer the Funds from Belgolaise's U.S. dollar account at Bankers Trust to Kenana Sugar's account at El Nilein.

7. As a result, on or about December 11, 2001, Bankers Trust sent a notice to Banque Belgolaise stating:

---

[1] Respondents and Third Party Petitioners Deutsche Bank, A.G. and Deutsche Bank Trust Company Americas are the successors by acquisition, merger or otherwise to Bankers Trust.

> YOUR TRANSACTION DATED 12/11/2001 FOR USD 1,083,235.70 UNDER YOUR REFERENCE CHX9344643281000 CANNOT BE PROCESSED IN ACCORDANCE WITH YOUR INSTRUCTIONS DUE TO SANCTIONS AGAINST SUDAN. UNDER REGULATIONS ISSUED BY THE US OFFICE OF FOREIGN ASSETS CONTROL (OFAC) PLEASE BE ADVISED THAT YOUR ACCOUNT HAS BEEN DEBITED AND FUNDS PLACED INTO A BLOCKED ACCOUNT AT BANKERS TRUST. WE REGRET ANY INCONVENIENCE OUR ACTIONS MAY HAVE CAUSED BUT WE ARE PROHIBITED FROM RETURNING BLOCKED FUNDS THAT ARE DEEMED IN THE INTEREST OF SUDAN UNTIL SUCH TIME AS OFAC ISSUES A LICENSE PERMITTING RELEASE OF THESE FUNDS.

8. Banque Belgolaise then notified Middle East of the blocked Funds, and Middle East then notified Transnational Bank.

9. Transnational Bank intended for Middle East to make the transfer directly to Kenana Sugar's account at El Nilein. Transnational Bank did not intend to use Bankers Trust or any American bank to effect such transfer, and Transnational Bank did not intend for either Middle East to use Banque Belgolaise, or the latter bank to use Bankers Trust, to effect the transfer. Transnational Bank had no reason to expect that Middle East would send the Funds through Banque Belgolaise, and Transnational Bank had no reason to expect that the Funds would be wired from Bankers Trust. Transnational Bank intended only for Middle East to effect the transfer, and the use of these latter banks, and the instructions they were given, was not intended by Transnational Bank.

10. In order to comply with its own obligations to make the payment to Kenana Suguar, Transnational Bank subsequently paid to Kenana Sugar (in tranches and in Euro). Thus, neither El Nilein nor the Government of Sudan has any interest in the blocked Funds, which belong solely to Transnational Bank. If the Funds are released, they will be remitted directly to

Transnational Bank, so, there is no prospect that the Funds will come within the ownership or control of the Government of Sudan.

11. Transnational Bank asked OFAC to unblock the Funds, but OFAC refused on the grounds that the Funds were being transferred through El Nilein, and "because the Sudanese Government controls the aforementioned bank, the [Funds] represent an interest in property blocked under OFAC Regulations."

12. On June 26, 2003, OFAC denied Transnational Bank's request for reconsideration. OFAC's decision to deny Transnational Bank's Application for release of its blocked Funds was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

13. Transnational Bank requests that its Funds, which have now been deposited in the registry of the Court, be released to Transnational Bank.

WHEREFORE, Transnational Bank prays that this Court enter an order:

1. holding that Transnational Bank's blocked Funds are not the property of the Government of Sudan and so are not subject to execution or attachment;

2. holding that the Funds belonging to Transnational Bank that the Registry of the Court is currently holding should be immediately released to Transnational Bank; and

3. awarding Transnational Bank all such further relief to which it may be justly entitled.

Dated:   November  21, 2008

**HUNTON & WILLIAMS LLP**

By:/s/ Jeffrey W. Gutchess\_\_\_\_\_
    Jeffrey W. Gutchess
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    (212) 309-1000
    jgutchess@hunton.com

    *Attorneys for Third-Party Respondent*
    *and Adverse Claimant Transnational Bank Ltd.*

**DECLARATION OF SERVICE**

Jeffrey W. Gutchess, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am a partner at the law firm of Hunton & Williams LLP, attorneys for Third Party Respondents and Adverse Claimants Transnational Bank Ltd.

That on November 21, 2008, I served a true copy of the attached Answer to the Interpleader Complaint and Statement of Claim to the Funds and Objection to Turnover on all counsel of record via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2008.

/s/ Jeffrey W. Gutchess___
Jeffrey W. Gutchess