UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA RUX et al., | |
|            Petitioners, | |
|   - against - | |
| ABN-AMRO BANK N.V., et al., | |
|            Respondents. | 08 Civ. 6588 (AKH) |

JPMORGAN CHASE BANK, N.A.,

           Third-Party Petitioner,

  - against -

THE REPUBLIC OF SUDAN, et al.,

           Third-Party
           Respondents.

**ANSWER TO THIRD-PARTY
PETITION, WITH
COUNTERCLAIM AND
CROSS-CLAIM**

NORDEA BANK FINLAND PLC,

           Counterclaimant- Cross-
           Claimant,

  - against -

JPMORGAN CHASE BANK, N.A.,

           Counterclaim Defendant,

and OLIVIA RUX et al.,

           Cross-Claim Defendants.

1

## ANSWER

Third-Party Respondent Nordea Bank Finland Plc ("Nordea"), by its attorneys, Arnold & Porter LLP, for its answer to the Third-Party Petition of JPMorgan Chase Bank, N.A. ("JPMC"), dated September 16, 2008 (the "Third-Party Petition"), hereby alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and refers to the Third-Party Petition for a full and accurate statement of its contents.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Admits the allegations in paragraph 3.

4.      Admits the allegations in paragraph 4 upon information and belief.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 through 7.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8; except admits upon information and belief that, until ordered by the Court to make deposits into the Court's Registry a few months ago, JPMC had been holding certain accounts holding the proceeds of blocked wire transfers for which Nordea was the originating bank and Bank of Khartoum ("BOK") was the beneficiary bank (the "Nordea Wire Transfers"); and avers that the ultimate beneficiaries of the Nordea Wire Transfers were not BOK but entities that held and, upon information and belief, still hold accounts there, and that such entities neither were nor are owned or controlled by the Government of Sudan ("Sudan") or any agency or instrumentality thereof.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, except admits that Nordea has its principal place of business outside the State of Ohio, that it was the originating bank for the Nordea Wire Transfers, which were

2

routed through JPMC, and, upon information and belief, that those transfers were not completed by JPMC but blocked in accordance with the Sudanese Sanctions Regulations and the proceeds placed by JPMC in blocked accounts.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 through 11.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and refers to the statutes referred to therein for a full and accurate statement of their contents.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except admits upon information and belief that the blocked accounts at JPMC that held the proceeds of the Nordea Wire Transfers were maintained in this judicial district.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and refers to the filings of plaintiffs (the "Petitioners" in the first of the above-captioned actions) in *Olivia Rux, et al. v. Republic of Sudan*, Civil Action No. 2:04cv428, and the July 25, 2007 default judgment of the United States District Court for the Eastern District of Virginia (the "Judgment") for a full and accurate statement of their contents.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17; refers to the Petition filed on or about April 21, 2008 for a full and accurate statement of its contents; and admits that a copy of the referenced papers was served on

3

Nordea, including documents reflecting what JPMC have advised are the blocked accounts holding the proceeds of the Nordea Wire Transfers.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and refers to the Court's July 29, 2008 Order, modified on August 5, 2008, for a full and accurate statement of its contents.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19; refers to Petitioner's reply memorandum dated May 23, 2008 for a full and accurate statement of its contents; and avers that Petitioners are not entitled to have execution against the blocked accounts holding the proceeds of the Nordea Wire Transfers, because those funds do not belong either to Sudan or to any agency or instrumentality thereof.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that Nordea does have legitimate claims to the proceeds of the Nordea Wire Transfers, which, upon information and belief were held in blocked accounts by JPMC and now are deposited in the Court's Registry.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admits that the blocked funds representing the proceeds of the Nordea Wire Transfers do not belong to Sudan or any of its agencies or instrumentalities.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, except admits that Nordea has such a claim, and avers that neither it nor its customer that originated the Nordea Wire Transfers nor the ultimate beneficiaries of those wire transfers was an agency or instrumentality of Sudan.

20.    With respect to paragraph 23, repeats and realleges the responses above to the allegations in paragraphs 1 through 22.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, refers to the Petition for a full and accurate statement of its contents,

4

and avers that Nordea is entitled to the blocked funds representing the proceeds of the Nordea

Wire Transfers, with interest.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 25, except avers that Nordea has such a claim, and avers that Nordea is

entitled to the blocked funds representing the proceeds of the Nordea Wire Transfers, with

interest.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 26, except avers that Nordea is entitled to the blocked funds

representing the proceeds of the Nordea Wire Transfers, with interest.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 27.

## COUNTERCLAIM AND CROSS-CLAIM

By and for its Counterclaim against Third-Party Petitioners JPMC and Cross-Claim

against Olivia Rux and other named Petitioners in the underlying action, Nordea hereby alleges

as follows:

25.     The allegations in paragraphs 1 through 24, above, are repeated and realleged as if

fully set forth herein.

26.     Nordea is a Finnish subsidiary of a Swedish-headquartered bank neither

associated with nor owned or controlled in any part by Sudan or any of its agencies or

instrumentalities.

27.     Counterclaim defendant JPMC is, upon information and belief, a national banking

association organized and existing under the laws of the United States, with its main office (as

set forth in its Articles of Association) in the State of Ohio, and with offices in New York State

and City.

28.    Cross-Claim defendants Olivia Rux and all other Petitioners named in the above-mentioned Petition dated April 21, 2008 are residents of the State of Virginia.

29.    This Court has jurisdiction of the claims set forth herein pursuant to 28 U.S.C. § 1332.

30.    This Court has venue of this proceeding pursuant to 28 U.S.C. §1391(a).

31.    Nordea was the originating bank on the following two wire transfers which were blocked by JPMC on the dates indicated, in accordance with regulations of the United States Treasury Department's Office of Foreign Assets Control ("OFAC"):

a.  $300,000 wire transfer dated October 12, 2001 (account no. 395911958); and

b.  $225,697.89 wire transfer dated March 25, 2008 (account no. 783318686).

32.    Both of the foregoing wire transfers (the "Nordea Wire Transfers") were initiated by, and intended to be received by, entities that were not and are not owned by or agencies or instrumentalities of Sudan.

33.    The Nordea Wire Transfers were originated by Nordea's customer, Barwil Agencies A.S. Oslo ("Barwil").

34.    Barwil is a Norwegian owned shipping agency with operations, offices and subsidiaries in various countries throughout the world.  Barwil is not owned or controlled in any part by Sudan or any of its agencies or instrumentalities.

35.    The $300,000 wire transfer was for working capital purposes for Baasher Barwil Agencies Ltd. ("Baasher Barwil"), which is Barwil's subsidiary and local shipping agency in Sudan.

36.    Baasher Barwil is not owned or controlled in any part by Sudan or any of its agencies or instrumentalities.

37.    The $225,697.89 wire transfer was a dividend payment to Mohammed Abdalla Ahmed Baasher ("Mr. Baasher"), an officer and minority shareholder of, Baasher Barwil.

6

38.    Mr. Baasher is not an agent or instrumentality of Sudan but an independent businessman who has been Barwil's representative in Sudan for many years, in charge of Barwil's shipping agency business there.

39.    Both of the Nordea Wire Transfers were ordinary and necessary transactions in the course of the business of Baasher Barwil, and neither the Government of Sudan nor any agency or instrumentality thereof had, or has, any interest in those funds.

40.    Accordingly, the funds are not property of Sudan that could be subject to attachment for purposes of satisfying the judgment obtained against Sudan by the above-named Petitioners in this proceeding.

WHEREFORE, Nordea respectfully requests, on behalf of itself and its customer, Barwil Agencies S.A. Oslo, that the Court release the identified funds that are the proceeds of the Nordea Wire Transfers, with interest, from its Registry, and return those funds to JPMC, so Nordea may pursue efforts with OFAC to unblock them.

Dated: New York, New York
        November 20, 2008

ARNOLD & PORTER LLP

By:_____
     Charles G. Berry
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Third-Party Respondent and
Counterclaim and Cross-Claim Plaintiff,
Nordea Bank Finland Plc*