UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVIA RUX et al.,

                Petitioners,

  - against -                        08 Civ. 6588 (AKH)

ABN-AMRO BANK N.V., et al.,

                Respondents.

---

## OBJECTIONS OF NORDEA BANK FINLAND PLC TO SEPTEMBER 22, 2008 NOTICE TO ENTITIES WHICH CLAIM AN INTEREST IN FUNDS BLOCKED BY REGULATIONS AFFECTING THE REPUBLIC OF SUDAN, WHICH FUNDS HAVE BEEN DEPOSITED IN THE COURT REGISTRY, AND NORDEA'S MOTION TO INTERVENE PURSUANT TO F.R.CIV. P. 24(a)(2)

In response to and accordance with the Notice dated September 22, 2008, addressed to "those persons or entities which may claim an interest in funds blocked by regulations affecting the Republic of Sudan" (hereinafter, the "Notice"), Objectant-Intevenor Nordea Bank Finland Plc ("Nordea"), by its undersigned attorneys, Arnold & Porter LLP, hereby states as follows:

### Objections in Response to Notice

1.     There are two wire transfers in which Nordea and its customer have an interest, the proceeds of which were blocked by Respondent JPMorgan Chase Bank, N.A. ("JPMC") and that Nordea is informed have been deposited into the Court's Registry. Those funds are not the property of the Government of Sudan or any entity or instrumentality owned or controlled by it ("Sudan").

2.     These Objections (a) specify the accounts (both holding the proceeds of wire transfers) in which Nordea claims an interest, on behalf of itself and its customer, Barwil Agencies A.S. Oslo, a subsidiary of a global Norwegian majority-owned shipping agency

1

("Barwil") and (b) set forth the factual basis for Nordea's claim that the subject funds do not belong to Sudan but are the property of Nordea and/or Barwil.

3. The subject funds are the proceeds of the following two wire transfers which were blocked by JPMC on the dates indicated, in accordance with regulations of the United States Treasury Department's Office of Foreign Assets Control ("OFAC"):

   a. $300,000 wire transfer dated October 12, 2001 (account no. 395911958). (According to the summary furnished to Nordea by JPMC pursuant to the Notice, the amount in this account as of April 14, 2008, including accumulated interest, was $331,882.00.)

   b. $225,697.89 wire transfer dated March 25, 2008 (account no. 783318686).

4. The details of these wire transfers and the reasons why they are not property of Sudan or subject to attachment in this proceeding are set forth in the accompanying declarations of (a) Kirsti Niinisalo-Snowden, Head of Legal Services and Compliance at Nordea's London Branch, (b) Ove Myrvaag, Chairman of the Board of Nordea's customer, Barwil, and (c) Mohammed Abdalla Ahmed Baasher ("Mr. Baasher"), an officer and minority shareholder of Barwil's subsidiary and agency in Sudan, Baasher Barwil Agencies Ltd. ("Baasher Barwil").

5. As explained in the accompanying declarations, both of the subject wire transfers were sent by, and intended to be received by, entities that were not and are not owned by or agencies or instrumentalities of Sudan.

6. Nordea is a Finnish subsidiary of a Swedish-headquartered bank neither associated with nor owned or controlled in any part by Sudan or any of its agencies or instrumentalities.

2

7. Barwil is a Norwegian majority-owned shipping agency with operations, offices and subsidiaries in various countries throughout the world. Barwil is not owned or controlled in any part by Sudan or any of its agencies or instrumentalities.

8. Baasher Barwil is Barwil's local shipping agency in Sudan. It is not owned or controlled in any part by Sudan or any of its agencies or instrumentalities..

9. Mr. Baasher is not an agent or instrumentality of Sudan but an independent businessman who has been Barwil's representative in Sudan for many years, in charge of Barwil's shipping agency business there.

10. The $300,000 wire transfer was for working capital purposes for Baasher Barwil.

11. The $225,697.89 wire transfer was a dividend payment to Mr. Baasher as minority shareholder of Baasher Barwil.

12. Both wire transfers were ordinary and necessary transactions in the course of the business of Baasher Barwil, and neither the Government of Sudan nor any agency or instrumentality thereof had, or has, any interest in those funds.

13. Accordingly, the funds are not property of Sudan that could be subject to attachment for purposes of satisfying the judgment obtained against Sudan by the above-named Petitioners in this proceeding.

14. Nordea respectfully requests, on behalf of itself and its customer, Barwil Agencies S.A. Oslo, that the Court release the identified funds from its Registry, and return the funds to JPMC, so Nordea may pursue efforts with OFAC to unblock the funds.

## Motion To Intervene

15. The September 22, 2008 Notice suggests that interested parties that receive such Notice "should also consider asking the Court for permission to intervene in the New York lawsuit and become a party to the lawsuit for all purposes." (Notice, p. 4)

16. Because of Nordea's interest in the above-identified funds, it hereby moves, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, for permission to intervene in these proceedings, as of right.

17. Subsection 2 of F.R. Civ.P. 24(a) provides: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

18. Here, Nordea has a direct interest in protecting the subject funds and ensuring that they are returned to it for the benefit of its customer, Barwil. JPMC is merely a stakeholder and cannot be expected to adequately represent the important interest that Nordea has.

19. Accordingly, Nordea is entitled to intervene of right and to receive notice of, and participate in, all proceedings herein. See Salomon Smith Barney, Inc., , v. McDonnell, et al., 2001 U.S. Dist. LEXIS 13505, at *3-4 (S.D.N.Y. Sept. 5, 2001) (granting "timely motion to intervene which demonstrates a clear and protectible interest that might be impaired without [intervenor's] presence in this interpleader litigation").

WHEREFORE, Nordea respectfully requests that the Court determine that the subject wire transfers are not property of Sudan (or any agency or instrumentality thereof), so that those

funds (including accumulated interest thereon) may be returned to JPMorgan Chase Bank, and Nordea, on behalf of itself and Barwil, may pursue the unblocking and retrieval of those funds.

Dated: New York, New York
November 20, 2008

                                    **ARNOLD & PORTER LLP**

By: _____
Charles G. Berry (CB 2389)
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Objectant-Intervenor
Nordea Bank Finland Plc*

5