UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA RUX et al., | |
| Petitioners, | 08 Civ. 6588 (AKH) |
| - against - | DECLARATION |
| ABN-AMRO BANK N.V., et al., | |
| Respondents. | |

I, Ove myrvaag, declare as follows:

1. I am the Chairman of the Board at Barwil Agencies A.S. Oslo ("Barwil"), which maintains its principal place of business at Strandveien 20, Lysaker, Norway.

2. I have knowledge of the facts set forth in this declaration and am authorized to make it on behalf of Barwil.

3. I make this declaration in response to a notice from this Court dated September 22, 2008, addressed to "those persons or entities which may claim an interest in funds blocked by regulations affecting the Republic of Sudan."

4. The purpose of this declaration is to advise the Court that certain funds that have been deposited into the Court Registry pursuant to court order are not the property of the Government of Sudan ("Sudan") or its agencies or instrumentalities.

5. In particular, this declaration confirms that neither Barwil nor any of its subsidiaries or shareholders is either owned or controlled by Sudan or an agency or instrumentality of Sudan.

6. Accordingly, I respectfully request that the subject funds be returned to the bank which held them prior to deposit into the Court Registry, namely, JPMorgan Chase Bank

1

("JPMC"), so that steps can be taken, through Barwil's transmitting or originating bank -- Nordea Bank Finland PLC London ("Nordea") -- to release those funds from restrictions imposed by the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury and return them to the originally intended beneficiaries.

**The Subject Wire Transfers**

7. There are two wire transfers that Barwil initiated that I understand were blocked in accordance with OFAC regulations. They are

- $300,000 wire transfer dated October 12, 2001 (the "$300,000 wire transfer"), pursuant to instructions from Mr. Dag-Erik OS of Barwil, for the ultimate benefit of Baasher Shipping and Trading, also known as Baasher Barwil Agencies Ltd. ("Baasher Barwil"). The originating bank was Merita Bank PLC London (a predecessor of Nordea), and the beneficiary bank was Bank of Khartoum, where Baasher Barwil maintained the account designated to receive the funds.

- $225,697.89 wire transfer dated March 25, 2008 (the "$225,697.89 wire transfer"), pursuant to instructions from Barwil, for the ultimate benefit of Mr. Mohammed Abdalla Ahmed Baasher, a minority shareholder and Director of Baasher Barwil ("Mr. Baasher"). The originating bank was Nordea, and the beneficiary bank was Bank of Khartoum, where Mr. Baasher maintained the account designated to receive the wired funds.

8. I am advised that both the $300,000 wire transfer and the $225,697.89 wire transfer (collectively, the "wire transfers") were blocked by JPMC, which notified Nordea/Merita that the transfers were blocked pursuant to OFAC regulations.

9. Both of the subject wire transfers were sent by and intended to be received by entities that were not and are not agencies or instrumentalities of Sudan.

10. Accordingly, the funds are not property of Sudan that could be subject to attachment for purposes of satisfying the judgment obtained against Sudan by the above-named Petitioners in this proceeding.

**Barwil, Baasher Barwil and Mr. Baasher Are Not Agents or Instrumentalities of Sudan**

2

11. Barwil is a Norwegian majority-owned shipping agency with operations, offices and subsidiaries in various countries throughout the world.

12. Among the subsidiaries of Barwil is Baasher Barwil, a shipping agency with offices at Parade Port Sudan, Sudan.

13. Baasher Barwil is not owned or controlled in any part by Sudan or any of its agencies or instrumentalities.

14. [As confirmed in a separate declaration submitted herewith,] Mr. Baasher, a minority shareholder of Baasher Barwil, is not an agent or instrumentality of Sudan but an independent businessman who has been Barwil's representative in Sudan for 25 years, in charge of Barwil's shipping business there.

**The Nature and Purpose of the Wire Transfers**

15. The $300,000 wire transfer was for working capital purposes for Baasher Barwil.

16. The $225,697.89 wire transfer was a dividend payment to Mr. Baasher as minority shareholder of Baasher Barwil.

17. Both wire transfers were ordinary and necessary transactions in the course of the business of Baasher Barwil, and neither the Government of Sudan nor any agency or instrumentality thereof had, or has, any interest in those funds.

18. Further detail concerning these wire transfers, and documentation with respect to their blocking are provided in the declaration of a representative of Nordea being submitted herewith.

19. If the Court requires further information from Barwil in connection with this matter, we will make every effort to provide it.

WHEREFORE, we respectfully request that the Court determine that the subject wire transfers are not property of Sudan (or any agency or instrumentality thereof), so that those funds (including accumulated interest thereon) may be returned to JPMorgan Chase Bank, and Nordea, on behalf of Barwil, may pursue the unblocking and retrieval of those funds.

I declare under penalty of perjury under the laws of the United States of America, in accordance with 28 U.S.C. § 1746, that the forgoing is true and correct.

Executed in Lysaker, Norway this 18th day of November 2008.

Name: Ole Myrvåg

Title: Chairman of the Board