UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OLIVIA RUX, et al.,

                Petitioners,                      Case No. 08 Civ. 6588 (AKH)

      - against –

ABN-AMRO BANK, N.V., et al.                  **CLAIM of ZARMACH OIL SERVICES, INC.**

                Respondents.
-----------------------------------------------------------X

       NOW COMES CLAIMANT, Zarmach Oil Services, Inc. (Zarmach), a company incorporated under the laws of British Virgin Islands (BVI), and hereby asserts is claim to funds of $915,102 plus interest, presently paid into the United States District Court for the Southern District of New York. Pursuant to this Court's Order entered on September 9, 2008, Zarmach provides this claim objecting to the use of its funds to satisfy the judgment of the Petitioners because such funds are not the property of Sudan or any of its agencies. In support of its claim, Zarmach states as follows:

       1.      Zarmach is the successor in interest to Cliveden Petroleum Co,. Ltd. (Cliveden) with respect to a claim for funds which were blocked by the Bank of New York on November 21, 2003. See Dickieson Affidavit, Exhibit 6.

       2.      Cliveden is a BVI corporation which legally sought to transfer $915,102 to The Sudanese Petroleum Corporation (Sudapet) account in Switzerland – BNP, Paribas (Suisse) S.A. Geneva, formerly United European Bank Geneva. The purpose of the funds was to provide funds for social development, training and other purposes in exchange for securing rights to an oil lease in Sudan. Specifically, on October 21, 2003, Cliveden entered into an Exploration and

Production Sharing Agreement with the Ministry of Energy and Mining of the Republic of Sudan – the owner of Sudapet.

3. On November 21, 2003 Cliveden authorized the transfer of $915,102 from Banco Atlantico (Gibraltar) to the Sudapet account in Switzerland. See Dickieson Affidavit, Exhibits 1 and 2.

4. For reasons currently unverified, the wired funds were routed through the Bank of New York on their way to Sudapet's account. See Dickieson Affidavit, Exhibit 3.

5. The Bank of New York blocked the further transfer of funds to Sudapet based on sanctions imposed on Sudanese assets in the United States. See Dickieson Affidavit, Exhibit 3.

6. Sudapet refused to allow the Cliveden transaction to close until it actually received $915,102 in the Swiss Sudapet account.

7. To close the transaction, on December 8, 2003, Cliveden legally transferred an additional $915,102 to Sudapet in a wire transaction that did not involve any U.S banks. See Dickieson Affidavit, Exhibits 4 and 5.

8. Sudapet received the second $915,102 and the transaction closed.

9. Subsequent to receiving the oil rights, Cliveden assigned the oil lease to another company, High Tech Petroleum, and assigned its claim to the blocked $915,102 to Zarmach. See Dickieson Affidavit, Exhibit 6.

10. At all times, Cliveden, as a BVI corporation, was operating legally and was not in violation of any laws.

11. At all times, Zarmach, as a BVI corporation, was operating legally and was not in violation of any laws.

12. Neither Sudapet nor the Government of Sudan (or any other agency of Sudan) have any claim to ownership of the sum of $915,102 that is currently held in the registry of this Court.

13. The $915,102 is solely the property of Zarmach and should be paid to Zarmach.

14. Under no circumstances should the $915,102 be used to satisfy any claim against Sudapet or the government of Sudan, as that would amount to a confiscation of funds belonging to a BVI corporation, and no such confiscation is authorized by any law. Such confiscation would actually provide a benefit to the Government of Sudan by reducing Sudan's liabilities without sacrificing any Sudanese assets. That clearly was not the intention underlying the order to block the transfer of funds in question.

WHEREFORE, Zarmach Oil Services, Inc. respectfully objects to the distribution of its funds to any Petitioners in this case and requests that the $915,102 plus interest from November 21, 2003 be transferred to Zarmach forthwith.

November 21, 2008

Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.

By: _____/s/_____
Lisa F. Fishberg, Esq.
David H. Dickieson, Esq.
601 Pennsylvania Avenue, NW
North Building – 9th Floor
Washington, DC  20004
202-628-4199
Facsimile: 202-628-4177
LFishberg@schertlerlaw.com
DDickieson@schertlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Claim was filed and served via ECF with copies being sent via facsimile to the following counsel, this 21st day of November, 2008:

    Andrew C. Hall, Esq.
    Hall, Lamb and Hall, PA
    2665 South Bayshore Drive – Penthouse One
    Miami FL  33133
    Facsimile No: 305-374-5033

    Howard B. Levi, Esq.
    Levi Lubarsky & Feigenbaum LLP
    1185 Avenue of the Americas – 17th Floor
    New York NY  10036
    Facsimile No: 212-308-8830

_/s/ David H. Dickieson_
David H. Dickieson