UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

OLIVIA RUX *et al.*

                 Petitioners,

    -against-

ABN-AMRO BANK N.V. *et al.*

                 Respondents.             Case No. 08 Civ. 6588 (AKH)

DEUTSCHE BANK A.G. and DEUTSCHE BANK      **DECLARATION OF**
TRUST COMPANY AMERICAS             **ILSE VAN de MIEROP**

                 Respondents and Third-
                 Party Petitioners,

    -against-

AL HADHA EXCHANGE *et al.*

                 Third Party Respondents
                 and Adverse Claimants.

------------------------------------------------------------------------x

     I, Ilse Van de Mierop, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury as follows:

     1.  I have personal knowledge of the following facts, which are true and correct, and I am

competent to testify to them.  I am over 18 years of age and my business address is DLA Piper,

106 Avenue Louise, Brussels B-1050, Belgium.  I am submitting this Declaration in support of

(a) the Objection of the Receivers of Sabena SA to the Petition to Compel Respondents to Pay

Money to Judgment Creditors from Judgment Debtor's Bank Accounts and Assets, (b) the

Answer of Third Party Respondent the Receivers of Sabena SA to the Third Party Petition Seeking Relief in the Nature of Interpleader of Respondents and Third Party Petitioners Deutsche Bank A.G. and Deutsche Bank Trust Company Americas, and (c) the Motion to Intervene of the Receivers of Sabena SA.

2. I am one of the Receivers of Sabena SA appointed by the Brussels Commercial Court in Belgium and, as such, I have authority to make this Declaration for the Receivers of Sabena SA and am a custodian of records for the Receivers of Sabena SA.

3. By an Order issued on November 7, 2001, the Brussels Commercial Court declared Sabena SA to be bankrupt and appointed me and four other individuals as the Receivers of Sabena SA. A true and correct copy of such Order is attached hereto as Attachment 1. I have continuously served as a Receiver of Sabena SA since the foregoing appointment. Among other things, the Receivers of Sabena SA have the right to collect amounts owed to Sabena SA.

4. Sabena SA ("Sabena"), which was also known as Sabena Belgian World Airlines, was incorporated in Brussels, Belgium in 1923. Sabena was the national airline of Belgium, and its principal place of business was Brussels, Belgium.

5. In addition to providing scheduled and chartered domestic and international air transportation services, Sabena, through its "Sabena Technics" division, provided aircraft repair and maintenance services to other airlines and other companies and organizations.

6. On or about June 26, 1997, Sabena entered into Contract TC/BS/979059-26 with Sudan Airways Ltd. ("Sudan Airways") under which Sabena agreed to provide, and Sudan Airways agreed to pay for, certain technical services for a Sudan Airways A310-200 aircraft.

7. On or about August 22, 1997, Sabena entered into Contract TC/BS/979060A with Sudan Airways under which Sabena agreed to provide, and Sudan Airways agreed to pay for, certain technical services for a Sudan Airways A300B4-600 aircraft.

8. On or about October 20, 1997, Sabena sent Invoice 3000012604 to Sudan Airways for US$197,500.00 for work to be performed under Contract TC/BS/979059-26 during November 1997. A true and correct copy of this invoice is attached hereto as Attachment 2.

9. On or about October 24, 1997, Sabena sent Invoice 3000012916 to Sudan Airways for US$163,000.00 for work to be performed under Contract TC/BS/979060A during November 1997. A true and correct copy of this invoice is attached hereto as Attachment 3.

10. Upon information and belief, on or about November 4, 1997, Sudan Airways initiated a wire transfer for US$360,500.00 to Sabena to pay the foregoing invoices. Upon information and belief, on or about November 4, 1997, Bankers Trust, the intermediary bank for the wire transfer, located in New York, New York, blocked the wire transfer. The blocked funds are a subject of this action.

11. Based on my examination of Sabena's documents and records, I believe that Sabena fully and correctly performed all the work described in Invoices 3000012604 and 3000012916 and that Sabena has not been paid for any of such work. Accordingly, the Receivers of Sabena SA are entitled to receive the foregoing blocked funds as payment for such work.

12. As a custodian of records of the Receivers of Sabena SA, I certify that the documents and records referred to in paragraphs 3, 6 through 9 and 11 above (a) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, (b) were kept in the course of the regularly conducted activity, and (c) were made by the regularly conducted activity as a regular practice.

3

13.  After the deduction of any and all setoffs, credits and other just grounds of defense, Sudan Airways owes the Receivers of Sabena SA the principal amount of US$360,500.00, and such principal amount, plus all accrued interest, is justly due from Sudan Airways to the Receivers of Sabena SA.  The Receivers of Sabena SA have not, directly or indirectly, received any part of the amounts charged herein as due, nor have they received any security or satisfaction for which credit has not already been given.

14.  On or about October 5, 2001, Sabena filed a Verified Petition pursuant to Section 304 of the U.S. Bankruptcy Code with the U.S. Bankruptcy Court for the Southern District of New York, thereby commencing Case No. 01-B-15224 (ALG).

15.  On February 27, 2002, the U.S. Bankruptcy Court in Case No. 01-B-15224 (ALG) issued a Permanent Injunction Order that, among other things:

> ORDERED, that all persons and entities are enjoined from:  (a) seizing, repossessing, attaching, transferring, relinquishing or disposing of any property of the Company in the United States, or the proceeds of such property, including, without limitation, airplanes and related property located at airports, air travel slots, gates and receivables from airline ticket sales to third parties; (b) commencing or continuing any action or legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, against the Company, or any property in the United States that is involved in the foreign proceeding, or any proceeds thereof; (c) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Company, or any property in the United States, or any proceeds thereof-, (d) drawing down any letter of credit established by, on behalf or at the request of, the Company in excess of amounts expressly authorized by the terms of the contract, other agreement or applicable law pursuant to which such

4

letter of credit has been established; (e) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest in excess of amounts expressly authorized by the terms of the trust, escrow or similar arrangement or applicable law; and (f) taking any discovery from the Company; and it is further

ORDERED, that all persons and entities in possession, custody or control of property of the Company in the United States, or the proceeds thereof, shall turn over and account for such property or its proceeds to the Petitioners [the Receivers of Sabena SA];

A true and correct copy of the Permanent Injunction Order is attached hereto as Attachment 4.

I declare under civil and criminal penalty of perjury under the laws of the United States of America, and under the laws of the Kingdom of Belgium, that the foregoing is true and correct.

Executed in Brussels, Belgium on November ____, 2008.

_____
Ilse Van de Mierop
Receiver of Sabena SA

# Attachment 1

## BRUSSELS COMMERCIAL COURT
### Extracts of the minutes kept at the Clerk's Office of the Brussels Commercial Court

**IN THE CASE OF:**

H/01/00092

The public limited company SABENA, whose headquarters are based in 1200 Brussels, avenue Emmanuel Mounier, 2, Brussels Trade Register 3.272, registered with the VAT office under the no. 403.457.543, represented by Mr J.M. NELISSEN GRADE, Lawyer at the Supreme Court of Appeal and Mr Th. BOSLY, lawyer whose offices are based in 1000 Brussels, rue Bréderode, 13,

Whereas the purpose of the appeal submitted by the public limited company Sabena, aims to:

- Obtain the ordering of the end of the provisional deferment granted by a decision of this court on the 5th of October 2001, and to

- demonstrate that the public limited company Sabena is bankrupt and therefore to announce its bankruptcy; and this in application of article 24 of the law of composition;

On the challenge of the composition:

Whereas this request is justified and should moreover have been submitted before the 7th of November 2001, as set out below;

Whereas this Court has held various meetings with the deferment auditors, followed by a report (see the 3 written reports of the 18th of October, the 24th of October and 2nd of November), as well as with the public limited company Sabena and the Belgian State, its majority shareholder;

Whereas it emerged from these meetings that the management of Sabena, who had not requested any extension of the period of the provisional deferment, would not submit a recovery plan and that this company was doomed to bankruptcy on the grounds that the major difficulty encountered by Sabena shortly after the granting of the provisional deferment was that of finding a buyer willing to take over all of the liabilities including the social liabilities;

Whereas, on the other hand, Sabena's declaration of bankruptcy would raise another issue, that of the immediate and concomitant removal of the slots allocated to it; which would amount to a definitive suspension of its aerial navigation activities, constituting an essential asset;

Whereas Sabena and the Belgian State therefore envisaged, for the purpose of their protection in the event of Sabena's bankruptcy, transferring these slots to the public limited company DAT, 100% subsidiary of the public limited company Sabena given that DAT, in turn, during the pre-bankruptcy period, would make them available to the public limited company Sabena, in order to ensure the continuation of its aerial navigation activities with its own planes and pilots;
Whereas this operation, they hope, should make it possible to maintain an aerial navigation activity with a Belgian base (via DAT after the bankruptcy) on the site of Brussels National Airport as well as other connected commercial activities, and thus save a large number of jobs in Zaventem and in Belgium;

For true translation
The sworn translator

Iris Pepermans

TAALBUREAU
IRIS PEPERMANS
BERLAARBAAN 157
2860 SINT-KATELIJNE-WAVER
TEL/FAX/MODEM 015/55.58.36

Whereas the public limited company Sabena and the Belgian State have taken the responsibility of considering, for their part, that the transfer of these slots to DAT did not constitute a transfer of activity in the sense of article 41 of the law of composition, but was a *"protective"* act of *"current management"* not requiring any prior authorisation from the Court;

Whereas they have explained to this Court that they had acted in this sense;

Whereas this being the case, the public limited company Sabena, the Belgian State and the deferment auditors, despite the fact that the latter considered that the conditions of the composition were no longer met (see minutes of the public hearing of the 26th of October 2001), nevertheless judged that it was inopportune to ask the court, which has no official power on the matter, to challenge the composition as long as the slot transfer operations, the repatriation to Brussels of the Sabena planes for protection from any security type seizures, etc. had not been carried out; whereas they therefore postponed their request until this 7th of November 2001;

Whereas as a result of the developments above, the provisional deferment that was granted to the public limited company Sabena did not serve to draw up a recovery plan, nor furthermore to allow the carrying out of a transfer of activity in the sense of article 41 of the law of composition, but was used to allow the public limited company Sabena to organise its bankruptcy under the cover of the composition and therefore sheltered from its creditors,

Whereas we can certainly ask ourselves whether this kind of scenario meets the aims of the composition, or whether it rather makes it "the ante-chamber of the bankruptcy"; whereas this question is no longer relevant for the time being;

On the bankruptcy:

Whereas the public limited company Sabena has been heard on this point;

Whereas, the figures that appear in the composition file establish that the aerial navigation activities of the public limited company Sabena are almost definitively suspended, as are elements developed in its petition for the challenge of the composition, that the two conditions of article 2 of the bankruptcy law are met and that the company is bankrupt in such a way as to suspend payments and make its document unsound;

Whereas in view of the terms of the authorisation granted by the European Commission with regard to the bridging loan of 125,000,000 Euro (see letter setting out the decision of the EC Commission of the 18th of October 2001), subject to interpretation, and of the last declarations of this Commission, which seem to prohibit their use in favour of the public limited company DAT, the attention of the auditors and of the deputy auditors should be drawn in particular to the fact that under the present circumstance, the bankruptcy of the public limited company Sabena, it will be up to them to gather the formal authorisation of the European Commission before the eventual implementation of the bridging loan of 125,000,000 Euro to the benefit of a company other than Sabena, for example, in favour of the public limited company DAT;

For true translation
The sworn translator

Iris Pepermans

TAALBUREAU
IRIS PEPERMANS
BERLAARBAAN 157
2860 SINT-KATELIJNE-WAVER
TEL/FAX/MODEM 015/55.59.38

**ON THESE GROUNDS**

The Court,

Ruling as the first jurisdiction,

in accordance with the Public Ministry in its opinion,

In view of the provisions of the law of the 8th of August 1997 on bankruptcies and the law of the 15th of June 1935 on the use of languages in legal matters;

Ends the provisional deferment granted by a decision of this Court on the 5th of October 2001 and declares the bankruptcy of the public limited company SABENA with headquarters in Woluwé-Saint-Lambert, 2, avenue E. Mounier;

Belgian Trade Register 3872
VAT 403,457.543

Commercial activity; Aerial navigation company

Appoints Messrs. A. SERVAIS and P. MOTYL, as auditing magistrates

Designates;

Mr Alain d'IETEREN; Chaussée de La Hulpe 187, 1170 Brussels
Mr Jean BAYART, Avenue de Broqueville, 116/10, 1200 Brussels
Mr Christian VAN BUGGENHOUT, Henri Wafelaertsstraat, 47-51, 1060 Brussels,
Ms Ilse VAN DE MIEROP, Henri Wafelaertsstraat, 47-51, 1060 Brussels
Mr Thierry VAN DOOSSELAERE, Lange Gasthuisstraat, 27, 2000 Antwerp

As lawyers for the purpose of fulfilling, under the surveillance of the aforementioned auditing magistrates, the functions of trustees, after having previously and in accordance with article 30 of the law of the 8th of August 1997, taken an oath of loyalty to the King, obedience to the Constitution and to the laws of the Belgian people and to carry out the mission in all honour and conscience with accuracy and probity;

For true translation
The sworn translator

Iris Pepermans

TAALBUREAU
IRIS PEPERMANS
GERLAARGAAN 157
2860 SINT-KATELIJNE-WAVER
TEL/FAX/MODEM 015/55.59.38

Designates as deputy trustees.

Mr Jacques MALHERBE, lawyer resident in 1060 Brussels, Rue Wafelaerts, 47-51
Mr Ludo FOQUE, company auditor, Histraat, 32, 9240 Zele,
Ms NOEL VAN DE PUTTE, chartered accountant, 1040 Brussels, Boulevard Louis Schmidt, 100 box 9

Orders that the premises be taken over.

Entrusts, the auditing magistrates with the task of carrying out in this occurrence all the assignments granted to a Justice of the Peace in accordance with the provisions of the bankruptcy law;

Orders the creditors to declare their debts to the Clerk within a deadline of thirty days as from today;

Fixes the date of Wednesday, the 19th of December 2001, at 2 p.m. in Room A of this Court, at the Court of Justice, for the closure of the minutes on the verification of the debts;

Declares that the auditing magistrates shall refer any objections to the credits not admitted to the Court and shall fix the date and time of the debates (article 68 of the bankruptcy law);

Orders that this decision be inserted by extract in accordance with article 38 of the bankruptcy law;

Orders all costs to be covered by the body of creditors;

Declares this decision binding notwithstanding appeal or opposition;

Declares that this execution shall be on the record and before registration.

Ruled and declared in front of a public audience of the chamber of composition of the Commercial Court held in Brussels on the 7th of November 2001 in the presence of:

Ms SPIRITUS-DASSESSE, President;
Mr BERLINBLAU; Consular President,
Ms PLASMAN, Consular Magistrate
Mr THOREAU; Deputy Public Prosecutor of the King,
Ms MARIEST; Clerk

SPIRITUS-DASSESSEBERLINBLAUPLASMAN      MARIEST

6th and last sheet
5 pages

Certified true extract
For the head clerk
The Clerk's Office

Clerk's Office of the Commercial Court of Brussels
Registration Service
Date
Vol.
Fees paid

The Clerk

For true translation
The sworn translator

Iris Pepermans

TAALBUREAU
IRIS PEPERMANS
BERLAARBAAN 157
2860 SINT-KATELIJNE-WAVER
TEL/FAX/MODEM 015/55.59.38

# Attachment 2



# sabena

**DUPLICATA**

**Invoice**

3000012604

**N.V. Sabena S.A.**
Maatschappelijke Zetel : E. Mounierlaan 2 • B. 1200 Brussel
Siège Social : 2, Av. E. Mounier • B. 1200 Bruxelles
Directie Administratie   : Luchthaven Brussel Nationaal • B. 1930 Zaventem
Direction Administration : Aéroport de Bruxelles National • B. 1930 Zaventem
Geregistreerde aannemer - Entrepreneur enregistré 40345754/032713
H.R.B./R.C.B.: 3872 - B.T.W./T.V.A.: BE 403.457.543
Telex: 23931                    Tel.: 02/723.50.15

SUDAN AIRWAYS LTD
P.O. BOX   2619
KHARTOUM
SUDAN

Competent courts: courts of Brussels and County Court of Woluwé-St-Pierre

| Datum - Date | Uw klant Nr - Votre Nr client | DESCRIPTION | Uw B.T.W. Nr - Votre Nr T.V.A. | AMOUNT USD | Réf. 6129603416Z |
|---|---|---|---|---|---|
| 20/10/97 | 159 | TECHNICAL SUPPORT | | | |
| | 1097 | OF A310-200 AIRCRAFT : | | | |
| SUDA.3.06 | | WORK AND SERVICES LISTED IN OUR CONTRACT | | | |
| CR3428292 | | TC/BS/979059-26 DATED 26/06/97 | | | |
| (3006365) | | UNDER 8.1.2., EXCEPT AS SPECIFIED UNDER | | | |
| | | 8.1.3. AND EXCEPT FOR COMPONENTS LISTED | | | |
| | | IN ANNEX B. | | | |
| | | AMOUNT FOR THE MONTH OF NOVEMBER 1997 .......USD | | 197,500.00 | |
| | | | | 197,500.00 | |
| | | | | Total Net | |
| Exoneration VAT Art.42 | | | | | |
| | | | | Total amount | 197,500.00 |
| | | | **Due Date** | **To Remind** | |
| | | | 21/10/1997 | 3000012604/159 | |

**Payments in EUR and EMU-currencies**
Betaling in EUR en EMU-munten - Paiements en EUR et devises-UEM
FORTIS BANK: 210-0000954-36
DEXIA        : 091-0016048-72

Coordonnées of payment: see posted - Coordonnées de paiement : voir verso - Betalingsvoorwaarden : zie keerzijde

**Payments in other Currencies - Betaling in andere devizen**
Paiements en autres devises
FORTIS BANK       210-0000954-36
Montagne du Parc 3        1000  Brussels

# Attachment 3



# sabena ((

**N.V. Sabena S.A.**
Maatschappelijke Zetel : E. Mounierlaan 2 • B. 1200 Brussel
Siège Social : 2, Av. E. Mounier • B. 1200 Bruxelles
Directie Administratie   : Luchthaven Brussel Nationaal • B. 1930 Zaventem
Direction Administration : Aéroport de Bruxelles National • B. 1930 Zaventem
Geregistreerde aannemer - Entrepreneur enregistré 403457543/032713
H.R.B./R.C.B. : 3872 - B.T.W./T.V.A. : BE 403.457.543
Telex : 23931                    Tel.:   02/723.50.15

**DUPLICATA**

**Invoice**

3000012016

SUDAN AIRWAYS LTD
P.O. BOX  2619
KHARTOUM
SUDAN

Réf. 61296054162

Competent courts: courts of Brussels and County Court of Woluwé-St-Pierre

| Datum Date | | | DESCRIPTION | AMOUNT USD |
|---|---|---|---|---|
| 24/10/97 | 159 | | | |
| | 1.097 | TECHNICAL SUPPORT | | |
| SUDA-5.02 | | OF A300B4-600 AIRCRAFT : | | |
| 49320003 | | | | |
| | | WORK AND SERVICES LISTED IN OUR CONTRACT | | |
| | | TC/BS/979060A DATED 22/08/97 | | |
| | | UNDER 8.1.2., EXCEPT AS SPECIFIED UNDER | | |
| | | 8.1.3. AND EXCEPT FOR COMPONENTS LISTED | | |
| | | IN ANNEX B. | | |
| | | AMOUNT FOR THE MONTH OF NOVEMBER 1997 .......USD | | 163.000,00 |
| | | | Total Net | 163.000,00 |
| Exoneration VAT Art.42 | | | | |
| | | | Total amount | 163.000,00 |

Due Date
28/10/1997

To Remind
3000012916/159

Payments in EUR and EMU-currencies
Betaling in EUR en EMU-munten - Paiements en EUR et devises-UEM
FORTIS BANK : 210-0000954-36
DEXIA      : 091-0016048-72

Payments in other Currencies - Betaling in andere deviezen
Paiements en autres devises
FORTIS BANK   210-0000954-36
Montagne du Parc 3     1000  Brussels

# Attachment 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re

PETITION OF THE BOARD OF DIRECTORS OF
SABENA SA,

                                        Case No. 01-B-15224 (ALG)


                    Debtor in a Foreign Proceeding.
-----------------------------------------------------------------------x

### PERMANENT INJUNCTION ORDER

Upon the application of the receivers of Sabena SA (Athe Company@) pursuant to Section 304 of Title 11 of the United States Code (Athe Bankruptcy Code@) for the entry of a permanent injunction (Athe Application@); and upon the Court=s review and consideration of the Declaration of Ilse van de Mierop, one of the receivers of the Company appointed pursuant to an order entered on November 7, 2001 by the Brussels Commercial Court, the Summons dated October 9, 2001, the Verified Petition pursuant to Section 304 of the Bankruptcy Code, dated October 5, 2001 (Athe Petition@), the Declaration of Thierry Bosly, Esq., dated October 5, 2001, the Affidavit of Howard Seife, duly sworn to on October 5, 2001, and the Memorandum of Law in support of the Petition and the Application, dated October 5, 2001; and the Preliminary Injunction Order entered by the Court on October 15, 2001 and the Order to Show Cause With Temporary Restraining Order entered by the Court on October 5, 2001; and proper notice having been given of the Preliminary Injunction Order and the Order to Show Cause With Temporary Restraining Order; and based on the foregoing, and the record of the hearings held on October 15, 2001 and December 4, 2001 before this Court, and no objections having been filed, the Court finds and concludes as follows:

1.  The Company is subject to a pending foreign proceeding and the Petitioners, **Board of Directors of Sabena, S. A. , at the time of the filing** collectively constituted the foreign representative of the Company, **and the Board of Directors has been superceded by the Receivers of the Company who are now collectively the foreign representative of the Company.**

2.  The commencement or continuation of any action, including, without limitation, any judicial, arbitral, administrative or regulatory action or proceeding, against the Company, or any property in the United States [1] that is involved in the foreign proceeding or any proceeds thereof, and the drawing down on any letter of credit established by, on behalf or at the request of, the Company, or withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest, in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established, should be enjoined pursuant to Section 304(b) of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estate in the pending proceeding brought under foreign law, and the relief requested will not cause hardships to the parties that are not outweighed by the benefits;

3.  Unless the injunction is issued, it appears to the Court that one or more parties-in-interest may likely commence or continue the prosecution of judicial, arbitral, administrative or regulatory actions or proceedings against the Company, property in the United States that is

---

1.  As used herein, ⒜United States⒠ is defined to include the fifty states, the District of Columbia and all U.S. territories and possessions.

2

involved in the foreign proceeding, or the proceeds thereof, and/or seek to seize, attach and/or otherwise retain assets of the Company, and/or draw upon letters of credit established by, on behalf or at the request of, the Company, or withdraw from, set off against, or otherwise apply property that is the subject of any trust or escrow agreement or similar arrangement in which Company has an interest, in excess of amounts to which such parties are contractually entitled, and/or take any other action against the Company or any property in the United States that is involved in the foreign proceeding, thereby interfering with, and causing harm to, the Petitioners= efforts to administer the Company=s estate pursuant to the foreign proceeding and, as a result, the Petitioners will suffer immediate and irreparable injury for which it will have no adequate remedy at law;

4. Unless the injunction is issued, the Petitioners will be unable to acquire sufficient information about pending and potential litigations and other claims against, and United States assets of, the Company to properly protect the interests of the Company in the United States, resulting in the further depletion of the Company=s limited assets and subjecting the Company to the risk of default judgments;

5. Pursuant to an order entered on November 7, 2001, the Brussels Commercial Court ended the Aprovisional deferment@ granted by that court on October 5, 2001, declared the Company to be bankrupt, and appointed five individuals as the receivers (Athe Receivers@) of the Company to carry out the bankruptcy of the Company;

6. The interest of the public will be served by this Court=s granting the relief requested by the Petitioners; and

7. Venue is proper in this District pursuant to 28 U.S.C. ' 1410.

3

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the Receivers of the Company are hereby substituted in place and in stead of the Board of Directors of the Company in this proceeding, and that the law firm of Pinks, Arbeit, Boyle & Nemeth and the law firm of Nankin & Verma PLLC are hereby substituted as the Company=s United States Counsel in place and in stead of the law firm of Chadbourne & Parke, LLP; and it is further

ORDERED, that all persons and entities are enjoined from:  (a) seizing, repossessing, attaching, transferring, relinquishing or disposing of any property of the Company in the United States, or the proceeds of such property, including, without limitation, airplanes and related property located at airports, air travel slots, gates and receivables from airline ticket sales to third parties; (b) commencing or continuing any action or legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, against the Company, or any property in the United States that is involved in the foreign proceeding, or any proceeds thereof; (c) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Company, or any property in the United States, or any proceeds thereof-, (d) drawing down any letter of credit established by, on behalf or at the request of, the Company in excess of amounts expressly authorized by the terms of the contract, other

4

agreement or applicable law pursuant to which such letter of credit has been established; (e) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest in excess of amounts expressly authorized by the terms of the trust, escrow or similar arrangement or applicable law; and (f) taking any discovery from the Company; and it is further

ORDERED, that all persons and entities in possession, custody or control of property of the Company in the United States, or the proceeds thereof, shall turn over and account for such property or its proceeds to the Petitioners; and it is further

ORDERED, that all persons and entities that are beneficiaries of letters of credit established by, on behalf or at the request of, the Company or parties to any trust, escrow or similar arrangement in which the Company has an interest, including without limitation any deposits and/or funds held by Airlines Reporting Corporation in connection with its agreements with the Company, to:  (a) provide notice to the Petitioners' United States counsel of any drawdown on any letter of credit established by, on behalf or at the request of, the Company, or any withdrawal from, setoff against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest, together with information sufficient to permit the Petitioners to assess the propriety of such drawdown, withdrawal, setoff, or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff, or other application, and a copy of any contract, related trust or other agreement pursuant to which any such drawdown, withdrawal, setoff or other application, was made and provide such notice and other information contemporaneously therewith; and (b) turn over and account to the Petitioners for all funds resulting from such

5

drawdown, withdrawal, setoff or other application in excess of amounts expressly authorized by applicable law or the terms of any contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established; and it is further

ORDERED, that every person and entity that has a claim of any nature or source against the Company and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in which the Company is or was named as a party, or as a result of which a liability of the Company may be established, to place the Petitioners: United States counsel (Robert S. Arbeit, Esq., Pinks, Arbeit, Boyle & Nemeth, 140 Fell Court, Hauppauge, NY 11788) on the master service list of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receives (i) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding, and (ii) any and all correspondence or other documents circulated to parties named in the master service list; and it is further

ORDERED, that every person and entity that is a party to a contract with the Company shall continue performance under such contract in accordance with its terms and shall not terminate, or declare a default under, any such contract based upon a breach by the Company of any contractual provision relating to (a) the insolvency or financial condition of the Company; (b) the commencement or termination of a judicial composition or bankruptcy proceeding before the Brussels Commercial Court or any proceeding ancillary to such

6

proceeding, including, without limitation, the above-captioned proceeding commenced pursuant to Section 304 of the Bankruptcy Code; (c) the issuance or termination of a moratorium by the Brussels Commercial Court; or (d) the appointment of administrators or receivers by the Brussels Commercial Court; and it is further

ORDERED, with respect to any claim, action, arbitration or other proceeding which may be commenced or become known to the Petitioners in the future, or the entitlement or alleged entitlement of any beneficiary of any letter of credit established by, on behalf or at the request of, the Company, or of any party to any trust or escrow agreement or similar arrangement in which the Company has an interest that is identified by the Petitioners in the future (each a "Subsequent Claim"):

a. when informed of a Subsequent Claim, counsel for the Petitioners shall serve upon the holder of such claim a copy of the Summons, the Petition and the most recent injunction order entered by the Court;

b. the holder of a Subsequent Claim will have twenty (20) days from service of the Summons in which to file an answer or motion with respect to the Petition; and

c. on not less than three (3) business days notice to counsel for the Petitioners, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying with respect to such Subsequent Claim the injunction entered in this proceeding. Such request shall be the subject matter of a hearing as scheduled by the Court.  Otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any Order of the Court providing for a hearing in the future on the relief sought by the Petitioners in this proceeding; and it is further

7

ORDERED, that nothing in this Order shall in any respect prevent General Electric International, Inc. ("GE International"), GE Lease Engine Management Ltd. ("GE Lease") or their affiliates or joint venture partners (collectively with GE International and GE Lease, "GE") from taking any action or commencing any proceeding against the Company or the Company's property where such action or proceeding is not prohibited by order of the Brussels Commercial Court pursuant to the Belgian Law of July 17, 1997 on Judicial Composition or the Belgian Law of July 17, 1997 on Judicial Composition ("Non-enjoined U.S. Actions"); provided that prior to taking any Non-enjoined U.S. Action GE shall provide not less than three (3) business days written notice to United States counsel for the Petitioners; and it is further

~~ORDERED, that the order entered on November 7, 2001 by the Brussels Commercial Court declaring the Company to be bankrupt, and ordering other relief, is binding upon and enforceable against all creditors of the Company in the United States; and it is further~~

ORDERED, that this Order shall be served:

a.  by United States mail, first class postage prepaid, on or before **March 29, 2002,** upon the known parties-in-interest at the time of such service;

b.  by United States mail, first class postage prepaid, upon additional parties at such time as they are sufficiently identified; and

c.  by publication of notice of entry of this Order in The Wall Street Journal on or before **March 29, 2002**; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

8

Dated:      February 27, 2002
........     New York, New York


                              /s/ Allan L. Gropper
                              UNITED STATES BANKRUPTCY JUDGE