UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLIVIA RUX, et. al.,

                Petitioners,

      -against-

ABN-AMRO BANK N.V., AMERICAN
EXPRESS BANK LTD., BANK OF NEW YORK,
BANK OF CHINA, CITIBANK, N.A.,
DEUTSCHE BANK A.G., HSBC BANK USA,
N.A., and JPMORGAN CHASE BANK, N.A.,

                Respondents.
------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                Third-Party Petitioner,

      -against-

THE REPUBLIC OF SUDAN, et. al.

                Third-Party Respondents.

------------------------------------------------------------X

Case No. 08 Civ. 6588 (AKH)

**NOTICE OF MOTION TO INTERVENE BY KfW BANK**

      PLEASE TAKE NOTICE that Third Party Respondent KfW Bank ("KfW"), sued herein as Kreditanstalt Fur Wiederaufbau (KfW), by counsel, hereby moves pursuant to Fed. R. Civ. P. 24 to intervene in this action, and to become a party to this action for all purposes, and states in support as follows:

      1.    As set forth in Third Party Respondent's Claim to Blocked Funds and Objections to Turnover ("the Claim and Objections"), separately filed in this action and incorporated herein, Third Party Respondent is the rightful owner of the certain Blocked

Funds referred to in the Claim and Objections and objects to any competing claims to such funds.  Such Blocked Funds are a subject of this action.

2. The September 22, 2008 Notice suggests that interested parties that receive such Notice "should also consider asking the Court for permission to intervene in the New York lawsuit and become a party to the lawsuit for all purposes." (Notice, p. 4)

3. Because of KfW's interest in the Blocked Funds, it hereby moves, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, for permission to intervene in these proceedings, as of right.

4. Subsection 2 of F. R. Civ. P. 24(a) provides: "On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

5. Third Party Respondent is entitled to intervene in this action "of right" pursuant to Fed. R. Civ. P. 24(a)(2) because it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and because no other party can "adequately represent that interest." *See Salomon Smith Barney, Inc., v. McDonnell*, et al., 2001 U.S. Dist. LEXIS 13505, at *3-4 (S.D.N.Y. Sept. 5, 2001) (granting "timely motion to . intervene which demonstrates a clear and protectible interest that might be impaired without [intervenor's] presence in this interpleader litigation").

6. Third Party Respondent's Claim to Blocked Funds and Objection to Turnover constitutes its "pleading that sets out the claim or defense for which intervention is sought" pursuant to Fed. R. Civ. P. 24(c).

WHEREFORE, Third Party Respondent KfW Bank requests that the Court permit it to intervene in this action and become a party to this action for all purposes.

Dated: New York, New York
       November 21, 2008.

                              KEATING & McHUGH

                          By   /s/
                                John F. Keating (JK5449)
                              Attorneys for Intervenor and Third-Party
                                  Respondent KfW BANK sued as
                                KREDITANSTALT FUR
                                WIEDERAUFBAU
                          132 Nassau Street, Suite 515
                          New York, New York 10038
                          Tel: (212) 608-5657
                          Fax: (866) 408-1843