UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

OLIVIA RUX, et al.,                  :

                     :

         Petitioners,       :

                     :

         - against -      :

                     :

ABN AMRO BANK, N.V., AMERICAN   :
EXPRESS BANK LTD., BANK OF AMERICA,  :
N.A., BANK OF NEW YORK, BANK OF   :
CHINA, CITIBANK, N.A., DEUTSCHE BANK  :
A.G., DEUTSCHE BANK TRUST COMPANY  :
AMERICAS, HSBC BANK USA, N.A. and   :
JPMORGAN CHASE BANK, N.A.      :

                     :

         Respondents.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JPMORGAN CHASE BANK, N.A.,    :   08 Civ. 6588 (AKH)

                     :

         Third-Party Petitioner,   :

                     :

         - against -      :

                     :

THE REPUBLIC OF SUDAN, THE BANK OF  :
KHARTOUM, EL NILEIN BANK, SUDATEL  :
GROUP FOR TELECOMMUNICATIONS, AT&T :
INC., NATIONAL COMMERCIAL BANK, THE :
MINISTRY OF FINANCE OF SUDAN, THE  :
BANK OF SUDAN, AL RAJHI BANKING AND :
INVESTMENT CORP., SHANDONG BOSHAN :
PUMPS I AND E CO. LTD., HUAXIA BANK,  :
HOUSING BANK FOR TRADE AND FINANCE, :
THE ARAB INVESTMENT BANK, ANIMAL  :
RESOURCES BANK, BARWIL AGENCIES AS, :
BANK OF AMERICA, N.A., BAASHER    :
SHIPPING AND TRADING, NATIONAL BANK :
OF ABU DHABI, BNP PARIBAS S.A., BNP  :
PARIBAS (SUISSE) S.A., KREDITANSTALT :
FUR WIEDERAUFBAU (KfW), FORTIS BANK :
(NEDERLAND) B.V., AIRCRAFT FINANCING :
AND TRADING B.V., NATIXIS, AT&T    :
COMMUNICATIONS, ARAB BANKING    :
CORPORATION, BEMO EUROPE BANQUE   :

PRIVEE, AMERICAN EXPRESS BANK LTD.,           :
UBAF HONG KONG LIMITED, HSBC BANK             :
USA, N.A., HONG KONG AND SHANGHAI             :
BANKING CORPORATION LIMITED,                  :
BATELCO, NATIONAL BANK OF BAHRAIN,            :
BANK OF TOKYO-MITSUBISHI UJF LTD.,            :
ABU DHABI COMMERCIAL BANK, BANQUE             :
SAUDI FRANSI, DEUTSCHE BANK TRUST             :
COMPANY AMERICAS, RIYAD BANK, AL-             :
TYIB MAHMOOD CO. & SONS, PORT SUDAN           :
COTTON COMPANY, SUMITOMO                      :
CORPORATION, MIZUHO CORPORATE                 :
BANK, CREDIT LYONNAIS, SYNGENTA               :
AGRO AG, SHINHAN BANK, SOCIÉTÉ                :
GENERALE, CARGILL PLC, CARGILL                :
GLOBAL FUNDING PLC, THE SUDAN                 :
COTTON COMPANY LTD., DUBAI ISLAMIC            :
BANK, ABU DHABI ISLAMIC BANK, NORDEA:
BANK FINLAND PLC, BRITISH ARAB                :
COMMERCIAL BANK, EL-SHEIKH SUMIMAN :
ABDELAZIZ ELRAJI, HUSSAIN G. THANON,          :
MOHAMMED NAELM ABDEL RAHMAN, M.               :
EDMON MAARI, AHMED MOHD DAHABA AL :
GHAMDI and JOHN DOES 1-8,                     :
                                              :
               Third-Party Respondents.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND DEFENSES OF AT&T CORP. TO THIRD-PARTY PETITION IN INTERPLEADER OF JPMORGAN CHASE BANK, N.A.

       Third-Party Respondent AT&T Corp. ("AT&T"), by its attorneys Sidley Austin

LLP, hereby responds to the Third-Party Petition ("Petition") of Third-Party Petitioner JPMorgan

Chase Bank, N.A. ("JPMorgan") as follows:

2

1.      As to Paragraph 1 of the Petition, AT&T admits that JPMorgan styles its pleading as a Third-Party Petition pursuant to Section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure, Section 134 of the New York Banking Law, and CPLR § 1006, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Petition.

2.      AT&T admits upon information and belief the allegations contained in Paragraph 2 of the Petition.

3.      AT&T admits upon information and belief the allegations contained in Paragraph 3 of the Petition.

4.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Petition.

5.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Petition.

6.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition.

7.      AT&T admits the allegations contained in Paragraph 7 of the Petition as to AT&T Inc., and avers that AT&T, as the proper party in interest, is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Bedminster, New Jersey.

8.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Petition, except admits that at one time, JPMorgan held funds in one or more deposit accounts which have a value in excess of $50,000; that AT&T deposited funds into a blocked account, Account Number 395900891 at JPMorgan

(the "AT&T Blocked Account"); that the AT&T Blocked Account contained funds that represent telecommunications settlement payments due and owing from AT&T to the Sudan Telecommunication Company Limited; and that such Account was blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. §§ 538.101 et seq.

9.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Petition, except admits that AT&T, as the proper party in interest, is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Bedminster, New Jersey; that AT&T originated one or more wire transfers routed through JPMorgan that were not completed by JPMorgan purportedly by reason of the Sudanese Sanctions Regulations; that the proceeds of such wire transfers were placed by JPMorgan into a blocked account, Account Number 395507804 (the "AT&T Wire Transfer Account"); and that the proceeds of such wire transfers represent telecommunications settlement payments due and owing from AT&T to the Sudan Telecommunication Company Limited.

10.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Petition.

11.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition.

12.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Petition.

13.      AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Petition.

14.      AT&T denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 14 of the Petition.

15.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Petition.

16.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Petition.

17.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Petition.

18.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Petition.

19.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Petition.

20.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Petition, except admits that at one time, JPMorgan held funds in one or more deposit accounts which have a value in excess of $50,000; that AT&T deposited funds into the AT&T Blocked Account; that the AT&T Blocked Account contained funds that represent telecommunications settlement payments due and owing from AT&T to the Sudan Telecommunication Company Limited; and that such Account was blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. §§ 538.101 et seq.

21.    AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Petition, except admits that AT&T originated one or more wire transfers routed through JPMorgan that were not completed by JPMorgan purportedly by reason of the Sudanese Sanctions Regulations; that the proceeds of such wire transfers were placed by JPMorgan into the AT&T Wire Transfer Account; and that the

proceeds of such wire transfers represent telecommunications settlement payments due and owing from AT&T to the Sudan Telecommunication Company Limited.

   22. AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Petition, except admits that AT&T originated one or more wire transfers routed through JPMorgan that were not completed by JPMorgan purportedly by reason of the Sudanese Sanctions Regulations; that the proceeds of such wire transfers were placed by JPMorgan into the AT&T Wire Transfer Account; and that the proceeds of such wire transfers represent telecommunications settlement payments due and owing from AT&T to the Sudan Telecommunication Company Limited.

   23. For its response to Paragraph 23 of the Petition, AT&T repeats and realleges its responses to Paragraphs 1 through 22 as if fully set forth herein.

   24. AT&T denies knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 24 of the Petition, except admits that the Sudan Telecommunication Company Limited has a claim to certain funds and/or the proceeds of certain wire transfers that were held in one or more blocked accounts at JPMorgan, including without limitation the AT&T Wire Transfer Account and the AT&T Blocked Account; and that such claim gives rise to a dispute as to and constitutes a claim against such funds and/or proceeds.

   25. AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Petition, except admits that the Sudan Telecommunication Company Limited has a claim to certain funds and/or the proceeds of certain wire transfers that were held in one or more blocked accounts at JPMorgan, including without limitation the AT&T Wire Transfer Account and the AT&T Blocked Account; and that such claim gives rise to a dispute as to and constitutes a claim against such funds and/or proceeds.

26.     AT&T admits that JPMorgan characterizes itself as being exposed to inconsistent and multiple claims, and otherwise alleges that the remaining allegations contained in Paragraph 26 of the Petition constitute assertions of law as to which no responsive pleading is required.

27.     AT&T denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27 of the Petition that JPMorgan is entitled to interplead all other parties who may have claims to the funds formerly held by JPMorgan in blocked accounts, and otherwise alleges that the remaining allegations contained in Paragraph 27 of the Petition constitute assertions of law as to which no responsive pleading is required.

28.     AT&T alleges that the final paragraph of the Petition denoted "WHEREFORE" constitutes JPMorgan's prayer for relief which requires no responsive pleading.

## FIRST DEFENSE

The payment of any funds contained in the AT&T Wire Transfer Account and/or the AT&T Blocked Account to satisfy Petitioners' judgment is prohibited unless authorized under applicable law, including, without limitation, the Foreign Sovereign Immunities Act, the Terrorism Risk Insurance Act, the Sudanese Sanctions Regulations, and/or by the Office of Foreign Assets Control, United States Department of Treasury.

WHEREFORE, AT&T demands judgment dismissing the Petition with costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 21, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP

By:_____
    Lynn A. Dummett
    Kruti Dharia
    787 Seventh Avenue
    New York, New York  10019
    (212) 839-5300

Attorneys for Third Party Respondent AT&T Corp.

Of Counsel:
Suzanne L. Montgomery, Esq.
General Attorney - Litigation
AT&T Services, Inc.
One AT&T Way, Room 3A219
Bedminster, New Jersey  07921

## PROOF OF SERVICE

STATE OF NEW YORK       )
COUNTY OF NEW YORK     ) ss

        I, George L. Conover, declare I am over the age of 18 years, and not a party to this action.  My place of employment and business address is 787 Seventh Avenue, New York, New York 10019.

        On November 21, 2008, I served copies of the attached:

- **ANSWER AND DEFENSES OF AT&T CORP. TO THIRD-PARTY PETITION OF JPMORGAN CHASE BANK, N.A.**

        On the following individuals and in the manner indicated on the following service list:

        I declare under penalty of perjury that the foregoing is true and correct.

        I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

        Executed on November 21, 2008, at New York, New York.

_____
George L. Conover

**SERVICE LIST**
**DOCKET NO. 08 CIV. 6588 (AKH)**

**PETITIONERS' COUNSEL:**

> Hall, Lamb and Hall, P.A.
> Offices at Grand Bay Plaza
> Penthouse One                                         VIA ECF/FEDERAL EXPRESS
> 2665 South Bayshore Drive
> Miami, FL 33133
> Attention:  Andrew C. Hall, Esq.

**RESPONDENTS' COUNSEL:**

> Levi Lubarsky & Feigenbaum LLP
> Attn:  Howard B. Levi, Esq.
> 1185 Avenue of the Americas, 17th Floor    VIA ECF/FEDERAL EXPRESS
> New York, New York 10036

**THE COURT:**

> Clerk of the Court
> United States District Court for the
> Southern District of New York              VIA ECF
> Daniel Patrick Moynihan Courthouse
> 500 Pearl Street
> New York, NY 10007

**OTHER INTERESTED PARTIES**

> United States Department of Justice
> United States Attorney
> Southern District of New York              VIA ECF/FEDERAL EXPRESS
> 86 Chambers Street
> New York, New York  10007
> Attention:      John D. Clopper, AUSA
>                 David S. Jones, AUSA

> United States Department of Treasury
> Office of Foreign Assets Control
> Office of the Chief Counsel                VIA FEDERAL EXPRESS
> Treasury Annex
> 1500 Pennsylvania Avenue, N.W.
> Washington, D.C. 20220

NY1 6800387v.1

The Republic of the Sudan
c/o Embassy of the Republic of the Sudan
2210 Massachusetts Avenue                VIA FEDERAL EXPRESS
Washington, D.C.  20008


The Republic of the Sudan
c/o Hunton & Williams LLP
500 East Main Street                     VIA FEDERAL EXPRESS
Suite 1000
Norfolk, Virginia  23510-3889
Attention:      Gregory N. Stillman, Esq.
                Carl D. Gray, Esq.


Sudatel Group For Telecommunications
Sudatel Tower                            VIA DHL
Khartoum, SUDAN


Sudan Telecommunication Company Limited
Baraka Towers                            VIA DHL
Khartoum, SUDAN

NY1 6800387v.1