UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

OLIVIA RUX, et al.,

        Petitioners,

    - against -

ABN-AMRO BANK, N.V., AMERICAN
EXPRESS BANK LTD., BANK OF AMERICA,
N.A., BANK OF NEW YORK, BANK OF
CHINA, CITIBANK, N.A., DEUTSCHE BANK
A.G., DEUTSCHE BANK TRUST COMPANY
AMERICAS, HSBC BANK USA, N.A. and
JPMORGAN CHASE BANK, N.A.

        Respondents.

------------------------------------x

Case No. 08 Civ. 6588 (AKH)

**WRITTEN RESPONSE
AND OBJECTION
OF AT&T CORP.**

        AT&T Corp. ("AT&T") hereby submits this written response and objection, pursuant to the Notice of Lawsuit dated September 22, 2008 in the above-captioned matter, in respect of the disposition of (1) a US$89,530.69 wire-transfer payment that was frozen in an interest bearing blocked deposit account with JPMorgan Chase Bank, N.A. ("JPMorgan"), and (2) approximately US$191,412.44 that also was frozen in an interest bearing blocked deposit account with JPMorgan. Petitioners in this matter seek to use these funds to satisfy a judgment against The Republic of Sudan ("Sudan"). These funds are identified on spreadsheets and other documents that accompanied the Notice of Lawsuit (these spreadsheets and documents are annexed hereto as Exhibit 1).

        For the reasons set forth in more detail below, Petitioners, based on the record currently before the Court, may not compel the payment of the blocked wire-transfer funds or the blocked deposit account funds to satisfy their judgment against Sudan because these funds are

not owed to Sudan, but rather are owed by AT&T to the Sudan Telecommunication Company Limited ("Sudatel"). Sudatel was not a defendant in Petitioners' underlying action, nor has it been adjudged by this Court to be an agency or instrumentality of the Government of Sudan, and/or to lack a distinct corporate existence to such a degree that it should be held liable for the debts of Sudan. Accordingly, AT&T respectfully requests that the Court dismiss Petitioners' Petition to Compel Respondents to Pay Money to Judgment Creditors from Judgment Debtor's Bank Accounts and Assets with respect to these funds, and release these funds from the Court's registry to JPMorgan so that they may be restored to the blocked accounts. Alternatively, AT&T respectfully submits that the Court require that Petitioners establish that Sudatel is an agency or instrumentality of the Government of Sudan that is answerable for the debts of the Government, before issuing any order releasing the funds from the accounts to Petitioners.

I.      **Background**

AT&T and Sudatel were parties to an International Telecommunications Service Agreement dated August 27, 1996 (the "ITSA"). Pursuant to the ITSA, AT&T and Sudatel jointly provided international telecommunications services between the United States and Sudan.

On November 3, 1997, President Clinton issued Executive Order 13067 blocking Sudanese government property and prohibiting transactions with Sudan. Shortly after issuance of Executive Order 13067, AT&T instructed JPMorgan to wire transfer $89,530.69 in telecommunications settlement payments to Sudatel pursuant to the ITSA. JPMorgan subsequently advised AT&T that the wire transfer funds were being placed into a blocked interest bearing account in light of Executive Order 13067. AT&T understands that JPMorgan placed these funds into blocked account number 395507804 (the "AT&T Wire Transfer Account"). Sometime in or after November 1997, following issuance of Executive Order 13067,

AT&T also deposited approximately $191,412.44 in telecommunications settlement payments due Sudatel pursuant to the ITSA into a blocked interest bearing account established by AT&T at JPMorgan, Account Number 395900891 (the "AT&T Blocked Account").

AT&T understands that the funds in the AT&T Wire Transfer and AT&T Blocked Accounts were still in those accounts as of July 29, 2008, but since have been transferred from JPMorgan into the Court's registry pursuant to this Court's Order Regulating Proceedings dated July 29, 2008 for payment to Petitioners, subject to the assertion of third-party claims.

## II. Funds In the AT&T Wire Transfer and Blocked Accounts Belong To Sudatel

Sudatel was not a defendant in Petitioners' underlying action and has not been adjudged by this Court to be an agency or instrumentality of Sudan and/or to lack a distinct corporate existence to such a degree that it should be held liable for the debts of Sudan. For these reasons, the funds contained in the AT&T Wire Transfer Account and the AT&T Blocked Account are not available to satisfy Petitioners' judgment against Sudan and should be returned to JPMorgan and restored to the AT&T Wire Transfer and AT&T Blocked Accounts.

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq., generally provides foreign states with special immunity from suit, and deprives federal courts of jurisdiction over efforts to execute against the assets of a foreign state and its instrumentalities unless one of the statutory exceptions to this jurisdictional immunity is established. See EM Ltd. v. Republic of Argentina, 473 F.3d 463, 472 (2d Cir. 2007); Letelier v. Republic of Chile, 748 F.2d 790, 793 (2d Cir. 1984). Accordingly, before the Court can permit the assets of Sudatel to be used to satisfy the debts of Sudan, it first must be established, pursuant to FSIA Section

1603(b), that Sudatel is an agency or instrumentality of the Government of Sudan. See 28 U.S.C. § 1603(b).

The inquiry does not stop there, however. An entity's status as an agency or instrumentality of a foreign state is insufficient, without more, to establish that the entity is liable for the debts of the foreign state. There exists a presumption of separate corporate existence. Thus, even if Sudatel is adjudged by the Court to be an agency or instrumentality of Sudan, Petitioners still would need to overcome the presumption that Sudatel is a separate juridical entity whose assets are not subject to attachment in aid of execution to satisfy a judgment against Sudan. See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 626-28 (1983); EM Ltd., 473 F.3d at 475-77; Letelier, 748 F.2d at 793-94; Alejandre v. Telefonica Larga Distancia de Puerto Rico, Inc., 183 F.3d 1277, 1284-85 (11th Cir. 1999); Bayer & Willis Inc. v. Republic of Gambia, 283 F. Supp. 2d 1, 4-5 (D.D.C. 2003). Petitioners bear the burden of proving that the instrumentality is not entitled to separate recognition, see Letelier, 748 F.2d at 795; Alejandre, 183 F.3d at 1285, and that is a high burden to prove. See Bayer & Willis Inc., 283 F. Supp. 2d at 6.

Here, there is absolutely no evidentiary record before the Court establishing Sudatel as an agency or instrumentality of Sudan under FSIA Section 1603(b), much less that Sudatel is so controlled by the Government of Sudan such that it loses its presumption of separate juridical status. See Bayer & Willis Inc., 283 F. Supp. 2d at 5 (quashing writ of garnishment directed to debts owed Gamtel because plaintiffs failed to present any evidence that Gamtel was answerable for debts of the Republic of Gambia). As the Supreme Court made clear in First National City, even governmental instrumentalities are presumptively distinct and

independent juridical entities, and mere ownership is insufficient to overcome that presumption. 462 U.S. at 625-28.  The Court explained:

> Freely ignoring the separate status of government instrumentalities would result in substantial uncertainty over whether an instrumentality's assets would be diverted to satisfy a claim against the sovereign, and might thereby cause third parties to hesitate before extending credit to a government instrumentality without the government's guarantee.  As a result, the efforts of sovereign nations to structure their governmental activities in a manner deemed necessary to promote economic development and efficient administration would surely be frustrated.  Due respect for the actions taken by foreign sovereigns and for principles of comity between nations, leads us to conclude -- as the courts of Great Britain have concluded in other circumstances -- that government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such.

Id. at 626-27 (citation omitted).

Indeed, even the United States Department of Justice, in its letter to the Court dated August 22, 2008, makes clear that the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), believes that some of the blocked assets at issue "likely are not subject to execution" to satisfy the debts of Sudan:

> However, OFAC believes that a significant portion of the blocked assets at issue here likely are not subject to execution or attachment by plaintiffs because they are not assets of the Government of Sudan.  This results from the broad regulatory definition of property "interest" described above, which can render assets not owned by the Government of Sudan subject to blocking. For example, many of the blocked assets are frozen wire transfers in which a blocked Sudanese entity -- perhaps a bank – played some role, but in which the blocked Sudanese entity may be neither the sender nor the recipient of the funds.  While such wire transfers are appropriately blocked pursuant to the SSR, experience shows that these wire transfers may well prove to be owned by persons not blocked under the SSR -- and therefore not attachable under TRIA by the plaintiffs, who hold a judgment against Sudan. That is, the Government of Sudan may have an interest sufficient to render the asset subject to blocking under the SSR, but

5

> insufficient to be eligible for attachment under TRIA by plaintiffs holding a judgment against Sudan.

Letter dated August 22, 2008 from United States Attorney, Southern District of New York to Hon. Alvin K. Hellerstein, at 3 (D.E. 11). OFAC's position is even more compelling where, as here, the Sudanese Sanctions Regulations, promulgated by OFAC on or around July 1, 1998, 31 C.F.R. §§ 538.101 et seq., authorize "[a]ll transactions with respect to the receipt and transmission of telecommunications involving Sudan." 31 C.F.R. § 538.512.

## Conclusion

For the foregoing reasons, AT&T respectfully requests that the Court dismiss Petitioners' Petition to Compel Respondents to Pay Money to Judgment Creditors from Judgment Debtor's Bank Accounts and Assets with respect to the funds in the AT&T Wire Transfer Account and the AT&T Blocked Account, and release these funds from the Court's registry to JPMorgan so that they may be restored to these Accounts. Alternatively, AT&T respectfully requests that the Court require Petitioners to establish that Sudatel is an agency or instrumentality of the Government of Sudan that is answerable for the debts of that Government, before issuing any order releasing the funds from the accounts to Petitioners.

Dated: New York, New York
November 21, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____
Lynn A. Dummett
Kruti Dharia
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for AT&T Corp.

Of Counsel:
Suzanne L. Montgomery, Esq.
General Attorney - Litigation
AT&T Services, Inc.
One AT&T Way, Room 3A219
Bedminster, New Jersey 07921

NY1 6800125v.1

## PROOF OF SERVICE

STATE OF NEW YORK              )
COUNTY OF NEW YORK             )  ss

      I, George L. Conover, declare I am over the age of 18 years, and not a party to this action. My place of employment and business address is 787 Seventh Avenue, New York, New York 10019.

      On November 21, 2008, I served copies of the attached:

- **WRITTEN RESPONSE AND OBJECTION**

      On the following individuals and in the manner indicated on the following service list:

      I declare under penalty of perjury that the foregoing is true and correct.

      I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

      Executed on November 21, 2008, at New York, New York.

_____
George L. Conover

SERVICE LIST
DOCKET NO. 08 CIV. 6588 (AKH)

**PETITIONERS' COUNSEL:**

Hall, Lamb and Hall, P.A.
Offices at Grand Bay Plaza
Penthouse One                               VIA ECF/FEDERAL EXPRESS
2665 South Bayshore Drive
Miami, FL 33133
Attention: Andrew C. Hall, Esq.

**RESPONDENTS' COUNSEL:**

Levi Lubarsky & Feigenbaum LLP
Attn: Howard B. Levi, Esq.
1185 Avenue of the Americas, 17th Floor    VIA ECF/FEDERAL EXPRESS
New York, New York 10036

**THE COURT:**

Clerk of the Court
United States District Court for the
Southern District of New York              VIA ECF
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**OTHER INTERESTED PARTIES**

United States Department of Justice
United States Attorney
Southern District of New York              VIA ECF/FEDERAL EXPRESS
86 Chambers Street
New York, New York 10007
Attention:    John D. Clopper, AUSA
              David S. Jones, AUSA

United States Department of Treasury
Office of Foreign Assets Control
Office of the Chief Counsel                VIA FEDERAL EXPRESS
Treasury Annex
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

NY1 6800387v.1

The Republic of the Sudan
c/o Embassy of the Republic of the Sudan
2210 Massachusetts Avenue                VIA FEDERAL EXPRESS
Washington, D.C.  20008

The Republic of the Sudan
c/o Hunton & Williams LLP
500 East Main Street                     VIA FEDERAL EXPRESS
Suite 1000
Norfolk, Virginia  23510-3889
Attention:    Gregory N. Stillman, Esq.
              Carl D. Gray, Esq.

Sudatel Group For Telecommunications
Sudatel Tower                            VIA DHL
Khartoum, SUDAN

Sudan Telecommunication Company Limited
Baraka Towers                            VIA DHL
Khartoum, SUDAN

2

NY1 6800387v.1