D/F

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/08

UNITED STATES DISTRCIT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

OLIVIA RUX, et al.,

                          Petitioners,

               -against-

ABN AMRO BANK, N.V., et al.,

                        Respondents.

------------------------------------------------------x

08 Civ. 6588

Case No. Civ.6588(AKH),

:

: OBJECTION TO PETITION

: TO COMPEL RESPONDENTS

: TO PAY MONEY TO

: JUDGMENT CREDITORS

: FROM JUDGMENT DEBTOR'S

: BANK ACCOUNTS AND

: ASSETS

Shangdong Boshan Pumps I & E Co., Ltd.("SBPI"), a legal person organized and existing under the laws of the People's Republic of China and an originator of a wire transfer which was blocked by JPMorgan Chase Bank N.A.("JPMCB") allegedly to comply with certain US regulations, is filing this Objection to petitioners' Petition as follows:

**Factual Backgrounds**

1. SBPI is a dealer of machinery and electric products. As was authorized by UN Security Council Resolution 1302 (2000), a further step to carry out the UN Security Council Resolution 986 (plainly known as the Oil for Food Program), SBPI entered into a contract with the Ministry of Irrigation of Iraq on November 20, 2000. The contract was for the sale and purchase of some electric equipment and cables totaling Euro 4,708,445.00, with SBPI as the seller and the Ministry of Irrigation of Iraq the buyer. The contract was then approved by the

1

Committee established by UN Security Council Resolution 661 ("661 Committee") upon the submission of the Ministry of Irrigation of Iraq.

2.   To fulfill its obligations under the contract, SBPI needed to purchase some spare parts from Italy.   As such Italian spare parts did not need to be assembled to other products, delivering them directly from Italy to Iraq would be more feasible.   SBPI commissioned this task to its sole agent in the Middle East, Mr. Hussain G. Thanon of Jordan.   Agreement was soon reached between SBPI and Mr. Hussain G. Thanon: SBPI would prepay the latter the amount of USD364,000.00 for him to conduct the import.

3.   After undergoing necessary foreign exchange approvals, SBPI wired the agreed amount out on March 5, 2001 through Jinan Branch of Huaxia Bank, also a legal person organized and existing under the laws of the People's Republic of China.

4.   But to its surprise, SBPI received the next day via Huaxia Bank a message from JPMCPB, the intermediary bank, of whom SBPI knew little before.   The message said that JPMCP was required by the Office of Foreign Assets Control ("OFAC") of US Treasury Department to block the amount because the wire transfer referred to Commission of Sudan Emmbesy, and that JPMCB could neither release nor return the money.

5.   Though it was sure that the wire transfer to Mr. Hussain G. Thanon had nothing to do with Sudan, SBPI looked immediately into the matter.   The reason was soon found: the accountant, who was to make 3 wire transfers in those two or three consecutive days mixed up those three SWIFT Input Forms.   The Input Form for Mr. Hussain G. Thanon should have a blank Details of Payment column, while another Input Form should have the Details of Payment column filled with the wording "Commission of Sudan Emmbesy", which was intended to pay to the Sudanese Embassy to China commission of certain amount for a Sudanese transaction brokered by the Embassy.   Pressed to make a quick wire transfer to Mr. Hussain G. Thanon, the English-illiterate accountant hurried the filling of the Input Form, not realizing that the wording "Commission of Sudan Emmbesy" was in the wrong place and turned the Form to the Huaxia Bank, and a mistake was hence made.

6.   Having found the reason, SBPI applied to the OFAC for a license on March 26, 2001 in order to have the money blocked by JPMCB released.   Together with the application, SBPI submitted the abovementioned contract, the 661 Committee approval and other documents.

7.  On June 8, 2001, the OFAC denied SBPI's application without giving detailed reasons, flatly asserting that the blocked funds represent a commission payment to the Government of Sudan in connection with a sale of pumps to Iraq pursuant to United Nations Security Council Resolution 986 and that the payment was properly blocked.   No procedure such as hearing was adopted by OFAC before it made the denial.

8.  Soon after the money was blocked, SBPI arranged another payment to Mr. Hussain G. Thanon to avail him to carry out the import.

**Grounds of Objection**

9.  As shown by the facts set forth above, neither of the parties involved in SBPI's wire transfer, namely itself, Huaxia Bank, JPMCB, Housing Bank of Jordan, Mr. Hussain G. Thannon, is an agency or instrumentality of the Republic of Sudan.

10.  As shown by the facts set forth above, the underlying transaction for this wire transfer was an humanitarian transaction duly approved by the 661 Committee involving Iraq, and as a result, no Sudanese interests whatsoever was involved.

11.  As shown by the facts set forth above and SBPI would like to restate, the appearance of the wording "Commission of Sudan Emmbesy" was plainly a mistaken filling of Input Form, which wording should belong to another Input Form intending to pay commission to the Sudanese Embassy to China, and which payment was irrelevant to the wire transfer at issue.

12.  It is absurd to classify an account or asset as Sudanese by mere reference to such wording as Sudan.   If SBPI intended to transfer some money to some Sudanese agency or instrumentalities, it could have managed to do so through a million routes, why bother choosing a US intermediary bank?   It was a fact of iron that only few countries were imposing sanctions on Sudan at that time.

13.  As shown by the facts set forth above, by denying SBPI's application for license without sound reasons, OFAC breached the radial principle of burden of proof.   As it was OFAC who ordered the blockage of SBPI's wire transfer, needless to say it was OFAC's burden to prove instead of merely asserting that such wire transfer was Sudan-connected.   So it was absurd for OFAC to request SBPI to prove its innocence, it tantamount to requesting self-incrimination.   Further, from procedural point of view, OFAC's denial was also in breach of due process.

**Requests**

14.   With the facts and reasons set forth above, SBPI was an innocent and irrelevant originator of a wire transfer that has nothing to do with the Republic of Sudan whatsoever. SBPI respectfully requests the Court to release the amount of SBPI's wire transfer and return it to JPMCB, who should in turn return that amount to SBPI.   Accordingly, Petitioners' petition regarding the amount belonging to SBPI should be denied.

15.   In case the amount in the blocked wire transfer is turned over to satisfy a judgment that has nothing to do with SBPI, SBPI will definitely lodge claims against parties involved therein.   SBPI does not wish such incident to take place, because it does not want, as numerous Chinese enterprises do not want, US banks or the United Sates Government to be proved as untrustworthy.


Dated:   November 12, 2008


Shangdong Boshan Pumps I & E Co., Ltd.

By:_____

Sun Longping, General Manager

27 Liuhang Road, Boshan,

Zibo, Shandong, China, 255200

Tel: 0086 533 4163158    Fax: 4163157


Counsel

Mr. He Bin & Mr. Zhao Jun

Beijing Shirong Law Firm

701 Tianyu Building

No.11 Guangming Road, Chongwen District

Beijing, China 100061

Email:   hebinlawyer@yahoo.com.cn

somezhao@gmail.com

4

To:

Hall, Lamb and Hall, P.A.

Offices at Grand Bay Plaza,

Penthouse One

2665 South Bayshore Drive

Miami, Florida 33133

Telephone Number: (305) 374-5030

Fax Number: (305) 374-5033

Attention: Andrew C. Hall, Esq.


Levi Lubarsky & Feigenbaum LLP

Attn: Howard B. Levi, Esq.

1185 Avenue of the Americas,

17th Floor, New York, NY 10036

Tel: 212-308-6100; Fax: 212-308-8830


Clerk of the Court

United States District Court for the

Southern District of New York

Daniel Patrick Moynihan Courthouse

500 Pearl Street

New York, New York 10007

Tel: (212) 805-0136

Docket No. 08 Civ. 6588 (AKH)