UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

OLIVIA RUX, et al.,                    : Case No.: 08 Civ. 6588 (AKH)

        Petitioners,              :

    -against-                              :

ABN AMRO BANK, N.V., AMERICAN          :
EXPRESS BANK LTD., BANK OF
AMERICA, N.A., BANK OF NEW YORK,       :
BANK OF CHINA, CITIBANK, N.A.,
DEUTSCHE BANK A.G., DEUTSCHE           :
BANK TRUST COMPANY AMERICAS,
HSBC BANK USA, N.A. and JPMORGAN       :
CHASE BANK, N.A.,
                                       :
        Respondents.
_____x

THE BANK OF NEW YORK MELLON,           :

        Third-Party Petitioner,   :

    -against-                              : **ANSWER BY BYBLOS BANK EUROPE S.A.**
                                         **TO THE THIRD-PARTY PETITION**
THE REPUBLIC OF SUDAN, THE BANK        : **BY THE BANK OF NEW YORK MELLON**
OF KHARTOUM, EL NILEIN BANK,
SUDAN AIRWAYS, SAUDI INVESTMENT        :
BANK, BARCLAYS BANK, PLC,
TURKIYE GUARANTI BANKASIAS,             :
AIR ANATOLIA, CLIVEDEN,
PETROLEUM CO. LTD., EFG BANK           :
(GIBRALTAR) LTD., BNP PARIBAS, S.A.,
BNP PARIBAS (SUISSE) S.A., SUDANESE    :
PETROLEUM CORPORATION, BYBLOS
BANK EUROPE S.A., KOREA                :
EXCHANGE BANK, BANK OF SUDAN,
AL SHAMAL ISLAMIC BANK and             :
SUDANESE LIBYAN INVESTMENT
AND DEVELOPMENT CO. LTD.,              :

        Third-Party Respondents.  :
_____x

Third-Party Respondent Byblos Bank Europe S.A. ("Byblos"), through undersigned counsel, respectfully submits this answer to the Third-Party Petition by The Bank of New York Mellon ("BONY"), filed in the nature of an interpleader action pursuant to § 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure section 134 of the New York Banking Law and CPLR § 1006.

## Procedural Background

1. BONY has brought the present Third-Party Petition against, among others, Third-Party Defendant Byblos seeking, among other things, a determination of the rights of all interested parties in the funds that BONY, among other Respondents, has deposited with the Court at the Court's direction. Upon information and belief, the funds deposited by BONY with the Court concern funds that had been blocked by BONY pursuant to the Sudanese Sanctions Regulations (the "Restrained Funds"), imposed by the Department of the Treasury of the United States and administered by the Office of Foreign Assets Control ("OFAC") pursuant to 31 C.F.R. Part 538 (the "OFAC Regulations").

2. Because the Petitoners in *Rux, et al., v. ABN-AMRO Bank N.V. et. al.*, Case No. 08 Civ. 6588 (AKH) have made an application under the provisions of the Terrorism Risk Insurance Act of 2002, Pub L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA") to satisfy a judgment they have obtained against the Republic of Sudan (the "Judgment") by levying against the Restrained Funds, on September 22, 2008 the Court issued a notice to all interested parties that "any person or entity claiming to be the owner or to have an interest in any of the funds deposited with the court must submit written objections within sixty days of the date of this notice."

## The Parties

3.  Respondent and Third-Party Petitioner BONY is a bank chartered and operating under the laws of the State of New York with its principal place of business in the State of New York.

4.  Byblos is a Belgian bank headquartered in Brussels and with a principal place of business at Rue Montonyer 10/B.3-B-1000, Brussels, Belgium. Byblos has an interest in the Restrained Funds.

## Byblos's Objections

5.  In compliance with the Court's September 22, 2008 notice, on November 21, 2008 Third-Party Respondent Byblos filed written objections in compliance with the Court's September 22, 2008 notice to protect its interests in the Restrained Funds. More specifically, Byblos has filed written objections explaining why Byblos is the sole owner of $96,624.00 that were deposited by BONY with the Court and are part of the Restrained Funds.

6.  Byblos's objections consist of a November 21, 2008 Declaration by Mr. Najah Salem, the Managing Director and Chief Executive Officer Byblos, and a memorandum of law in support of Byblos's objection. Attached as Exhibit 1 is a copy of Mr. Salem's Declaration (with exhibits) and as Exhibit 2 is a copy of the memorandum of law in support of Byblos's objections.

7.  For the reasons explained in Byblos's objections, the Court should deny any request by the Petitioners to enforce the Judgment by levying against the $96,624 that are owned by Byblos and have been deposited with the Court by BONY.

## Claim for Relief

8. Byblos repeats and realleges each and every allegation set forth through paragraphs 1 through 7 of this answer to the same extent as if those allegations were set forth in full in this paragraph.

WHEREFORE Third Party-Respondent Byblos respectfully requests that the Court (1) order and adjudge that the $96,624.00 in question are not subject to enforcement in satisfaction of the Judgment, and (2) return custody of the $96,624.00 in question to BONY, to be held by BONY pending ultimate determination by OFAC or another agency of the United States as to Byblos's entitlement to receive those monies.

Dated: New York, New York
November 21, 2008

DLA PIPER LLP (US)

By: _____
Robert F. Fink
Andrew Deutsche
Camilo Cardozo
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4880

*Attorneys for Third-Party Respondent
Byblos Bank Europe S.A.*

4