# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

OLIVIA RUX, et al.,  :  Case No.: 08 Civ. 6588 (AKH)

        Petitioners, :

    -against- :

ABN AMRO BANK, N.V., AMERICAN :
EXPRESS BANK LTD., BANK OF
AMERICA, N.A., BANK OF NEW YORK, :
BANK OF CHINA, CITIBANK, N.A.,
DEUTSCHE BANK A.G., DEUTSCHE :
BANK TRUST COMPANY AMERICAS,
HSBC BANK USA, N.A. and JPMORGAN :
CHASE BANK, N.A.,
  :
        Respondents.
———————————————————————x

THE BANK OF NEW YORK MELLON, :

        Third-Party Petitioner, :

    -against- :  **MEMORANDUM OF LAW IN**
                                           **SUPPORT OF OBJECTIONS BY**
THE REPUBLIC OF SUDAN, THE BANK :  **BYBLOS BANK EUROPE S.A.**
OF KHARTOUM, EL NILEIN BANK,
SUDAN AIRWAYS, SAUDI INVESTMENT :
BANK, BARCLAYS BANK, PLC,
TURKIYE GUARANTI BANKASIAS, :
AIR ANATOLIA, CLIVEDEN,
PETROLEUM CO. LTD., EFG BANK :
(GIBRALTAR) LTD., BNP PARIBAS, S.A.,
BNP PARIBAS (SUISSE) S.A., SUDANESE :
PETROLEUM CORPORATION, BYBLOS
BANK EUROPE S.A., KOREA :
EXCHANGE BANK, BANK OF SUDAN,
AL SHAMAL ISLAMIC BANK and :
SUDANESE LIBYAN INVESTMENT
AND DEVELOPMENT CO. LTD., :

        Third-Party Respondents. :
———————————————————————x

Third-Party Respondent Byblos Bank Europe S.A. ("Byblos"), through undersigned counsel, respectfully submits this memorandum of law in support of its objections filed in response to the Court's September 22, 2008 notice that "any person or entity claiming to be the owner or to have an interest in any of the funds deposited with the court [in *Rux, et al., v. ABN-AMRO Bank N.V. et. al.*, Case No. 08 Civ. 6588 (AKH) ("the Underlying Action")] must submit written objections within sixty days of the date of this notice." Byblos hereby makes only a restrictive appearance pursuant to Rule E(8) of the Supplemental Rules for Admiralty Claims and Asset Forfeiture Actions.

## Background

Petitioners obtained a default judgment in the United States District Court for the Eastern District of Virginia against the Republic of Sudan (the "Judgment"), a designated State Sponsor of Terrorism by the U.S. Department of State pursuant to the Terrorism Risk Insurance Act of 2002, Pub L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"). The Petitioners have made an application under the provisions of the TRIA to satisfy the Judgment by levying against certain funds held by the Respondents, all financial institutions. The Court directed those financial institutions to deposit the funds with the Court, and provided an opportunity for persons claiming to be the owner or to have an interest in the fund to file written objections with the Court.

Upon information and belief, the financial institutions deposited with the Court funds that they had previously restrained under the Sudanese Sanctions Regulations (the "Restrained Funds"), imposed by the Department of the Treasury of the United States and administered by the Office of Foreign Assets Control ("OFAC") pursuant to 31 C.F.R. Part 538 (the "OFAC Regulations"). Respondent and Third-Party Petitioner in this interpleader proceeding, The Bank of New York Mellon ("BONY"), deposited the sum of $96,624.00 with the Court. This amount

had been wired to BONY by Byblos on behalf of one of Byblos's clients, but was blocked and restrained by BONY in a separate account in ostensible compliance with the OFAC Regulations (the "Byblos Funds").

As shown below, Byblos alone has an interest in the Byblos Fund. The Republic of Sudan has no interest in those monies. Accordingly, the Byblos Fund should not be subject to levy in satisfaction of the Judgment. Accordingly, the Byblos Fund should be returned to BONY, to be held by it pending an ultimate disposition of those funds by OFAC.

## Argument

### I. Only Byblos Has An Interest in the Funds in Question

As set forth in the accompanying declaration of Mr. Najah Salem, the Managing Director and Chief Executive Officer of Byblos, at present Byblos is the only party with right, title, and interest in the Byblos Fund. The Byblos Fund arises from an August 4, 2004 electronic wire transfer of $96,624.00 sent by Byblos to Korea Exchange Bank ("Korea Bank") at the instruction of El Nilein Industrial Bank Group ("El Nilein"), a Sudanese bank which is a customer of Byblos. (See November 21, 2008 Declaration of Mr. Najah Salem ("Salem Decl.") ¶ 6.) This electronic wire transfer concerned a purchase-and-sale transaction whereby Dansuk Industrial Co. Ltd. ("Dansuk"), a customer of Korea Bank, sold and shipped certain chemical to Al Osmany Plastic Granules Factory ("Al Osmany"), El Nilein's customer. (Salem Decl. ¶ 7.)

Byblos effected the wire transfer using BONY, its correspondent bank in New York. Because El Nilein is a Specially Designated National ("SDN") under the OFAC Regulations, BONY restrained the $96,624.00 in question in compliance with the OFAC Regulations. (Salem Decl. ¶¶ 8, 9, 10.) As a result, El Nilein made a separate wire transfer through a different bank to ensure Al Osamany's payment to Dansuk under the latter companies' purchase and sale

3

transaction. (Salem Decl. ¶ 11.) To make its customer whole, Byblos, in turn, credited El Nilein's account with Byblos in an amount equal to the sum that BONY had restrained, namely $96,624.00. (Salem Decl. ¶ 12.)

Once Byblos reimbursed El Nilein for the amount that BONY had restrained, El Nilein executed a document assigning all interest in the restrained funds to Byblos. (Salem Decl. ¶ 14.). As result, Byblos is the *only* party with an ownership interest in the Byblos Fund. The Republic of Sudan has no interest in the funds in question.

## II. The Petitioners Cannot Satisfy their Judgment Against The Republic of Sudan With the Byblos Fund

The Petitioners seek to enforce the Judgment against the Restrained Funds, including the Byblos Fund, in accordance with the provisions of the TRIA, P.L. 107-297, Title II, § 201(a), Nov. 26, 2002, 116 Stat. 2322. TRIA states that when a person has "obtained a judgment against a terrorist party [ ], the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution [ ] to satisfy such judgment[.]" P.L. 107-297, Title II, § 201(a), Nov. 26, 2002, 116 Stat. 2322.

As explained by Mr. Salem, at present Byblos is the only entity with an ownership interest in the $96,624.00 in the Byblos Fund. (Salem Decl. ¶¶ 5, 15.) Byblos is a European bank that is not affiliated in any way with the Republic of Sudan or any of its agencies or instrumentalities, or El Nilein. (Salem Decl. ¶ 17.) Neither the Republic of Sudan nor El Nilein have an interest in Byblos. As a result, the Petitioners have no right under the provisions of the TRIA to enforce the Judgment against the Byblos Fund.

## Conclusion

For all of the foregoing, Byblos respectfully requests that the Court (1) order and adjudge that the Byblos Fund is not subject to enforcement in satisfaction of the Judgment, and (2) return custody of the $96,624.00, representing the Byblos Fund to BONY, to be held by BONY pending ultimate determination by OFAC or another agency of the United States as to Byblos's entitlement to receive those monies.

Dated:   New York, New York
         November 21, 2008

DLA PIPER LLP (US)

By: _____
    Robert F. Fink
    Andrew Deutsche
    Camilo Cardozo
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4880

*Attorneys for Third-Party Respondent*
*Byblos Bank Europe S.A.*