Howard B. Levi, Esq.
J. Kelley Nevling, Jr., Esq.
LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  11036
Tel. No. (212) 308-6100

Attorneys for Third-Party Petitioner
JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| OLIVIA RUX, et al., | : | Case No. 08 Civ. 6588 (AKH) |
| Petitioners, | : | |
| -against- | : | |
| ABN AMRO BANK, N.V., et al., | : | |
| Respondents. | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | |
| Third-Party Petitioner, | : | **JPMORGAN CHASE BANK, N.A.'S ANSWER TO "STATEMENT OF CLAIM AND COUNTERCLAIM" ASSERTED BY KfW BANK IN ITS ANSWER TO <u>THIRD-PARTY PETITION</u>** |
| -against- | : | |
| THE REPUBLIC OF SUDAN, et al., | : | |
| Third-Party Respondents. | : | |

-------------------------------------------------------------x

Respondent and third-party petitioner JPMorgan Chase Bank, N.A., by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the "Statement of Claim and Counterclaim Against Third-Party Plaintiff JPMCB" (the "Counterclaim") asserted by KfW Bank in its answer to the third-party petition, alleges as follows:

    1.    Admits the allegations of paragraph 14 of the Counterclaim.

    2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 15 of the Counterclaim.

    3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 16 of the Counterclaim except admits that on or about April 29, 2005, it blocked a wire transfer (the "Wire Transfer") in the amount of $150,000.00, as required by the provisions of the Sudanese Sanctions Regulations, 31 C.F.R. part 538, and that its records indicate that the originator of this blocked Wire Transfer was "KFW Frankfurt" and the originator's bank was "KFW Bankengruppe".

    4. Denies each and every allegation set forth in paragraph 17 of the Counterclaim except admits that it blocked the Wire Transfer because it was required to do so under the provisions of the Sudanese Sanctions Regulations.

    5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 18 of the Counterclaim.

    6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 19 of the Counterclaim.

    7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 20 of the Counterclaim.

    8. Denies each and every allegation set forth in paragraph 21 of the Counterclaim.

    9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 22 of the Counterclaim.

10.     Admits the allegation in paragraph 23 of the Counterclaim that KfW Bank is "demand[ing] that the Blocked Funds be returned to" it, but denies knowledge or information sufficient to form a belief as to whether KfW Bank is entitled to be paid the amount of the "Blocked Funds."

## FIRST AFFIRMATIVE DEFENSE

11.     The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12.     Respondent and third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB") was and is required by the Sudanese Sanctions Regulations, 31 C.F.R. Part 538, to block the Wire Transfer and to hold the proceeds in a blocked account until the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury issues a license authorizing the release of the proceeds of the Wire Transfer.

13.     Upon information and belief, OFAC has not issued a license authorizing the release of the proceeds of the Wire Transfer.

## THIRD AFFIRMATIVE DEFENSE

14.     Upon information and belief, KfW Bank has not made an application for an OFAC license in the more than three years since the Wire Transfer was blocked by JPMCB pursuant to the provisions of the Sudanese Sanctions Regulations.

## FOURTH AFFIRMATIVE DEFENSE

15.     JPMCB was required to pay the proceeds of the Wire Transfer into the Registry of the United States District Court for the Southern District of New York

3

(the "Court") on or about August 24, 2008 pursuant to orders entered by the Court on July 29 and August 5, 2008.

## FIFTH AFFIRMATIVE DEFENSE

16.     JPMCB properly retained possession of the proceeds of the Wire Transfer after being served on or about December 4, 2007, with a writ of execution arising out of the judgment for plaintiffs (the "Judgment") in an action filed in the United States District Court for the Eastern District of Virginia entitled <u>Rux et al. v. Republic of Sudan</u>, Civil Action No. 2:04cv428, that sought to levy upon, inter alia, the proceeds of the Wire Transfer.

## SIXTH AFFIRMATIVE DEFENSE

17.     JPMCB properly retained possession of the proceeds of the Wire Transfer after being served, on or about April 18, 2008, with a restraining notice with respect to the Judgment that applied to, inter alia, the proceeds of the Wire Transfer.

## SEVENTH AFFIRMATIVE DEFENSE

18.     Upon information and belief, at no time prior to November 21, 2008 did KfW Bank ever demand payment of the proceeds of the Wire Transfer to it or make any attempt to withdraw such proceeds from the account that JPMCB established to hold those proceeds when it blocked the Wire Transfer pursuant to the Sudanese Sanctions Regulations.

WHEREFORE respondent and third-party petitioner JPMorgan Chase Bank, N.A. respectfully requests the entry of a judgment

(1)     dismissing KfW Bank's Counterclaim with prejudice;

    (2)  awarding to JPMCB its costs and expenses in this proceeding, including reasonable attorneys' fees; and

    (3)  Awarding to JPMCB such other and further relief as may be just and proper.

Dated: New York, New York
   December 5, 2008

              LEVI LUBARSKY & FEIGENBAUM LLP

            By: _____
              J. Kelley Nevling, Jr., Esq.
            1185 Avenue of the Americas, 17th Floor
            New York, NY 10036
            Tel. No. (212) 308-6100

            Attorneys for Third-Party Petitioner
            JPMorgan Chase Bank. N.A.