UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
OLIVIA RUX et al.,

                       Petitioners,

   -against-

ABN-AMRO BANK N.V., et al.,

                       Respondents.
------------------------------------------------------------ x

**ORDER REGULATING PROCEEDINGS**

08 Civ. 6588 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On June 26, 2008, this Court entered an order directing the parties to jointly develop a) a procedure leading to speedy turnover of the funds owed to petitioners, subject to notice that would permit third-party claimants to assert their interest in the funds; and b) a method for providing notice to those third-party claimants. On July 24, 2008, the parties submitted a joint letter indicating that they were unable to come to an agreement as to how best to achieve these objectives. The letter outlined each party's respective proposed procedure and positions on the relevant issues. After reviewing the parties' submission, I order the following:

1. Respondents shall promptly, within five business days, transfer control of all contested funds held by them into the Registry of the Court for the Southern District of New York's Court's Registry Investment System ("CRIS"). CRIS accepts wire transfers through the following account:

    Bank:               U.S. Treasury
    Agency Locator:    4654
    Routing Number:   021030004
    Comments Field:   08 Civ. 6588 (AKH) (S.D.N.Y.)
                             (Olivia Rux, et al. v. ABN-AMRO Bank N.V. et al.)

For questions regarding the transfer procedure, contact the Court's Financial Administrator, Michael Lindner, at (212) 805-0610.

1

Exhibit A

2. Within ten days thereafter, Petitioners shall give notice of this Order and all prior documents filed in this case to the Government of Sudan, the judgment debtor. Notice is to be provided in a manner consistent with the procedures for foreign mail, as outlined by the Clerk's office and available at http://www1.nysd.uscourts.gov/cases/show.php?db=forms&id=18.

3. Within ten days after the transfer ordered in paragraph one, Respondents shall give notice of this Order, and of the Turnover Petition to any and all persons who originated or deposited funds into the accounts that are to be transferred to the Clerk, as described in paragraph 1, above, and to any other individuals who respondents reasonably believe may have an interest in said funds. Notice is to be provided in the manner described in paragraph 2, above. In the Notice, respondents are to give any third-party claimants 60 days to provide written objection asserting any interest they may have in the funds, and to invite any party making written objections to attend the hearing, to be scheduled as provided in paragraph 4 below.

4. At the end of the 60-day period, Respondents are to provide a report to petitioners and to the Court, cataloguing all objections received from third-party claimants, if any are received. Petitioners may file oppositions to the objections within ten days thereafter. A hearing date will then be scheduled to enable me to rule on petitioner's motion to turn over the funds. All other previously scheduled hearing dates are cancelled.

2

5. Costs of effecting notice shall be taxed against the ultimate disbursement of the accounts.

SO ORDERED.

Dated: July 29, 2008
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge



# LEVI LUBARSKY & FEIGENBAUM LLP
ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

September 16, 2008

So Ordered
9-17-08
Alvin K. Hellerstein

**BY HAND**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:   Rux v. ABN-AMRO Bank, Case No. 08 Civ. 6588 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

We represent respondents JPMorgan Chase Bank, N.A. and The Bank of New York Mellon in the above-referenced special proceeding. I am writing on behalf of all respondents respectfully to request that the Court approve the enclosed form of notice to be sent to persons who may have claims against the funds on deposit with the Court.

On September 8, 2008, we submitted a proposed order to the Court with a proposed form of notice that was attached as Exhibit A. The Court signed the order on September 9 and it was promptly docketed, but the Clerk's office did not put the accompanying Exhibit A into the electronic file. Because the September 9 order directs the parties to send out "a notice in the form of Exhibit A" to potential claimants along with other documents, we presume that the Court was satisfied with our proposed form of notice, but because there is no Exhibit A in the file, we cannot be certain that it was approved without changes. For that reason we respectfully request that the Court so order this letter, in order to approve the enclosed form of notice as Exhibit A to its September 9 order, and place the approved form of notice in the file for this case.

The enclosed form of notice is the same as the form of notice submitted to the Court on September 8. It bears the same date, September 15, 2008, although that date will be changed to September 22, 2008 on the notices that are actually sent out, in light of this Court's subsequent order extending the deadline for giving notice to September 22 (This change is necessary because the notice informs potential claimants that they have sixty days from the date of the notice to file objections, and under the terms of this Court's order dated July 29, 2008, that sixty-day period runs from the deadline for giving notice, which is now September 22).

Exhibit B

Hon. Alvin K. Hellerstein
September 16, 2008
Page 2

      Petitioner's counsel reviewed our proposed Exhibit A before it was submitted to the Court last week, suggested changes and ultimately consented to the enclosed form of notice.

      Respectfully submitted,

Howard B. Levi

hbl/jkn
cc:    All counsel (by e-mail and mail)

TO: THOSE PERSONS OR ENTITIES WHICH MAY CLAIM AN INTEREST IN FUNDS BLOCKED BY REGULATIONS AFFECTING THE REPUBLIC OF SUDAN.

THIS NOTICE OF LAWSUIT IS BEING SENT TO YOU TO ADVISE YOU OF A LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK THAT MAY RESULT IN THE SEIZURE AND FORFEITURE OF FUNDS IN WHICH YOU MAY HAVE AN INTEREST TO SATISFY A JUDGMENT AGAINST THE REPUBLIC OF SUDAN FROM ASSETS OF THAT NATION OR ITS AGENCIES AND INSTRUMENTALITIES. THESE FUNDS INCLUDE BALANCES HELD (PRIOR TO THE TRANSFER TO THE COURT DESCRIBED BELOW) BY ABN-AMRO BANK N.V., AMERICAN EXPRESS BANK LTD., BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON, BANK OF CHINA, CITIBANK, N.A., DEUTSCHE BANK A.G. OR ITS SUBSIDIARY DEUTSCHE BANK TRUST COMPANY AMERICAS, HSBC BANK USA, N.A. AND JPMORGAN CHASE BANK, N.A. (THE "RESPONDENT BANKS") IN CERTAIN ACCOUNTS THAT WERE BLOCKED PURSUANT TO REGULATIONS ISSUED BY THE TREASURY DEPARTMENT OF THE UNITED STATES. THEY ALSO INCLUDE THE PROCEEDS OF CERTAIN WIRE TRANSFERS THAT WERE BLOCKED PURSUANT TO THOSE REGULATIONS. BANK RECORDS INDICATE THAT YOU MAY HAVE AN INTEREST IN THE FUNDS IN ONE OR MORE SUCH BLOCKED ACCOUNTS AND/OR THAT YOU MAY HAVE BEEN A PARTY, EITHER AS AN ORIGINATING BANK, INTERMEDIARY BANK OR BENEFICIARY'S BANK OR AS THE

ORIGINATOR OR BENEFICIARY, TO ONE OR MORE OF THOSE BLOCKED WIRE TRANSFERS.

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ORDERED THE RESPONDENT BANKS TO DEPOSIT WITH THE COURT ALL FUNDS THAT WERE HELD IN BLOCKED ACCOUNTS WITH A BALANCE OF $50,000.00 OR MORE OR THAT CONSTITUTED THE PROCEEDS OF BLOCKED WIRE TRANSFERS INVOLVING $50,000.00 OR MORE. THE COURT MAY ORDER THAT THOSE FUNDS BE TURNED OVER TO SATISFY THE JUDGMENT UNLESS YOU ACT TO ASSERT YOUR CLAIMS TO THOSE FUNDS BY THE SUBMISSION OF COMPETENT EVIDENCE TO THE COURT THAT SUCH FUNDS ARE NOT PROPERTY OF SUDAN OR ITS AGENCIES OR INSTRUMENTALITIES. YOU MUST ACT WITHIN SIXTY DAYS AFTER THE DATE OF THIS NOTICE IN ORDER TO PROTECT THE RIGHTS, IF ANY, YOU MAY HAVE WITH RESPECT TO SUCH FUNDS.

The judgment being enforced arises out of a claim against the Republic of Sudan as described below. In that lawsuit brought in the United States District Court for the Eastern District of Virginia (the "Virginia Court"), the personal representative of seventeen United States Navy personnel (the "Petitioner") killed in the attack on the U.S.S. Cole in the Port of Aden, Yemen, on October 12, 2000, recovered money and an award of damages and a judgment against Sudan on the ground that Sudan was legally responsible for the attack. This judgment is in the sum of $12,275,860.00 together with interest that is accruing.

The judgment holder then brought lawsuits in the United States District Court for the Southern District of New York in April and July 2008 (collectively, the "New York Lawsuit") in

2

an effort to collect funds to satisfy the judgment. The New York Lawsuit was brought against ten respondents, including the Respondent Banks, and is based on Petitioner's claims that these banks are holding funds belonging to the Republic of Sudan and its agencies and instrumentalities that should be turned over to Petitioner to pay the amount due under the judgment. The amount sought by Petitioner, including interest and costs and expenses of the Virginia Lawsuit, is in excess of $13 million. The accounts in question have been blocked by the Respondent Banks because they were required to do so pursuant to an Executive Order of the President of the United States dated November 5, 1997 and the Sudanese Sanctions Regulations issued by the United States Department of the Treasury.

The United States District Court for the Southern District of New York ordered the Respondent Banks to transfer into the Registry of the Court by August 25, 2008, the funds held by them in blocked deposit accounts and blocked wire transfer accounts having a balance of at least $50,000.00, to be held and distributed to the Petitioner to the extent appropriate.

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ORDERED THAT ANY PERSON OR ENTITY CLAIMING TO BE THE OWNER OF OR TO HAVE AN INTEREST IN ANY OF THE FUNDS DEPOSITED WITH THE COURT MUST SUBMIT WRITTEN OBJECTIONS WITHIN SIXTY DAYS OF THE DATE OF THIS NOTICE. SUCH OBJECTIONS MUST BE IN WRITING, THEY MUST SPECIFY THE ACCOUNTS THAT YOU CLAIM TO HAVE AN INTEREST IN AND SET FORTH THE FACTUAL BASIS FOR YOUR CLAIM, AND THEY MUST BE SIGNED BY YOU, AN OFFICER OF YOUR ORGANIZATION OR YOUR ATTORNEY. YOU MUST SUBMIT SUCH OBJECTIONS TO THE ATTORNEYS FOR THE PETITIONER AND THE ATTORNEYS FOR ANY OF THE

RESPONDENT BANKS AT THEIR ADDRESSES AS SET FORTH ON THE SCHEDULE AT THE END OF THIS NOTICE, AND TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. IT IS STRONGLY RECOMMENDED THAT YOU CONSULT WITH AN ATTORNEY AND OBTAIN LEGAL ADVICE AS TO WHAT ACTION YOU SHOULD TAKE. YOU SHOULD ALSO CONSIDER ASKING THE COURT FOR PERMISSION TO INTERVENE IN THE NEW YORK LAWSUIT AND BECOME A PARTY TO THE LAWSUIT FOR ALL PURPOSES.

WHATEVER YOU DECIDE TO DO, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU DO NOT SUBMIT WRITTEN OBJECTIONS OR MAKE A MOTION TO INTERVENE WITHIN SIXTY DAYS OF THE DATE OF THIS NOTICE, THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY DETERMINE THAT YOU HAVE DEFAULTED AND LOST YOUR RIGHT TO ASSERT A CLAIM TO THE FUNDS THAT HAVE BEEN PAID INTO THE REGISTRY OF THE COURT. IN THAT EVENT THE COURT COULD TURN OVER SUCH FUNDS TO THE PETITIONER TO SATISFY THE JUDGMENT. THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK MAY ALSO ENTER AN ORDER RELEASING AND DISCHARGING THE NEW YORK BANKS FROM ANY OBLIGATIONS TO HOLD THE FUNDS IN THOSE ACCOUNTS FOR YOU OR TO PAY THOSE FUNDS TO YOU. IF YOU WANT TO ASSERT YOUR RIGHTS, IF ANY, IN THE FUNDS BEING HELD BY THE COURT, YOU SHOULD SUBMIT WRITTEN OBJECTIONS OR TAKE OTHER APPROPRIATE ACTION WITHIN THE SIXTY DAY DEADLINE.

IF YOU FILE TIMELY OBJECTIONS, THE COURT MAY HOLD A HEARING TO DETERMINE WHETHER YOU HAVE A VALID CLAIM. THE HEARING WILL BE HELD IN COURTROOM 14D OF THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE AT 500 PEARL STREET, NEW YORK, NEW YORK, ON A DATE AFTER NOVEMBER 14, 2008 THAT HAS NOT YET BEEN FIXED. IF YOU HAVE FILED WRITTEN OBJECTIONS OR INTERVENED IN THE PROCEEDINGS, YOU ARE INVITED TO ATTEND THE HEARING, IN PERSON OR THROUGH AN ATTORNEY, AND PRESENT COMPETENT EVIDENCE FOR YOUR CLAIMS. (IF YOU ARE NOT A NATURAL PERSON, YOU MUST APPEAR BY AN ATTORNEY.) YOU MUST APPEAR IN ORDER TO PRESERVE ANY CLAIM YOU MAY HAVE TO THE FUNDS BEING HELD BY THE COURT.

Enclosed with this Notice of Suit are copies of the Petition and related documents filed by the Petitioner in order to commence the New York Lawsuit and the orders of the Court directing the Respondent Banks to transfer funds to the Court Registry and establishing procedures for submitting objections and determining the rights of interested persons. These documents are being sent to you because the records of one or more of the Respondent Banks indicate that you may have an interest in the funds being held by the Court. Exhibits E-1 through E-8 to the declaration of Nicole Hyland accompanying the Petition (as well as an additional Exhibit E identifying blocked accounts held by Bank of America, N.A.) list all of the blocked accounts that are in dispute in the New York Lawsuit. These documents are not being furnished to you in full because they are subject to a protective order, but the enclosed documents include documents or information identifying the bank accounts and wire transfers in which you may

5

have an interest, to the extent that Respondent Banks have been able to identify such accounts and transfers.

You may also have received a Notice of Third-Party Petition and Third-Party Petition with this Notice of Lawsuit. The Notice of Petition specifies the time and place of the hearing on the claims for relief set forth in the Third-Party Petition. You must also serve an answer to the petition and any supporting affidavits on the parties specified in the Notice of Petition at least two days before the date set for the hearing in order to protect your rights, if any, with respect to the claims asserted in the Third-Party Petition. Please note, however, that the Third-Party Petition(s) that you received may not cover all of the funds to which you may have a claim. To protect your rights, if any, in all such funds you must also file objections as explained in this notice or intervene in the New York Lawsuit.

This notice has been approved by the United States District Court for the Southern District of New York, and the Court has directed Respondent Banks to send it to you along with the enclosed documents.

Dated: New York, New York
       September 15, 2008

## ADDRESSES FOR SUBMISSION OF OBJECTIONS

**PETITIONERS' COUNSEL:**

Hall, Lamb and Hall, P.A.
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, FL 33133
Attention: Andrew C. Hall, Esq.

**RESPONDENTS' COUNSEL:**

[To Be Supplied by Respondent Making Service]

**THE COURT:**

Clerk of the Court
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007
Docket No. 08 Civ. 6588 (AKH)