UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

OLIVIA RUX, *et al.*,
                Plaintiffs,

        - against -

THE REPUBLIC OF SUDAN,

                Defendant.

------------------------------------------------------------ x

Case No. 08 Civ. 6588 (AKH)

(Eastern District of Virginia
No. 04-CV-00428 RGD)

## CITIBANK'S RESPONSE TO PETITIONERS' MOTION FOR IMMEDIATE TURNOVER OF FUNDS

Sharon L. Schneier (SLS 1151)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, NY 10019
Tel.: (212) 489-8230
*Attorneys for Respondent Citibank, N.A.*

January 9, 2009

Sharon L. Schneier, Esq.
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230

*Attorneys for Respondent Citibank N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
OLIVIA RUX, *et al.*,
                Plaintiffs,

    - against -

THE REPUBLIC OF SUDAN,

                Defendant.
------------------------------------------------------------ x

Case No. 08 Civ. 6588 (AKH)

(Eastern District of Virginia
No. 04-CV-00428 RGD)

**PUBLIC VERSION**

## CITIBANK'S RESPONSE TO PETITIONERS' MOTION FOR IMMEDIATE TURNOVER OF FUNDS

### INTRODUCTION

Respondent Citibank, N.A. ("Citi"), respectfully submits this Memorandum of Law in response to Petitioners' Motion for Immediate Turnover of Funds (the "Motion"), dated December 10, 2008. The Motion seeks turnover of certain blocked accounts, which are set forth therein, and Citi's Response is accordingly limited to those accounts as to which Petitioners now seek an order from this Court directing their turnover.[1]

### PRELIMINARY STATEMENT

Petitioners, who are family members of sailors killed in the bombing of the U.S.S. Cole, have obtained a judgment awarding compensatory and punitive damages against the Republic of

---

[1] The Motion did not specify a return date. By Order dated December 22, 2008 the Court set January 9, 2009 as the date for Respondent banks to file a response and January 16, 2009 as the date for Petitioners to file reply papers. (Document No. 166.) Respondent banks have also asked the Court to set a date for a conference or hearing with respect to the issues raised by the Motion and to clarify how and by when notice of that date is to be given, if at all, to the objecting claimants. The Court has not yet ruled on this latter request.

Sudan for its role in the bombing. On April 21, 2008, Petitioners filed a supplemental proceeding in this Court under the Terrorism Risk Insurance Act of 2002 ("TRIA") and Sections 5225(b) and 5227 of the CPLR, seeking to execute the judgment against certain blocked assets held in accounts at Citi and other financial institutions in New York (the "Respondent Banks"). The Court has ordered Respondents to provide Petitioners with discovery regarding certain deposit bank accounts (the "Blocked Deposit Accounts") and wire transfers (the "Blocked Wire Transfers") in excess of $50,000, and that were blocked by the Respondent Banks pursuant to and in accordance with Executive Order 13067 issued on November 5, 1997 and regulations imposed by the Department of Treasury of the United States of America with respect to the Republic of Sudan (the "Sudanese Sanctions Regulations"). *See* 31 C.F.R. §§ 538.101 et seq. issued in or about July 1, 1998 by the Office of Foreign Assets Control ("OFAC"). The Court further directed the parties to provide notice to the Republic of Sudan, and the accounts holders at issue, of these proceedings so that those potentially affected by these proceedings would have an opportunity to be heard prior to ordering turnover. Several objections have been filed.

Citi has no interest in thwarting Petitioners' efforts to collect their judgment and takes no position on their entitlement to the funds. Rather, Citi (and the other banks) have sought, throughout these proceedings, to ensure that Petitioners identify which accounts should be the focus of this proceedings, and requested that the Court – not the parties – determine the persons and entities to whom notice must be provided, and the form and manner of notice that meets statutory and due process requirements. Thus, the Respondents Bank have sought to ensure that the rights of absent third party claimants are respected and the banks are protected from the risk of multiple and inconsistent liability. Finally, to order turnover of the requested funds, the Court

must also find that Petitioners have demonstrated that the accounts they are seeking turnover of are in fact owned by Sudan or its agencies or instrumentalities.

## STATEMENT OF FACTS

### A. Background

#### 1. The Original Action

Petitioners filed a lawsuit on July 16, 2004 in the Eastern District of Virginia to seek compensation from the Government of Sudan for the deaths of relatives has who were killed in the bombing of the U.S.S. Cole in Yemen. *See* Petition, ¶ 14. On July 25, 2007, the United States District Court for the Eastern District of Virginia awarded Petitioners a judgment in the amount of $12,275,860 (including prejudgment interest) plus post-judgment interest at the applicable federal rate. *See id.*, ¶ 15. The judgment was registered with this Court on or about November 20, 2007.

#### 2. The Proceedings in the Southern District of New York

On or about April 21, 2008, Petitioners commenced a supplemental proceeding in this Court under the Terrorism Risk Insurance Act of 2002 ("TRIA") and Sections 5225(b) and 5227 of the CPLR, seeking to execute the judgment against certain blocked assets held in accounts at Citi and other financial institutions in New York. The Petitioners seek entry of an order directing Respondents to turnover the funds alleged to be held by the financial institutions in various accounts identified in Exhibits E-1 through E-8 to the Petition to the extent necessary to satisfy their judgment.

Petitioners served Citi with an Information Subpoena dated February 21, 2008 which Citi responded to on March 6, 2008 and on December 23, 2008. *See* Ex. E. In addition, on July 10, 2008 Citi provided Petitioners with document discovery in accordance with the Court's June 26,

2008 Order. (Ex. A.)[2] All discovery was produced subject to the protections of the Stipulation and Order dated February 8, 2008 which was "So-Ordered" by the Honorable John McKenna on February 25, 2008. (Ex. B.)

### B. Citi Transfers Certain Funds to the Court Registry

On July 29, 2008 (the "July Order") the Court entered an Order which, as modified on August 5, 2008, required Respondents to transfer to the Registry of the Court for the Southern District of New York's Court's Registry Investment System (the "Court Registry") blocked deposit accounts (the "Blocked Deposit Accounts") and blocked wire transfers ("Blocked Wire Transfer Accounts") with a value equal to or exceeding $50,000 by August 25, 2008. (Document Nos. 2, ¶ 1; 8, ¶ 1.) On or about August 25, 2008, and in accordance with the Court's order, Citi transferred approximately $2,041,021.00 to the Court.

On September 9, 2008 (the "September Order") the Court entered an Order which specified the documents, parties to be given notice and various methods by which the parties were to be given notice of these proceedings. (Document No. 32, ¶¶ 1-8.) The September Order states that "[s]ervice in accordance with the provisions of this Order shall be deemed to satisfy all of the requirements for service under the FSIA, the Federal Rules and the CPLR and all of the requirements of due process of law." (Document No. 32, ¶ 14.) As set forth in the Affidavit of Service, Citi served the entities with documents required by, and in accordance with, the Court's September Order.[3] (Document No. 40.) In the September Order, as modified Oct. 29, 2008, the Court also ordered that notice of these proceedings be given by publication. (Document Nos. 32, ¶ 5; 61.) Notice, in the form approved by the Court on Oct. 17, 2008 (document no. 54), was

---

[2] "Ex. __" refers to exhibits appended to the Declaration of Sharon L. Schneier in Support of Citibank's Response to Petitioner's Motion for Immediate Turnover of Funds, dated January 9, 2009, filed herewith.

[3] The Petition identified several deposit accounts that listed the Bank of Khartoum, Bank of Sudan or El Nilein Bank. Notice was given to these entities by the Respondent banks on numerous occasions. (See, e.g., Affidavits of Service to Bank of Khartoum, filed as Document Nos. 30, 31, 40, 43, 44, 47, 55, 75, 79, 82, 83, 86, 92, 94, and 161.)

published in *The International Tribune* and as a banner ad on www.allafrica.com, with links to the Notice in Arabic and English.  Publication was confirmed.  (Document No. 164.)

The Court's July Order further provided a 60-day period for potential claimants to submit written objections asserting claims to the blocked assets at issue in this proceeding.  The July Order further directed that, at the conclusion of the 60-day period, Respondents "are to provide a report to petitioners and the Court cataloguing all objections received from third party claimants, if any are received."  The 60-day period provided in the July Order, as subsequently amended, expired on November 21, 2008.  Respondents provided the catalogue of objections requested by the Court on December 2, 2008.  (Document No. 2, ¶ 4; Ex. C.)

The Respondents Banks that received written objections from potential third-party claimants include:  American Express Bank, Ltd., The Bank of New York Mellon, Citibank N.A., Deutsche Bank, HSBC Bank USA, N.A., and J.P. Morgan Chase Bank, N.A.  Respondents provided the Court and Petitioners with information regarding (i) the identity of each blocked wire or blocked deposit account for which an objection was received, (ii) the identity of any claimants who have asserted objections with respect to the blocked wire or blocked deposit, and (iii) the document number, if any, under which each objection was filed with the Court.  (Ex. C.)

The originator of one of the wire transfers blocked by Citi notified it of an objection (*id.*, Ex. 3), and Petitioners have not included this wire transfer in the list of accounts that Petitioners are, by their present motion, seeking an order directing its turnover.  In addition, Citi was notified on or about January 8, 2008 of an additional objection from the Islamic Cooperative Development Bank.  (Ex. D.)[4]  The objection states the bank is owned by shareholders which do not include the Republic of Sudan.  The objector concludes by stating that "[w]e are able to

---

[4]   This objection was not brought to the attention of the relevant personnel at Citi until on or about January 8, 2009 since it was sent to an incorrect address.  The document was sent via International Express (Aramex) on November 12, 2008 and was addressed to City Bank (New York) at 55 Wall Street, which is not a Citi location. Eventually the letter was forwarded to the relevant personnel at Citi.  Schneier Decl., ¶ 5, Ex. D.

present all supporting documents required by the court in this respect." (*Id.*) The Motion does seek turnover of this deposit account. *See* Motion, 19.

In addition to the specific objections, on November 21, 2008 the United States of America has filed a Statement of Interest (Document No. 132) raising a variety of general concerns about the Petitioners' ability to execute the judgment they have obtained against the blocked assets transferred to the Court's Registry. The Statement of Interest notes, *inter alia*, that some of the blocked assets may be neither owned by the Government of Sudan nor subject to execution under TRIA. (*Id.*, 5-9.)

### C. The Accounts Blocked by Citi That Are the Subject of the Motion

#### 1. Deposit Accounts

Petitioners seek the turnover of the following deposit accounts transferred by Citi to the Court Registry.[5] As more fully set forth in the accompanying Schneier Declaration the Islamic Cooperative Development Bank has notified Citi of its "legal objection" to the turnover of its Blocked Deposit Account on the ground that the bank is "registered in the Sudan as a public stock company …; its shares are owned by the general public; …. Moreover, the Republic of Sudan as a federal government is not a shareholder in the Islamic Cooperative Development Bank." The objection concludes by stating that "[w]e are able to present all supporting documents required by the court in this respect."

---

[5] Petitioners are *not* seeking turnover of those funds held in the name of Idbs Technical Support Rfa which funds were blocked because of participation of El Nilein Industrial Development Bank as the remitter of a funds transfer.

| Account Name | Account No. | Value as of 6/30/07 | |
|---|---|---|---|
| Bank of Sudan | 6777 | $162,198.20 | REDACTED |
| Bank of Khartoum | 2081 | $336,258.30 | |
| Islamic Cooperative Development Bank[6] | 6733 | $ 57,563.98 | REDACTED |
| **TOTAL** | | **$556,020.48** | REDACTED |

Motion, 14-15, 19.

### 2. Wire Transfers Blocked

Petitioners seek the turnover of certain wire transfers which they characterize as being "held" and/or "identified" in the name of El Nilein Bank and Giad Automotive Industry, Inc. *See* Motion at 17, 19.  REDACTED

were blocked in transit solely because one of the other banks in the chain of transfer was a bank owned or controlled by the Republic of Sudan or designated as a Specially Designated by National ("SDN") by OFAC or because a reference in an informational field mentioned an SDN or made reference of the Government of Sudan. The account at issue is number         3248 and is entitled "Sudan Global Blocked REDACTED Account." *See* Citi's Revised Objections and Responses to Information Subpoena, Response to Interrogatory No. 4 annexed to the Schneier Decl. as Ex. E. As more fully explained in the Government's Statement of Interest, under the Sudanese Sanctions Regulations wire transfers are interdicted and blocked by Citi pursuant to these regulations in a wide variety of circumstances since OFAC defines "property interest" broadly and held in a general Citi account. Thus, Citi does not maintain wire transfer accounts in the names of El Nilein or any other entity.

---

[6] An objection has been filed with respect to this account.

In its Motion, Petitioners seek turnover of the following three wire transfer "held in the name of "El Nilein Bank" which are identified in Petitioners' Motion as follows:

| **Respondent Bank** | **Account Name** | **Account Number** | **Amount of EFT** | |
|---|---|---|---|---|
| Citibank | Sudan Global Blocked/ El Nilein | 3248 | $ 400,000.00 | REDACTED |
| Citibank | Sudan Global Blocked/ El Nilein | 3248 | $ 218,696.00 | REDACTED |
| Citibank | Sudan Global/ El Nilein | 3248 | $ 190,000.00 | REDACTED |
| **TOTAL** | | | **$1,308,696.00** | |

Motion, 17.

Petitioners also seek the following wire transfer "identified" in the name of the Giad Automotive Industry, Inc.

| **Respondent Bank** | **Account Name** | **Account Number** | **Amount of EFT** | |
|---|---|---|---|---|
| Citibank | Sudan Global Blocked/ Giad Automotive | 3248 | $399,985.00 | REDACTED |

The total amount of the Blocked Wire Transfers that are the subject of the Motion is $1,708,681.

The wire transfer in the amount of $400,000 may not be used to satisfy Petitioners' judgment and should *not* be subject to turnover/execution.

REDACTED

---

[7] *See* Statement of Interest, 11-12 & n.8. REDACTED

> REDACTED

*See* 31 CFR § 538.212(e). (Schneier Decl., Ex. E, Citi Amended Responses at ¶ 4.) Accordingly, the wire transfer in the amount of $400,000 is not subject to turnover.

## ARGUMENT

Petitioners seek to collect the compensation they are owed from the Sudanese Government under TRIA and Sections 5225(b) or 5227 of the New York CPLR. Section 201(a) of TRIA provides that, in every case in which a person has obtained a judgment against a terrorist party on a claim based on an act of terrorism:

> the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist, party has been adjudged liable.

TRIA § 201(a). The plain language of the statute requires Petitioners to prove that any assets against which they seek to execute their judgment are in fact "assets of" the Government of Sudan or its agencies or instrumentalities. *See Weininger v. Castro*, 462 F. Supp.2d 457, 494-500 (S.D.N.Y. 2006).[8] To meet their burden Petitioners point, in part, to the fact that OFAC has

---

[8] The CPLR provisions upon which Petitioners rely, and made applicable here by Rule 69 of the Federal Rules of Civil Procedure, impose essentially the same requirement. CPLR Sections 5225(b) and 5227 allow a judgment creditor to bring a proceeding against a garnishee that either is in "possession of money or property in which the judgment debtor has an interest" (5225(b)) or "is or will become indebted to the judgment debtor" (5227).[8] However, in order to execute a judgment against the property held or the debt owed by the garnishee, the judgment creditor must first establish that it belongs (in the case of property) or is owed (in the case of debt) to the judgment debtor. *See, e.g., Cont'l Commerce Corp. v. York Plastic Prods. Corp.*, 237 N.Y.S.2d 278, 280 (N.Y. Sup. 1963) ("Since movant has failed to produce proof to satisfy the court that the said third party is indebted to the judgment creditor, the motion is denied").

ordered the blockage of some or all of the accounts that are the subject of the Motion. OFAC has set forth its position regarding the legal title of the blocked assets or whether any of the assets may be attachable. *See* Statement of Interest filed by OFAC, dated August 22, 2008, 7-8 (document no. 11); Declaration of John E. Smith, ¶¶ 10-15 (document no.132). *See also* Statement of Interest of the United States of America, dated November 21, 2008. (Document No. 132.)

It appears that the amounts sought in the Motion should be sufficient to satisfy the judgment. In other words, Petitioners have appropriately not sought turnover of accounts beyond those necessary to satisfy the judgment. CPLR Section 5225(b) provides for enforcement of money judgments through property not in the hands of the judgment debtor and states that the court, in directing the turn over of property in satisfaction of a judgment, "shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor ...." *See also* CPLR § 5227. Accordingly, and as set forth by the Government, any funds that the Court finds are *not* attachable by Petitioners must remain blocked under the Sudanese Sanctions Regulations and should be returned to the Respondent Banks. Statement of Interest, 11-12. (Document No. 132.)

Finally, the Court's July 29 Order expressly provides that "costs of effecting notice shall be taxed against the ultimate disbursement of the accounts" and Citi requests that the Court award such costs as appropriately documented. *See* July Order, ¶ 5. (Document No. 2.)

## CONCLUSION

Citi respectfully request that the Court issue an Order determining (a) whether Petitioners have met their burden of proof and the requirements set forth in Section 201 of TRIA with respect to the specific Citi Blocked Deposit and Wire Accounts which have been deposited by

Citi with the Court, and as to which no objection has been interposed, and as to which Petitioners seeks turnover/execution against; (b) that Citi has made good and sufficient service of the pleadings and submissions, and has otherwise provided appropriate and sufficient notice in accordance with this Court's September 9 Order, and other applicable provisions of law; (c) which of the Citi Blocked Deposit Accounts and Blocked Wire Accounts at issue in this proceeding are subject to turnover/execution to satisfy the judgment; (d) discharging Citi from liability to any and all parties who may have a claim to the Citi Blocked Deposit Accounts and Blocked Wire Accounts that are subject to turnover/ execution; and (e) awarding Citi its costs in this action and setting a schedule for the submission of all appropriate materials in support thereof.

Dated: January 9, 2009
      New York, New York

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
Sharon L. Schneier (1151)
1633 Broadway
New York, NY 10019
Tel.: (212) 489-8230

*Attorneys for Respondent Citibank, N.A.*