UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| OLIVIA RUX, et al., | : | Case No. 08 Civ. 6588 (AKH) |
| Petitioners, | : | |
| -against- | : | |
| ABN AMRO BANK, N.V., et al., | : | |
| Respondents. | : | |

----------------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | **DECLARATION OF HOWARD B. LEVI IN RESPONSE TO MOTION FOR IMMEDIATE TURN-OVER OF FUNDS AND IN SUPPORT OF CROSS-MOTION FOR DISCHARGE** |
| Third-Party Petitioner, | : | |
| -against- | : | |
| THE REPUBLIC OF SUDAN, et al., | : | |
| Third-Party Respondents. | : | |

----------------------------------------------------------------x

HOWARD B. LEVI declares under penalty of perjury as follows:

1.  I am a member of the firm of Levi Lubarsky & Feigenbaum LLP, attorneys for respondent and third-party petitioner The Bank of New York Mellon ("BNY") in this action. I make this declaration in response to Petitioners' Motion for Immediate Turnover of Funds filed on December 10, 2008 (the "Turnover Motion") and in support of BNY's application for the entry of an order pursuant to CPLR § 5239, New York Banking Law § 134, subd. 6, Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), and 28 U.S.C. §§ 1335 and 2361 discharging BNY from any liability to the third-party respondents and other persons with respect to any funds or proceeds awarded to petitioners in satisfaction of their judgment against the Republic of Sudan ("Sudan")

and authorizing BNY to apply for an award of costs and reasonable attorneys' fees in connection with giving notice of these proceedings and its interpleader action. This declaration is made in part upon information and belief, based upon information and documents obtained from BNY or from records on file in this case or other federal actions, and in part on my personal knowledge of the procedural history of this action.

BNY Has Complied with This Court's Order<br>Requiring It to Deposit Funds with the Registry of the Court

2. On July 29, 2008, this Court entered an Order Regulating Proceedings in this action that, as modified on August 5, 2008, directed the respondent banks (the "Bank Respondents") to deposit with the Registry of the Court by August 25, 2008 all of the funds held by them in blocked bank accounts with a value equal to or in excess of $50,000.00 that had been identified by Petitioners as allegedly belonging to Sudan or an agency or instrumentality of Sudan. BNY has informed us, and the Office of the Clerk of this Court confirmed, that BNY deposited $2,555,232.76 with the Registry of the Court on or about August 25, 2008 in compliance with the foregoing Order. Attached hereto as Exhibit A is a chart, prepared by my firm from information, that shows the specific amounts paid into the Registry of the Court with respect to each of the BNY "accounts" that is referred to in the Turnover Motion (I have been informed by BNY that it consolidated all of the proceeds of blocked wire transfers into a single account for the sake of administrative convenience, so technically there is not a separate "account" for the wire transfer referred to in the Turnover Motion, but Exhibit A reflects the amount turned over with respect to that one wire transfer).

## BNY Has Commenced an Action in Interpleader

3. On September 10, 2008, this Court entered an order with respect to the procedures for giving notice in this case that also (para. 9) authorized the Bank Respondents, at their option, to serve third-party petitions in interpleader against any one or more non-parties having a potential interest in or claim to any part of the funds deposited with the Court. Thereafter BNY filed and served a notice of third-party petition and third-party petition in interpleader. Copies of this notice and petition are annexed hereto as Exhibit B.

## All Potential Claimants Have Been Given
## Notice of this Action in Accordance with this Court's Orders

4. In its order entered on September 10, 2008, as modified and supplemented by orders dated September 11 and 17, 2008 and thereafter (the "Notice Orders"), the Court designated the persons who should receive notice of this proceeding, specified the documents to be sent to them and authorized such notice to be given by various methods including U.S. mail, Federal Express, DHL, e-mail, fax and publication.

5. My firm worked to comply with the Notice Orders with respect to persons who might have or assert claims to or an interest in funds formerly held in deposit accounts at BNY or the proceeds of wire transfers routed through BNY that had been blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538. Our efforts in this regard are described in the accompanying declaration of Michael J. Bauer, an associate with the firm, executed on January 9, 2009. In addition to these efforts, the firm of Covington & Burling took responsibility for arranging for notice to be given by publication in the International Herald Tribune and the Sudan portion of the

AllAfrica.com website on four occasions, as described in the declaration of Brent Starks filed in this action on December 19, 2008 (Docket No. 164).

Certain Objections Were Filed to the Turnover to<br>
<u>Petitioners of the Funds Deposited with the Court</u>

6. In response to the notice given to potential claimants and interested parties pursuant to the Notice Orders, a number of objections were filed with the Court or submitted to my firm with respect to the accounts formerly maintained at BNY the proceeds of which had been turned over to the Registry of the Court. By letter dated December 2, 2008, Mark Gimbel, Esq. of Covington & Burling, acting on behalf of the non-governmental Bank Respondents, submitted to the Court a catalog of all objections received by such banks or their counsel, together with copies of the objections that had not been filed electronically with the Court. A copy of his letter, together with the section of the catalog of objections that relates to accounts held by BNY, is annexed hereto as Exhibit C. On the other hand, there were deposit accounts and wire transfer accounts as to which no objections were filed.

BNY is Entitled to an Order Discharging<br>
It from Liability to All Persons with<br>
<u>Respect to Any Funds Turned Over to Petitioners</u>

7. As shown by BNY's memorandum of law, it is the rule that where an interpleader action has been properly commenced and the interpleaded funds have been paid into court, the court will enter an order discharging the neutral stakeholder from any further liability with respect to such funds at the time when they are awarded to one of the claimants. Annexed hereto as Exhibit D is a proposed form of order discharging BNY from further liability with respect to whatever funds may be turned over to Petitioners in response to the Turnover Motion, as well as providing BNY with

an opportunity to apply for fees and costs. This proposed order is based on the discharge orders entered by the Court in two other cases that involved claims based on TRIA § 201(a), i.e., Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006) and Daliberti v. J.P. Morgan Chase & Co., 2003 WL 340734, Case Nos. 02 Civ. 9773 (JES), 02 Civ. 7642 (JES) and 02 Civ. 10157 (JES) (Feb. 5, 2003).

      I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed in New York, New York on January 9, 2009.

                                            /s/ Howard B. Levi
                                            Howard B. Levi