UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OLIVIA RUX et al.,

                  Petitioners,

        -against-

ABN-AMRO BANK, N.V. et al.,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 08 Civ 6588 (AKH)

**DECLARATION OF
CHRISTINA H. BOST SEATON, ESQ.
IN SUPPORT OF RESPONDENT
BANK OF CHINA'S
REQUEST FOR ATTORNEYS' FEES**

THE BANK OF NEW YORK MELLON,

                Third Party Petitioner,

        -against-

THE REPUBLIC OF SUDAN, et al.,

                Third-Party Respondents.:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEUTSCHE BANK A.G. et al.,

                Third-Party Petitioners,

        -against-

AL HADHA EXCHANGE, et al.,

                Third-Party Respondents.:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
------------------------------------ x
                                     :
JPMORGAN CHASE BANK, N.A.,           :
                                     :
                    Petitioner,      :
                                     :
    -against-                        :
                                     :
THE REPUBLIC OF SUDAN, et al.,       :
                                     :
                Third-Party Respondents.:
                                     :
------------------------------------ :
                                     x
```

CHRISTINA H. BOST SEATON declares, under penalties of perjury, as follows:

      1.      I am an attorney associated with Troutman Sanders LLP, attorneys for Respondent Bank of China (the "Bank"). I make this Declaration in support of Respondents' Joint Motion for an Award of Attorneys Fees and costs dated March 9, 2009 (the "Motion").

      2.      Petitioners filed this turnover proceeding on April 21, 2008. The Petition demanded that certain blocked assets held in accounts at the Respondent Banks be turned over in satisfaction of a judgment obtained by Petitioners against the Republic of Sudan (the "Judgment").

      3.      Following discovery and the submission of proposals to the Court concerning notice to third party claimants, the Court entered an Order Regulating Proceedings dated July 29, 2008 (the "July 29 Order") which, as subsequently amended, directed the Respondent Banks to transfer to the Court's registry all accounts at issue with a value equal to or exceeding $50,000.

      4.      The July 29 Order further directed the Respondent Banks to give notice to potential third party claimants and provided that the "[c]ost of effecting notice shall be taxed against the ultimate disbursement of the accounts."

5.     The Court subsequently entered an Order with Respect to Giving Notice of Turnover Proceeding dated September 9, 2008 (the "September 9 Order") which, as amended by subsequent orders (collectively, the "Notice Orders"), established the form and method of giving notice to third party claimants.

6.     The Notice Orders specified the content of the notice to be delivered to third party claimants, identified certain pleadings and orders to be delivered together with the notice, required the translation of certain documents into Arabic for claimants residing in Sudan or a country where the official language is Arabic, and directed the Respondent Banks to publish a notice advising third parties of the proceeding in the International Herald Tribune and on the internet.

7.     The Notice Orders further authorized the Respondent Banks, at their option, to file third party interpleader petitions against potential claimants to the accounts at issue.

8.     The Court on February 19, 2009 ruled that this proceeding was in the nature of an interpleader action, and that all Respondent Banks were entitled to recover their reasonable attorneys' fees and costs.

9.     The Court further ruled that such fees and costs would be deducted from 33 accounts that have been awarded to Petitioners in satisfaction of the Judgment (the "Uncontested Accounts").

10.     The Uncontested Accounts contained a total of $14,760,916.24 as of the date of their transfer to the Court's Registry, an amount which is more than sufficient to (i) satisfy the Judgment and all interest accrued thereon through April 1, 2008 ($13,395,378.64; hereinafter referred to as the "April 1 Judgment Amount"); and (ii) reimburse the reasonable attorneys fees

and costs of the Bank Respondents, which total $624,136.60, as evidenced in the supporting declarations and affidavits submitted by each Respondent Bank.

11.     The Bank has incurred substantial attorneys' fees and costs complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding, and should be reimbursed its reasonable attorneys fees and costs.

12.     Attached hereto as Exhibit A is an invoice in the total amount of $17,543.27, which was prepared by Troutman Sanders LLP for the purposes of this Declaration (the "Invoice"). The Invoice details the services rendered and costs incurred by Troutman Sanders LLP, on behalf of the Bank, in complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding.

13.     The Invoice is further broken down as follows:

      a.     Attorneys' fees incurred by Troutman Sanders LLP, on behalf of the Bank, in complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding:

        =     $13,998.15

      b.     Costs incurred by Troutman Sanders LLP, on behalf of the Bank, in complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding:

        =     $3,545.12

      c.     Total of attorneys' fees and costs incurred by Troutman Sanders LLP, on behalf of the Bank, in complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding:

        =     $17,543.27

14.     These attorneys' fees are reasonable under the circumstances and represent the actual and reasonable number of hours Troutman Sanders devoted to complying with the Court's

direction to notify potential claimants to the accounts at issue in this proceeding, multiplied by the actual and reasonable rates of the persons who worked on the matter (with a discount of $30,123). In addition, the costs incurred on this matter are reasonable and represent actual and necessary out-of-pocket costs incurred by Troutman Sanders in connection with the services it rendered in this matter.

15.     The Invoice sets forth in detail the work done on specific days, the attorneys and/or paralegals who performed the work, and reflecting their respective hourly rates, along with actual out-of-pocket expenses incurred in connection with that work.

16.     I have reviewed the Invoice. It was generated by Troutman Sanders LLP pursuant to my direction to limit the attorneys' fees and costs to the time period after the Notice Orders, and to those time entries which I determined were devoted to complying with the Court's direction to notify potential claimants to the accounts at issue in this proceeding.

17.     The Invoice provides an accurate, itemized description of the daily time and legal services rendered, the rates for such services, and the amount of such services and expenses.

18.     In my judgment, the hours expended by each attorney and paralegal, as shown on the attached bills, were reasonable and necessary in accordance with the prevailing standards in the New York City legal community for similar work under similar circumstances. They are at the rates billed to our clients generally.

19.     I am counsel of record for this proceeding and an experienced litigator with substantial expertise in commercial law with the New York State turnover procedure. I have practice law for five years, and graduated from New York University School of Law in 2004.

20.     The firm of Troutman Sanders has offices in a number of locations in the United States and abroad, and is well regarded in the legal community.  I am located in the New York, New York office, and the services rendered were performed in the New York, New York office.

21.     I am familiar with the factors under Rule 2-106 of the New York Lawyer's Code of Professional Responsibility that may be considered in determining the reasonableness of a fee. Based on such factors, including the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, the preclusion of other employment, the amount involved, the time limitations imposed by the circumstances, the nature and length of the relationship with the client, and the experience, reputation and ability of the lawyers performing the services, it is my opinion that the amount of 13,998.15 would be a reasonable attorneys' fee award in connection with the representation of the Bank.

22.     Accordingly, it is respectfully submitted that the Bank be awarded attorneys' fees and costs for services rendered by Troutman Sanders, as follows:

a.     Attorneys' fees:     $13,998.15

b.     Costs:     $3,545.12

_____
Christina H. Bost Seaton