UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
OLIVIA RUX, et al.,                                            :
                                                           :  **ORDER GRANTING**
              Petitioners,   :  **MOTION TO INTERVENE AND**
                                                           :  **STAYING ORDER AWARDING**
    -against-                                :  **ATTORNEYS' FEES AND COSTS**
                                                           :
ABN-AMRO BANK N.V., et al.,                                    :  08 Civ. 6588 (AKH)
                                                           :
              Respondents.   :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       This case was closed by two orders dated April 14, 2009: an order directing turnover of blocked funds to Petitioners, and an order awarding attorneys' fees and costs from additional blocked funds to Respondents. The Government now moves to intervene, pursuant to Fed. R. Civ. P. 24, for purposes of appealing the second order, and for a stay of that second order pending appeal. The Government seeks to challenge my decision to award attorneys' fees and costs from funds blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. pt. 538, in an action pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (Nov. 26, 2002), at 28 U.S.C. § 1610 note, which I explained in my order of April 3, 2009.

       I find that the Government has made the requisite showing for permission to intervene as of right, having cited its diplomatic and security interests, unrepresented in these proceedings, in preserving blocked funds, and the prejudice that may result from awarding such funds to Respondents if the Government is correct in its position. See Fed. R. Civ. P. 24(a); Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001). I also find that a stay is appropriate. There is little direct precedent, and, if the Government's position is found to

be correct, fees awarded from blocked funds may not be recoverable, thus causing harm that could be said to be irreparable. See Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998).

Respondents argue that allowing the Government to intervene after entry of judgment would cause them to suffer unfair prejudice, as the Government has known my interpretation of TRIA since July 29, 2008, but did not move to intervene until entry of the attorneys' fees order about eight months later. See Fed. R. Civ. P. 24 (requiring motion to intervene to be "timely"); Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts., 847 F.2d 1038, 1044 (2d Cir. 1988) (noting potential of post-judgment intervention to prejudice parties). However, the Government has not kept silent, but rather participated throughout these proceedings, pursuant to 28 U.S.C. § 517, and stated its position on the instant question, at my invitation, on March 31, 2009. Respondents have made no convincing showing that either the fact or the timing of the Government's intervention will cause them to suffer any prejudice beyond the burden of opposing the Government's argument.

Accordingly, I grant the Government's motion to intervene in this action for purposes of appeal, and stay the effectiveness of the April 14, 2009 Judgment and Order Awarding Attorneys' Fees and Costs to Respondents for thirty days, plus such further time as the Court of Appeals may order.

This order does not affect the April 14, 2009 Judgment and Order Directing Turnover of Funds to Petitioners and Discharge of Respondents.

The Clerk shall mark the motion (Doc. #218) as terminated.

SO ORDERED.

Dated: May 19, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2